David N. Lake, Esq., SBN 180775
16130 Ventura Blvd., Suite 650, Encino, CA 91436
Tel: 818 788 500; Fax: 818 788 5199
david@lakelawpc.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ADVANCED ADVISORS, G.P. | CASE NUMBER |
|---|---|
| | 2:14-CV-01420-JAK-SS |
| PLAINTIFF(S) | |
| v. | |
| STEPHEN BERMAN, ET AL. | **WAIVER OF SERVICE OF SUMMONS** |
| DEFENDANT(S). | |

To: David N. Lake, Esq.
*(Name of Plaintiff's Attorney or Unrepresented Plaintiff)*

I hereby acknowledge receipt of your request that I waive service of a summons in the above-entitled action. I have also received a copy of the complaint in the action, two copies of this waiver form, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served within 60 days after* _____March 25, 2014_____, or within 90 days after that date if the request was sent outside the United States.

*Date Notice of Lawsuit and Request for Waiver of Service Summons is sent.

3/27/14
Date Signed by Receiving Party

Signature

Maura Barry Grinalds, Esq., Skadded, Arps et al.
Name

Tel: 212-735-7808/Fax: 917-777-7808
Telephone Number and Fax Number

4 Times Square
Street Address

Counsel for Defendant Michael G. Miller
Relationship to Entity on Whose Behalf I am Acting

New York, NY 10036
City, State, Zip Code

Michael G. Miller, defendant
Name of Party Waiving Service

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of summons was received.

CV-108 (06/98)                           WAIVER OF SERVICE OF SUMMONS

David N. Lake, Esq., SBN 180775
16130 Ventura Blvd., Suite 650, Encino, CA 91436
Tel: 818 788 500; Fax: 818 788 5199
david@lakelawpc.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| ADVANCED ADVISORS, G.P. | CASE NUMBER |
|---|---|
| | 2:14-CV-01420-JAK-SS |
| PLAINTIFF(S) | |
| v. | |
| STEPHEN BERMAN, ET AL. | WAIVER OF SERVICE OF SUMMONS |
| DEFENDANT(S). | |

To: David N. Lake, Esq.
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I hereby acknowledge receipt of your request that I waive service of a summons in the above-entitled action. I have also received a copy of the complaint in the action, two copies of this waiver form, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served within 60 days after* _____March 25, 2014_____, or within 90 days after that date if the request was sent outside the United States.

*Date Notice of Lawsuit and Request for Waiver of Service Summons is sent.

3/27/14
Date Signed by Receiving Party

[Signature]
Signature

Maura Barry Grinalds, Esq., Skadded, Arps et al.
Name

Tel: 212-735-7808/Fax: 917-777-7808
Telephone Number and Fax Number

4 Times Square
Street Address

Counsel for Defendant Joel Bennett
Relationship to Entity on Whose Behalf I am Acting

New York, NY 10036
City, State, Zip Code

Joel Bennett, defendant
Name of Party Waiving Service

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of summons was received.

CV-108 (06/98)            WAIVER OF SERVICE OF SUMMONS

David N. Lake, Esq., SBN 180775
16130 Ventura Blvd., Suite 650, Encino, CA 91436
Tel: 818 788 500; Fax: 818 788 5199
david@lakelawpc.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| ADVANCED ADVISORS, G.P. | CASE NUMBER |
|---|---|
| | 2:14-CV-01420-JAK-SS |
| PLAINTIFF(S) | |
| v. | |
| STEPHEN BERMAN, ET AL. | WAIVER OF SERVICE OF SUMMONS |
| DEFENDANT(S). | |

To:   David N. Lake, Esq.
*(Name of Plaintiff's Attorney or Unrepresented Plaintiff)*

I hereby acknowledge receipt of your request that I waive service of a summons in the above-entitled action. I have also received a copy of the complaint in the action, two copies of this waiver form, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served within 60 days after*  March 25, 2014  , or within 90 days after that date if the request was sent outside the United States.

*Date Notice of Lawsuit and Request for Waiver of Service Summons is sent.

3/27/14
Date Signed by Receiving Party

Signature

Maura Barry Grinalds, Esq., Skadded, Arps et al.
Name

Tel: 212-735-7808/Fax: 917-777-7808
Telephone Number and Fax Number

4 Times Square
Street Address

Counsel for Defendant Stephen Berman
Relationship to Entity on Whose Behalf I am Acting

New York, NY 10036
City, State, Zip Code

Stephen Berman, defendant
Name of Party Waiving Service

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of summons was received.

CV-108 (06/98)                              WAIVER OF SERVICE OF SUMMONS

David N. Lake, Esq., SBN 180775
16130 Ventura Blvd., Suite 650, Encino, CA 91436
Tel: 818 788 500; Fax: 818 788 5199
david@lakelawpc.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| ADVANCED ADVISORS, G.P. | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 2:14-CV-01420-JAK-SS |
| v. | |
| STEPHEN BERMAN, ET AL. | WAIVER OF SERVICE OF SUMMONS |
| DEFENDANT(S). | |

To: David N. Lake, Esq.
*(Name of Plaintiff's Attorney or Unrepresented Plaintiff)*

I hereby acknowledge receipt of your request that I waive service of a summons in the above-entitled action. I have also received a copy of the complaint in the action, two copies of this waiver form, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served within 60 days after* March 25, 2014, or within 90 days after that date if the request was sent outside the United States.

