Peter B. Morrison (Bar # 230148)
peter.morrison@skadden.com
Allison B. Holcombe (Bar # 268198)
allison.holcombe@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000 Facsimile: (213) 687-5600

Jonathan Lerner * *pro hac vice* forthcoming
jonathan.lerner@skadden.com
Maura Barry Grinalds **pro hac vice* forthcoming
maurabarry.grinalds@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Telephone:  (212)735-3000 Facsimile:  (212)735-2000

Attorneys for Defendants
Stephen G. Berman, Joel M. Bennett, Michael G. Miller, Murray L. Skala, Robert E. Glick, Marvin Ellin, Leigh Anne Brodsky, Rex H. Poulsen, Peter F. Reilly, Dan Almagor and Nominal Defendant JAKKS Pacific, Inc.

[Counsel for Plaintiffs on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED ADVISORS, G.P., *et al.*<br><br>    Plaintiffs,<br><br>v.<br><br>STEPHEN BERMAN, an individual;<br>JOEL  BENNETT, an individual;<br>MICHAEL G. MILLER, an individual;<br>MURRAY L. SKALA, an individual;<br>ROBERT E. GLICK; an individual;<br>MARVIN ELLIN, an individual;<br>LEIGH ANNE BRODSKY, an individual;<br>REX H. POULSEN, an individual; and<br>PETER F. REILLY, an individual,<br><br>    Defendants.<br>    and<br>JAKKS PACIFIC, INC.,<br>    Nominal Defendant. | CASE NO.:  2:14-01420-JAK (SSx)<br><br>**JOINT REPORT PURSUANT TO RULES 16(B) AND 26(F)** |

## **JOINT REPORT PER ORDER SETTING RULE 16(B) SCHEDULING CONFERENCE**

Plaintiffs and Defendants, consisting of Nominal Defendant JAKKS Pacific, Inc. ("JAKKS"), and Individual Defendants Messrs. Berman, Bennett, Miller, Skala, Glick, Ellin, Almagor, Poulsen and Reilly and Ms. Brodsky (collectively, "Defendants") respectfully submit this Joint Report, in accordance with the Court's standing order. The filing of this plan does not constitute a waiver of Defendants' assertion that the stay provided under 15 U.S.C. § 78u-4(b)(3)(B), the Private Securities Litigation Reform Act ("the PSLRA") applies in whole or in part to this shareholder's derivative action.

### a.  **Statement of the Case:**

This is a derivative action brought on behalf of JAKKS Pacific, Inc. ("JAKKS Pacific" or the "Company")—a toy company headquartered in Malibu California—alleging violations of Sections 10(b), SEC Rule 10b-5 thereunder and 14(a) of the Securities Exchange Act of 1934 as well as claims for breach of fiduciary duty.

On February 25, 2014, a complaint was filed in the Central District of California by Advanced Advisors, G.P. against the Company, nominally, and against Messrs. Berman, Bennett, Miller, Skala, Glick, Ellin, Almagor, Poulsen and Reilly and Ms. Brodsky (<u>Advanced Partners, G.P., v. Berman, et al.</u>, CV14-1420 (DSF)). On March 6, 2014, a second shareholder derivative action alleging largely the same claims against the same defendants was filed in the Central District of California by Louisiana Municipal Police Employees Retirement System (<u>Louisiana Municipal Police Employees Retirement System v, Berman et al.</u>, CV14-1670 (GAF). On April 17, 2014, the cases were consolidated under Case No. 2:14-01420-JAK (SSx). On April 30, 2014, a consolidated amended complaint ("CAC") was filed, which alleged claims against the Defendants for breach of fiduciary duty, for violation of the federal securities laws, and for contribution in connection with a related securities

class action (Melot v. JAKKS, Inc., et al., 13-cv-5388). Plaintiffs allege that the Defendants:

> (1) Are liable for any damages associated with an $80 million stock repurchase and rejection of Oaktree Capital Management's expression of interest in a buyout offer;
>
> (2) Agreed to joint venture transactions with, Dr. Patrick Soon-Shiong ("Dr. Soon"), in order to allegedly entrench the incumbent directors, and permitted this investor to acquire a controlling stake in JAKKS at no premium;
>
> (3) Disseminated proxy statements regarding Mr. Berman's compensation which did not fully and fairly describe the transactions with Dr. Soon and similar matters; and
>
> (4) Are responsible for any payments incurred by JAKKS in connection with the Melot action.