*Date Notice of Lawsuit and Request for Waiver of Service Summons is sent.

3/27/14
Date Signed by Receiving Party

Maura Barry Grinalds, Esq., Skadded, Arps et al.
Name

4 Times Square
Street Address

New York, NY 10036
City, State, Zip Code

[Signature]
Signature

Tel: 212-735-7808/Fax: 917-777-7808
Telephone Number and Fax Number

Counsel for Defendant Leigh Anne Brodsky
Relationship to Entity on Whose Behalf I am Acting

Leigh Anne Brodsky, defendant
Name of Party Waiving Service

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of summons was received.

CV-108 (06/98)                                    WAIVER OF SERVICE OF SUMMONS

David N. Lake, Esq., SBN 180775
16130 Ventura Blvd., Suite 650, Encino, CA 91436
Tel: 818 788 500; Fax: 818 788 5199
david@lakelawpc.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ADVANCED ADVISORS, G.P. | CASE NUMBER |
|---|---|
| | 2:14-CV-01420-JAK-SS |
| PLAINTIFF(S) | |
| v. | |
| STEPHEN BERMAN, ET AL. | **WAIVER OF SERVICE OF SUMMONS** |
| DEFENDANT(S). | |

To: __David N. Lake, Esq.__
*(Name of Plaintiff's Attorney or Unrepresented Plaintiff)*

   I hereby acknowledge receipt of your request that I waive service of a summons in the above-entitled action. I have also received a copy of the complaint in the action, two copies of this waiver form, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served within 60 days after* __March 25, 2014__, or within 90 days after that date if the request was sent outside the United States.

*Date Notice of Lawsuit and Request for Waiver of Service Summons is sent.

__3/27/14__
Date Signed by Receiving Party

__Maura Barry Grinalds, Esq., Skadded, Arps et al.__
Name

__4 Times Square__
Street Address

__New York, NY 10036__
City, State, Zip Code

__[signature]__
Signature

Tel: 212-735-7808/Fax: 917-777-7808
Telephone Number and Fax Number

Counsel for Defendant Murray L. Skala
Relationship to Entity on Whose Behalf I am Acting

Murray L. Skala, defendant
Name of Party Waiving Service

**Duty to Avoid Unnecessary Costs of Service of Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of summons was received.

CV-108 (06/98)                  **WAIVER OF SERVICE OF SUMMONS**

David N. Lake, Esq., SBN 180775
16130 Ventura Blvd., Suite 650, Encino, CA 91436
Tel: 818 788 500; Fax: 818 788 5199
david@lakelawpc.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| ADVANCED ADVISORS, G.P. | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 2:14-CV-01420-JAK-SS |
| v. | |
| STEPHEN BERMAN, ET AL. | WAIVER OF SERVICE OF SUMMONS |
| DEFENDANT(S). | |

To: David N. Lake, Esq.
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I hereby acknowledge receipt of your request that I waive service of a summons in the above-entitled action. I have also received a copy of the complaint in the action, two copies of this waiver form, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served within 60 days after* _____March 25, 2014_____, or within 90 days after that date if the request was sent outside the United States.

*Date Notice of Lawsuit and Request for Waiver of Service Summons is sent.

3/27/14
Date Signed by Receiving Party

Signature

Maura Barry Grinalds, Esq., Skadded, Arps et al.
Name

Tel: 212-735-7808/Fax: 917-777-7808
Telephone Number and Fax Number

4 Times Square
Street Address

Counsel for Defendant Marvin Ellin
Relationship to Entity on Whose Behalf I am Acting

New York, NY 10036
City, State, Zip Code

Marvin Ellin, defendant
Name of Party Waiving Service

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of summons was received.

CV-108 (06/98)                    WAIVER OF SERVICE OF SUMMONS

David N. Lake, Esq., SBN 180775
16130 Ventura Blvd., Suite 650, Encino, CA 91436
Tel: 818 788 500; Fax: 818 788 5199
david@lakelawpc.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| ADVANCED ADVISORS, G.P. | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 2:14-CV-01420-JAK-SS |
| v. | |
| STEPHEN BERMAN, ET AL. | WAIVER OF SERVICE OF SUMMONS |
| DEFENDANT(S). | |

To: David N. Lake, Esq.
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I hereby acknowledge receipt of your request that I waive service of a summons in the above-entitled action. I have also received a copy of the complaint in the action, two copies of this waiver form, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served within 60 days after* ___March 25, 2014___, or within 90 days after that date if the request was sent outside the United States.

*Date Notice of Lawsuit and Request for Waiver of Service Summons is sent.