Defendants dispute these allegations.

**b.     Subject Matter Jurisdiction:**

The Court has federal-question subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims arising under the federal securities laws (Section 10(b) of the Exchange Act for contribution only, and Sections 14 and 21D of the Exchange Act, and SEC Rule 14a-9). In addition, the Court has diversity jurisdiction with respect to the consolidated LMPERS Action[1] pursuant to 28 U.S.C. § 1332 because LMPERS is a citizen of the State of Louisiana and the defendants are all citizens of states other than Louisiana. The Court has supplemental jurisdiction over Plaintiffs' common-law claims under 28 U.S.C. § 1367.

**c.     Legal Issues:**

Among the questions of law and fact at issue in this case are:

•     Whether Plaintiffs are excused from making a demand on the JAKKS board related to its derivative claims under Del. Ch. Ct. R. 23.1;

---

[1] Subject matter jurisdiction over each constituent complaint in a consolidated action is determined as of the time of each action's original filing, and regardless of the consolidation. See, e.g., Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1523 n.1 (9th Cir. 1987).

2

- Whether any of Plaintiffs' claims are subject to the heightened scrutiny of <u>Unocal Corp. v. Mesa Petroleum Co.</u>, 493 A.2d 946 (Del. 1985);
- Whether certain business decisions by JAKKS represent defensive or entrenching measures and, if so, were they reasonable in relation to the threat posed;
- Whether the proxy statements describing the transactions with Dr. Soon and affiliated entities were materially misleading or incomplete;
- Whether the Defendants are liable for any damages incurred by the Company in connection with the <u>Melot</u> action;
- Whether the case should be stayed pending the outcome of the <u>Melot</u> action.

### d. **Parties and Non-Party Witnesses:**

Defendants assert that the Ninth Circuit held that disclosures under Federal Rule of Civil Procedure 26(a) (which include the names of individuals with "discoverable information") are stayed by the PSLRA. <u>Medhekar v. U.S. Dist. Court for the N. Dist. Of Cal.</u>, 99 F.3d 325, 328 (9th Cir. 1996) ("Given the context and legislative history of the Act, it appears that the term was intended to include litigation activity relating to discovery which would certainly include disclosures . . . ."). Plaintiffs do not dispute that the PSLRA stay should apply to the claims made under Section 10(b) of the Securities Exchange Act and the direct claims under Section 14(a) of the Securities Act. However, it is Defendants' position that the stay should apply to the entire complaint, including derivative claims, as even Plaintiffs' cited case demonstrates: "The Ninth Circuit has not addressed whether the PSLRA's discovery stay applies to derivative actions also asserting federal securities law claims; in other words, whether 'any private action' includes derivative actions. However, a number of courts of this district have now applied the PSLRA discovery stay to derivative actions that do not include class claims." <u>In re Finisar Corp. Derivative Litig.</u>, C-06-07660 RMW, 2012 WL 609835, at *1 (N.D. Cal. Feb. 24, 2012); <u>Melzer v. CNET Networks, Inc.</u>, C 06-03817 WHA, 2006 WL

3

3716477, at *2 (N.D. Cal. Dec. 15, 2006) (enforcing PSLRA stay where "plaintiff's claims are <u>based in part</u> on the Securities Exchange Act of 1934") (emphasis added); <u>In re Countrywide Fin. Corp. Derivative Litig.</u>, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) ("While no circuit court has addressed this issue, district courts have frequently applied the PSLRA to stay discovery in shareholder derivative actions that allege violations of federal law."); <u>In re Altera Corp Deriv. Litig.</u>, C 06-03447 JW, 2006 WL 2917578, at *1 (N.D. Cal. Oct. 11, 2006) (granting stay under PSLRA in case that alleged "violations of the Securities Exchange Act and Rule 10b-5, breach of fiduciary duty, and unjust enrichment"). Moreover, a stay of discovery is also appropriate where demand has not yet been excused. <u>In re Openwave Sys. Inc. S'holder Derivative Litig.</u>, 503 F. Supp. 2d 1341, 1352-53 (N.D. Cal. 2007) ("This Court agrees . . . that Rule 23.1 reflects a Congressional intent that derivative actions pass certain hurdles before being allowed to proceed with the normal course of litigation, including discovery. The Court therefore GRANTS defendants' motion to stay discovery until such time as plaintiffs are able to meet the requirements of Rule 23.1.").