3/27/14
Date Signed by Receiving Party

Signature

Maura Barry Grinalds, Esq., Skadded, Arps et al.
Name

Tel: 212-735-7808/Fax: 917-777-7808
Telephone Number and Fax Number

4 Times Square
Street Address

Counsel for Defendant Robert E. Glick
Relationship to Entity on Whose Behalf I am Acting

New York, NY 10036
City, State, Zip Code

Robert E. Glick, defendant
Name of Party Waiving Service

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of summons was received.

CV-108 (06/98)                                    WAIVER OF SERVICE OF SUMMONS

David N. Lake, Esq., SBN 180775
16130 Ventura Blvd., Suite 650, Encino, CA 91436
Tel: 818 788 500; Fax: 818 788 5199
david@lakelawpc.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| ADVANCED ADVISORS, G.P. | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 2:14-CV-01420-JAK-SS |
| v. | |
| STEPHEN BERMAN, ET AL. | WAIVER OF SERVICE OF SUMMONS |
| DEFENDANT(S). | |

To: __David N. Lake, Esq.__
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I hereby acknowledge receipt of your request that I waive service of a summons in the above-entitled action. I have also received a copy of the complaint in the action, two copies of this waiver form, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served within 60 days after* ___March 25, 2014___, or within 90 days after that date if the request was sent outside the United States.

*Date Notice of Lawsuit and Request for Waiver of Service Summons is sent.

__3/27/14__
Date Signed by Receiving Party

__Maura Barry Grinalds, Esq., Skadded, Arps et al.__
Name

__4 Times Square__
Street Address

__New York, NY 10036__
City, State, Zip Code

__/s/ Maura Barry Grinalds__
Signature

Tel: 212-735-7808/Fax: 917-777-7808
Telephone Number and Fax Number

__Counsel for Defendant Peter F. Reilly__
Relationship to Entity on Whose Behalf I am Acting

__Peter F. Reilly, defendant__
Name of Party Waiving Service

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of summons was received.

CV-108 (06/98)  WAIVER OF SERVICE OF SUMMONS

David N. Lake, Esq., SBN 180775
16130 Ventura Blvd., Suite 650, Encino, CA 91436
Tel: 818 788 500; Fax: 818 788 5199
david@lakelawpc.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ADVANCED ADVISORS, G.P. | CASE NUMBER |
|---|---|
| | 2:14-CV-01420-JAK-SS |
| PLAINTIFF(S) | |
| v. | |
| STEPHEN BERMAN, ET AL. | WAIVER OF SERVICE OF SUMMONS |
| DEFENDANT(S). | |

To: David N. Lake, Esq.
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I hereby acknowledge receipt of your request that I waive service of a summons in the above-entitled action. I have also received a copy of the complaint in the action, two copies of this waiver form, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served within 60 days after* _____March 25, 2014_____, or within 90 days after that date if the request was sent outside the United States.

*Date Notice of Lawsuit and Request for Waiver of Service Summons is sent.

3/27/14
Date Signed by Receiving Party

Signature

Maura Barry Grinalds, Esq., Skadded, Arps et al.
Name

Tel: 212-735-7808/Fax: 917-777-7808
Telephone Number and Fax Number

4 Times Square
Street Address

Counsel for Defendant Dan Almagor
Relationship to Entity on Whose Behalf I am Acting

New York, NY 10036
City, State, Zip Code

Dan Almagor, defendant
Name of Party Waiving Service

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of summons was received.

CV-108 (06/98)   WAIVER OF SERVICE OF SUMMONS

David N. Lake, Esq., SBN 180775
16130 Ventura Blvd., Suite 650, Encino, CA 91436
Tel: 818 788 500; Fax: 818 788 5199
david@lakelawpc.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED ADVISORS, G.P. | CASE NUMBER |
| | 2:14-CV-01420-JAK-SS |
| PLAINTIFF(S) | |
| v. | |
| STEPHEN BERMAN, ET AL. | WAIVER OF SERVICE OF SUMMONS |
| DEFENDANT(S). | |

To: David N. Lake, Esq.
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I hereby acknowledge receipt of your request that I waive service of a summons in the above-entitled action. I have also received a copy of the complaint in the action, two copies of this waiver form, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served within 60 days after* _____March 25, 2014_____, or within 90 days after that date if the request was sent outside the United States.

*Date Notice of Lawsuit and Request for Waiver of Service Summons is sent.

3/27/14
Date Signed by Receiving Party

[Signature]
Signature

Maura Barry Grinalds, Esq., Skadded, Arps et al.
Name

Tel: 212-735-7808/Fax: 917-777-7808
Telephone Number and Fax Number

4 Times Square
Street Address

Counsel for Defendant Rex H. Poulson
Relationship to Entity on Whose Behalf I am Acting

New York, NY 10036
City, State, Zip Code

Rex H. Poulson, defendant
Name of Party Waiving Service

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of summons was received.

CV-108 (06/98)                        WAIVER OF SERVICE OF SUMMONS