In light of this controlling law, it is Defendants' position that the disclosure of party and non-party witnesses is premature at this time. Defendants suggest if the CAC were to be sustained by the Court, they shall promptly update this Joint Discovery Case Management Plan.

Plaintiffs recognize that a number of cases within this Circuit have stayed discovery in derivative actions pending the outcome of a motion to dismiss. However, Plaintiffs assert that where a derivative case contains both federal and non-federal claims, the Court may have discretion to permit discovery as to the non-federal claims, as the Ninth Circuit has not squarely addressed the application of the PSLRA to derivative claims. See <u>In re Finisar Corp. Derivative Litig.</u>, No. C-06-07660 RMW, 2012 U.S. Dist. LEXIS 23384, at *7 (N.D. Cal. Feb. 24, 2012) (imposing stay but noting lack of binding Ninth Circuit authority as to this issue).

4

Plaintiffs believe that they could craft a limited set of discovery requests that would not concern the federal claims raised in either their action, or in the pending securities fraud class action, and should be permitted to do so.

For conflict purposes, a list of subsidiaries of Defendant JAKKS Pacific, Inc. is attached as Exhibit B.

### e. **Damages:**

Plaintiffs believe that the damages in this case cannot be calculated with precision prior to discovery, but contend their alleged damages will be equal to at a minimum: (1) the difference between the Company's fair value and the value of Oaktree's premium offer that the Defendants rejected in 2012; (2) the funds expended in the repurchase of shares in 2012; (3) the interest paid of the convertible notes issued in 2013; and (4) the difference between the value paid to Dr. Soon and affiliates as compared with what would have been paid in an arm's-length negotiated transaction unaffected by the breaches alleged by Plaintiffs, and any ancillary damages suffered by JAKKS as a consequence of these transactions. In addition to these damages, Plaintiffs assert that the Director Defendants may be liable for any sums JAKKS ultimately incurs in connection with the pending securities class action against the Company.

Defendants do not believe that Plaintiffs will be able to establish any liability or prove any damages at trial and further contend that Plaintiffs have not pled sufficient injury or damage caused by any of the alleged claims or by any claim that overcomes the exculpatory provision of JAKKS charter and 8 Del. Code § 102(b)(7) thereby precluding any damages.

### f. **Insurance:**

Defendant JAKKS Pacific, Inc. currently carries insurance that potentially would cover certain claims at issue.

///

**g.     Motions (likelihood of motions seeking to add parties or claims, file amended pleadings or transfer venue.)**:

Defendants anticipate filing a motion to dismiss or, in the alternative, stay this action on or before May 27, 2014. Defendants do not anticipate any other motions at this time but reserve their rights to file additional motions in the future.

In Plaintiffs' view, the pattern of conduct alleged in the Complaint is ongoing, and Plaintiffs anticipate that they may need to amend the pleadings to address future developments.

At this time, the Parties do not intend to add other parties or other causes of action. The Parties do not intend to seek a transfer of venue.

**h.     Manual for Complex Litigation:**

At this time, the Parties do not believe that this case requires any particular procedures from the Manual for Complex Litigation.

**i.     Status of Discovery:**

The Parties have thus far deferred discovery in light of the PSLRA stay, and it is Defendants' position that the stay should continue based on controlling Ninth Circuit law. However, as noted above, Plaintiffs ask the Court to exercise its discretion to allow Plaintiffs certain limited discovery. Plaintiffs propose that discovery be limited to, at this juncture, defendants' interactions with the activist investors and their contemporaneous discussions and analyses of what Plaintiffs have defined as "the Defensive Repurchase."

**k.     Discovery Plan:**

Should any of Plaintiffs' claims eventually be sustained, the Parties have agreed to key discovery dates according to the schedule set out in Exhibit A.

**l.     Discovery Cut-Off:**

Discovery deadlines are described in Exhibit A.

  **m.**  **Expert Discovery (proposed dates for expert witness disclosures, etc.:**

  Expert discovery deadlines are described in Exhibit A.

  **n.**  **Expert Discovery (a description of the issues or claims that any party believes may be determined by motion for summary judgment or motion in limine.):**

  The Parties have not yet determined what issues may be the subject of expert testimony, summary judgment or motions in limine.

  **o.**  **Settlement:**

  The Parties believe that this matter may ultimately be resolved by a settlement but, to date, have not engaged in significant settlement discussions. Pursuant to L.R. 16-15.2, the Parties agree that no later than forty-five days before the Final Pretrial Conference, the Parties shall participate in an Alternative Dispute Resolution ("ADR") Procedure. The Parties have agreed that they will use a private mediator.

  **p.**  **Trial Estimate:**

  The Parties estimate that trial in this matter will take two weeks. The parties agree to a trial by jury on all claims so triable.

  **q.**  **Trial counsel:**

  Plaintiffs' Trial Counsel: Jeffrey C. Block and Laurence Paskowitz.

  Defendants' Trial Counsel: Peter B. Morrison, Jonathan J. Lerner and Maura Barry Grinalds.

  **r.**  **Independent Expert or Master:**

  This is not a case where the Court should appoint a Master pursuant to Rule 53 or an independent scientific expert.

  **s.**  **Timetable:**

  Please see Exhibit A.

| | |
|---|---|
| 1 | **t.     Other issues:** |
| 2 | Service of pleadings, motions papers, and other filings through the Court's |
| 3 | ECF system should be treated as being the same as service by hand delivery for |
| 4 | purposes of the Federal Rules of Civil Procedure ("Federal Rules").  All other |
| 5 | papers, including discovery requests, objections, and responses, shall be served by |
| 6 | email, which will be deemed to be the equivalent of service by hand delivery for |
| 7 | purposes of the Federal Rules.  Receipt of such papers by email shall be |
| 8 | acknowledged by a return email from the recipient. |
| 9 | **u.     Patent cases:** |
| 10 | Not applicable. |
| 11 | **v.     Magistrate Judge:** |
| 12 | The parties do not agree to trial before a magistrate judge. The parties take no |
| 13 | position at the present time regarding the selection of a Magistrate Judge for other |
| 14 | aspects or proceedings in this action. |

Dated: May 23, 2014

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Peter B. Morrison_____
Peter B. Morrison
Attorneys for Defendants

300 South Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: 213-687-5000
Facsimile: 310-687-5600

All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

8

Dated: May 23, 2014  LAW OFFICES OF DAVID N. LAKE

         By: _____/s/ David N. Lake_____
             David N. Lake
            Attorney for Plaintiffs

         16130 Ventura Boulevard, Suite 650
         Encino, California 91436
         Telephone: (818) 788-5100
         Facsimile: (818) 788-5199

         Plaintiffs' Interim Liaison Counsel

         BLOCK & LEVITON LLP
         Jeffrey C. Block
         Joel A. Fleming (Bar # 281264)
         155 Federal Street
         Boston, MA 02110
         617-398-5600
         617-507-6020 (Fax)
         jeff@blockesq.com
         joel@blockesq.com

         THE PASKOWITZ LAW FIRM P.C.
         Laurence D. Paskowitz
         208 East 51st Street Suite 380
         New York, NY 10022
         212-685-0969
         212-685-2306 (Fax)
         classattorney@aol.com

         Plaintiffs' Interim Co-Lead Counsel

# EXHIBIT A - SCHEDULE OF PRETRIAL AND TRIAL DATES

## Case No: 2:14-01420-JAK (SSx)

## Advanced Advisors, GP v. JAKKS, et al.

| Hearings/Deadlines | Plaintiffs' Request | Defendants' Request | Court Order |
|---|---|---|---|
| **Jury Trial Duration Est. 2 weeks** | May 12, 2105 | March 1, 2016 9:00 a.m. | |
| **Status Conference re Exhibits: (Friday at 3:00 p.m.) Friday before the trial date** | May 8, 2015 | February 26, 2016 3:00 p.m. | |
| **Final Pretrial Conference: (Monday at 3:00 p.m.) 2 weeks before the trial** | April 27, 2015 | February 16, 2016 3:00 p.m. | |
| **Last Date to Hear Motions (not file) [8 Weeks Before Trial]** | March 16, 2015 | January 5, 2016 | |
| **Expert Discovery Cutoff [8 Weeks Before Trial]** | March 16, 2015 | January 5, 2016 | |
| **Expert Disclosure Rebuttal [10 Weeks Before Trial]** | March 2, 2015 | December 22, 2015 | |
| **Expert Disclosure (Initial)** | February 16, 2015 | November 24, 2015 | |
| **Hearing on Motion to Dismiss** | | TBD | |
| **Last Day to File Reply to MTD** | | August 11, 2014 | |
| **Last Day to File Opposition to Motion to Dismiss** | | July 11, 2014 | |
| **Last Day to File Motion To Dismiss** | | May 27, 2014 | |
| **Last Date to Amend Parties Add Pleadings** | February 2, 2015 | N/A | |
| **Settlement Procedure Selection:** | | | |
| *(ADR-12 Form will be completed by Court)* 1. Magistrate Judge 2. Attorney Settlement Officer | Outside ADR/Non-Judicial (Private) | Outside ADR/Non-Judicial (Private) | |

10

| | | | |
|---|---|---|---|
| Panel<br>3. Outside ADR/Non-Judicial (Private) | | | |
| Last day to conduct settlement conference | March 23, 2015 | December 30, 2015 | |
| Post Mediation Status Conference: **(Monday at 1:30 pm)** | April 6, 2015 | January 4, 2016<br>1:30 pm | |
| Notice of Settlement / Joint Report re Settlement<br>(10 days before PMSC)<br>Revised as | March 27, 2015 | December 28, 2015 | |

Dated: May 23, 2014     SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


By:  _____/s/ Peter B. Morrison_____
          Peter B. Morrison
          Jonathan Lerner
          Maura Barry Grinalds
          Attorneys for Defendants

          300 South Grand Ave., Suite 3400
          Los Angeles, CA 90071
          Telephone: 213-687-5000
          Facsimile: 310-687-5600

All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 23, 2014     LAW OFFICES OF DAVID N. LAKE


By:  _____/s/ David N. Lake_____
          David N. Lake
          Attorney for Plaintiffs

          16130 Ventura Boulevard, Suite 650
          Encino, California 91436
          Telephone: (818) 788-5100
          Facsimile: (818) 788-5199

11

|   |   |
|---|---|
| 1 | |
| 2 | Plaintiffs' Interim Liaison Counsel |
| 3 | |
| 4 | BLOCK & LEVITON LLP<br>Jeffrey C. Block<br>Joel A. Fleming (Bar # 281264)<br>155 Federal Street<br>Boston, MA 02110<br>617-398-5600<br>617-507-6020 (Fax)<br>jeff@blockesq.com<br>joel@blockesq.com |

THE PASKOWITZ LAW FIRM P.C.
Laurence D. Paskowitz
208 East 51st Street Suite 380
New York, NY 10022
212-685-0969
212-685-2306 (Fax)
classattorney@aol.com

Plaintiffs' Interim Co-Lead Counsel

12

# EXHIBIT B

EXHIBIT 21

## JAKKS PACIFIC, INC. SUBSIDIARIES

| Subsidiary | Jurisdiction |
|---|---|
| JAKKS Pacific (HK) Limited | Hong Kong |
|    JAKKS Pacific (Shenzhen) Company | China |
| JAKKS Pacific (Asia) Limited | Hong Kong |
|    Play Along (Hong Kong) Limited | Hong Kong |
| Creative Designs International, Ltd. | Delaware |
| Arbor Toys Company Limited | Hong Kong |
| JAKKS Sales Corporation | Delaware |
| JAKKS Pacific (UK) Ltd. | United Kingdom |
| Disguise, Inc. | Delaware |
| Disguise Limited | Hong Kong |
| Kids Only, Inc. | Massachussetts |
| Kids Only Limited | Hong Kong |
| Tollytots Limited | Hong Kong |
| JAKKS Pacific (Canada), Inc. | Canada |
| JAKKS Pacific France, S.A.S. | France |
| JAKKS Pacific Iberia, S.L. | Spain |