Peter B. Morrison (Bar # 230148)
peter.morrison@skadden.com
Allison B. Holcombe (Bar # 268198)
allison.holcombe@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000 Facsimile: (213) 687-5600

Jonathan Lerner * admitted *pro hac vice*
jonathan.lerner@skadden.com
Maura Barry Grinalds *admitted *pro hac vice*
maurabarry.grinalds@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Telephone: (212)735-3000 Facsimile: (212)735-2000

Attorneys for Defendants
Stephen G. Berman, Joel M. Bennett, Michael G. Miller, Murray L. Skala, Robert E. Glick, Marvin Ellin, Leigh Anne Brodsky, Rex H. Poulsen, Peter F. Reilly, Dan Almagor and Nominal Defendant JAKKS Pacific, Inc.

[Counsel for Plaintiffs on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED ADVISORS, G.P., *et al.*<br><br>        Plaintiffs,<br><br>     v.<br><br>STEPHEN BERMAN, an individual;<br>JOEL BENNETT, an individual;<br>MICHAEL G. MILLER, an individual;<br>MURRAY L. SKALA, an individual;<br>ROBERT E. GLICK; an individual;<br>MARVIN ELLIN, an individual;<br>LEIGH ANNE BRODSKY, an individual;<br>REX H. POULSEN, an individual; and<br>PETER F. REILLY, an individual,<br><br>        Defendants.<br>     and<br>JAKKS PACIFIC, INC.,<br>        Nominal Defendant. | CASE NO.: 2:14-01420-JAK (SSx)<br><br>**JOINT REPORT PURSUANT TO COURT'S JUNE 10, 2014 ORDER** |

# JOINT REPORT PER ORDER

The following report is submitted pursuant to the Court's June 10, 2014 Order.

### i. Proposed Schedule

#### Class Action Plaintiff's Position

At the June 2, 2014 hearing on defendants' motion to dismiss the Class Action Complaint, this Court directed the parties to work efficiently towards a speedy resolution of the action. To that end, the Court stressed that "a trial at the end of 2015 is more than workable." (June 2, 2014 Hearing Tr. at 47.) Accordingly, the Class Action Plaintiff's Proposed Schedule contemplates a briefing schedule, discovery, and a trial date in line with the Court's directive.

#### Defendants' Position

Below are proposed schedules which include key dates for <u>Advanced Advisors, GP v. Berman et al.</u> (CV14-01420-JAK-SSx) (the "Derivative Action") and <u>Melot v. JAKKS Pacific Inc., et al.</u> (CV13-05388-JAK-SSx) (the "Class Action"). The proposed schedules reflect both the Court's current Standing Order and the Court's observation during the June 2, 2014 hearing on the motion to dismiss the Class Action complaint that its "tentative view is . . . to the extent that both [the Derivative and Class Actions] go forward, they should go forward together . . . with a determination later . . . as to whether there would be two trials" (June 2, 2014 Hearing Tr. at 4), but that the proposed schedules might be different or the same for each case. (<u>Id.</u> at 59.) It is Defendants' position that the discovery schedules should be different and that the two cases should be tried separately for the following reasons:

**<u>The cases involve different parties</u>**. There are no common Plaintiffs between the two actions and the relief sought is completely different. In the Class Action, the Lead Plaintiff purports to represent a class of shareholders seeking to obtain a recovery <u>against</u> JAKKS Pacific, Inc. ("JAKKS" or the "Company") on behalf of

former and present shareholders.  In sharp contrast, any recovery in the Derivative Action would flow to the Company, which is the real plaintiff, from the individual defendants or would be paid by their insurance carrier on their behalf to the Company.  See Jones v. H.F. Ahmanson & Co., 1 Cal. 3d 93, 107 (1969) ("**[A]lthough the corporation is made a defendant in a derivative suit, the corporation nevertheless is the real plaintiff** and it alone benefits from the decree; the stockholders derive no benefit therefrom except the indirect benefit resulting from a realization upon the corporation's assets.") (emphasis added).

Likewise, there is very little overlap between the defendants in the two cases.  The only defendants in both cases are Stephen G. Berman, and Joel M. Bennett (and the Company which is only a "nominal" defendant in the Derivative Action).  The additional defendants in the Derivative Action are individuals Michael G. Miller, Murray L. Skala, Robert E. Glick, Marvin Ellin, Leigh Anne Brodsky, Rex H. Poulsen, Peter F. Reilly, and Dan Almagor.  The fact that JAKKS is a beneficiary in the Derivative Action and defendant in the Class Action presents a very real conflict for the Company which would be forced to deny any liability exists in the Class Action while simultaneously asserting that its own officers and directors— the derivative defendants—are responsible for the liability it denies.

**The Class and Derivative Actions involve different claims.**  Defendants respectfully submit it would be inefficient and burdensome to join discovery and trial of the Derivative and Class Actions because the claims and underlying factual allegations in the two actions are vastly different.  The Class Action alleges securities fraud violations under Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, as well as Section 20(a) of the same Act, based on alleged misstatements by the Company of the Company's projected sales and financial performance from July 17, 2012 through July 17, 2013 (the "Class Period").  (First Amended Complaint for Violation of Securities Laws

("FAC") ¶ 1.) Indeed, the Class Action FAC claims alleged misstatements based on the purported non-disclosure of alleged layoffs, internal "projections," unfavorable license agreements, and poor performance of two product lines. (FAC ¶ 60.) In contrast, the Derivative Action does not involve these misstatement claims. It is predicated on claims for (i) breach of fiduciary duty for violation of the directors' duties of loyalty or care, (ii) violation of section 14(a) of the Securities Exchange Act for a false statement in the Company's proxy statement concerning Mr. Berman's executive compensation, and (iii) contribution. (Verified Shareholders' Derivative Amended Complaint ("DAC") ¶¶ 111-40.)

The only potential commonality between claims in the Class and Derivative Actions involve claims in the Derivative Action for contribution and breach of fiduciary duty against Messrs. Berman and Bennett seeking to hold them liable for any payments the Company may be forced to make <u>if it is held liable in the Class Action</u>. (<u>Id.</u> ¶¶ 111-22; 137-40.) But these derivative claims, which depend on a finding of liability in the Class Action, argue strongly for separating these two cases, not joining them. Indeed, the contribution claims in the Derivative Action do not involve an attempt to establish liability in the Class Action – which would be detrimental to the Company – but, rather, depend on a prior judgment of liability against the Company in the Class Action as a predicate to assert that the individual defendants should reimburse the Company for causing the losses by the Company due to the Class Action verdict.

**<u>The Class and Derivative Actions involve completely different facts</u>.**

Given the completely different subject matters, none of the facts underlying the alleged misstatements claimed in the Class Action are at issue in the Derivative Action. In sharp contrast to the Class Action, the Derivative Action asserts claims based on the Company's response to the highly contingent, public expression of interest from Oaktree Capital in acquiring JAKKS stock and the alleged support by

3
**JOINT REPORT**

the Clinton Group.  (See DAC ¶¶ 1-9.)  Plaintiffs claim the JAKKS board of directors improperly refused to pursue the Oaktree "offer," improperly approved a stock repurchase, adopted a shareholder's rights agreement, entered joint ventures, and allowed the acquisition of JAKKS stock by Dr. Patrick Soon-Shiong, all purportedly done to entrench the board.  (Id.)  None of these allegations have anything to do with the disclosure claims in the Class Action.

**The cases involve different time periods.**  The Class and Derivative Actions also involve different time periods.  On its face, the Class Action is limited to events occurring during the Class Period—July 17, 2012 through July 17, 2013.  By contrast, many significant events alleged in the Derivative Action occurred before the July 17, 2012 start of the Class Period.  (Id. ¶¶ 32-47.)  Specifically, many of the events purportedly underlying the Derivative Action occurred between September 13, 2011 and June 28, 2012, before the Class Period in the Class Action even began.  During this earlier period of time the alleged facts purportedly underlying the Derivative Action unfolded, including Oaktree publicly announcing its expression of interest, Clinton making its views public, the Company and Clinton entering into and announcing a standstill agreement, the Company adopting a shareholder's rights plan and engaging in the stock repurchase.

The few events alleged in the Derivative Action that occurred after the start of the Class Period, the joint ventures with Dr. Soon and Dr. Soon's acquisition of JAKKS stock (see id. ¶¶ 75-79) are not alleged to have anything to do with the misstatements in the Class Action claims.

**Conducting joint discovery will not create efficiencies**.  During the June 2 hearing, the Court indicated that its tentative view to join the cases was prompted by a desire to make discovery more efficient by allowing witnesses to be deposed once for both cases.  (June 2, 2014 Hearing Tr. at 59.)  Defendants respectfully submit that joining the cases would have the opposite effect because the factual issues in the

cases are so different. Defendants believe that witness preparation and depositions would be much more complicated and lengthy to conduct jointly, and scheduling longer blocks of preparation and deposition time will be more disruptive of schedules than to conduct them in different cases and will take longer to accomplish. Given the different facts and issues, the same is true of document discovery and interrogatories. Separate discovery requests still will be needed for each case.

Of course, even if the cases proceed separately, the parties will still be able to capture any possible efficiencies, if they exist, and agree that certain depositions or discovery requests will apply to both cases, and derivative counsel may monitor the Class Action to the degree necessary to prepare their contribution and indemnification case. Defendants will share written discovery with the derivative Plaintiffs, and alert them as to any scheduled depositions so that the monitoring role may be discussed in advance.

**Proposed Schedule for Class Action**

| Hearings/Deadlines | Dates Agreed To By Class Action Plaintiffs and Defendants | Court Order |
|---|---|---|
| Jury Trial (Duration 2 weeks (est.)) | December 8, 2015 | |
| Final Pretrial and Exhibit Conference (Monday at 3:00 p.m.) [2 weeks before the trial] | November 23, 2015 | |
| Last Date to Hear Motions (not file) [8 Weeks Before Trial] | October 13, 2015 | |
| Expert Discovery Cutoff [8 Weeks Before Trial] | October 13, 2015 | |
| Hearing on Motion for Summary Judgment | October 5, 2015 | |
| Expert Disclosure (Rebuttal) [10 Weeks Before Trial] | September 29, 2015 | |

| | | |
|---|---|---|
| **Last Day to File Reply in Further Support of Motion for Summary Judgment** | September 18, 2015 | |
| **Defs.' Expert Disclosure (Initial)** | September 15, 2015 | |
| **Last Day to File Opposition to Motion for Summary Judgment** | September 4, 2015 | |
| **Pls.' Expert Disclosure (Initial)** | August 14, 2015 | |
| **Last Day to File Motion for Summary Judgment** | August 7, 2015 | |
| **Fact Discovery Cutoff** | July 31, 2015 | |
| **Hearing on Motion for Class Certification** | April 7, 2015 | |
| **Last Day to File Reply re: Motion for Class Certification** | March 16, 2015 | |
| **Last Day to File Opposition to Motion for Class Certification** | February 23, 2015 | |
| **Cutoff of Class Action Discovery** | February 1, 2015 | |
| **Last Day to File Motion for Class Certification** | December 5, 2014 | |
| **Hearing on Motion to Dismiss** | October 6, 2014 | |
| **Last Day to File Reply to MTD** | September 22, 2014 | |
| **Last Day to File Opposition to Motion to Dismiss** | September 1, 2014 | |
| **Last Day to File Motion to Dismiss** | August 8, 2014 | |
| **Last Day to File Amended Complaint** | July 8, 2014 | |
| **Settlement Procedure Selection** | | |
| *(ADR-12 Form will be completed by Court)* **1. Magistrate Judge 2. Attorney Settlement Officer Panel 3. Outside ADR/Non-Judicial (Private)** | Outside ADR/Non-Judicial (Private) | |
| **Last day to conduct settlement conference** | October 9, 2015 | |
| **Notice of Settlement /** | October 16, 2015 | |

6

**JOINT REPORT**

| | | |
|---|---|---|
| **Joint Report re Settlement** [10 days before PMSC] | | |
| **Post Mediation Status Conference: (Monday at 1:30 pm)** [14 days after last day to conduct settlement conf.] | October 26, 2015 | |

### ii. Mediation Procedures

It is the position of the parties that the mediations in the Class Action and Derivative Action should be separate. The parties are agreeable to using the same mediator for both cases, and scheduling mediations on the same day or on consecutive days, but each mediation should be conducted separately.

### iii. Proceeding With The Derivative Matter

It is Defendants' position that the Derivative Action should be stayed pending the outcome of the Class Action.

The Company is a defendant in the Class Action but the "real" plaintiff in the Derivative Action. See Jones, 1 Cal. 3d at 107. In the Class Action, the Company is defending against liability for securities violations related to allegedly misleading public statements. In the Derivative Action, contribution and damages related to those very same allegations are being sought on behalf of the Company. Taking these two positions during the same litigation is impossible for the Company as it would have to simultaneously defend against and pursue the same claims. See Brudno v. Wise, No. Civ. A. 19953, 2003 WL 1874750, at *4 (Del. Ch. Apr. 1, 2003) (a derivative action is, "in reality, a claim primarily for indemnification" for harm caused by violations of securities laws); accord Baca v. Insight Enters., Inc., C.A. No. 5105-VCL, 2010 Del. Ch. LEXIS 130, at *12 (Del. Ch. June 3, 2010) ("Because that lawsuit seeks indemnification for losses resulting from the Federal Securities Action, a rational stockholder plaintiff . . . would wait until after a ruling

on a motion to dismiss the Federal Securities Action before commencing a derivative suit.").

As a result, it should await the outcome of the Class Action. See Breault v. Folino, No. SA CV 01-0826 GLT (ANx), 2002 U.S. Dist. LEXIS 25587, at *5 (C.D. Cal. Mar. 15, 2002) (staying derivative cases where "[p]rosecution of this [derivative] action will conflict with [the corporation's] defense of the pending class actions [the corporation] would be harmed by [p]laintiffs' pursuit of this derivative action now because its defense in the pending class actions also would be challenged in this suit"); Seminaris v. Landa, 662 A.2d 1350, 1355 (Del. Ch. 1995) (suggesting stay of derivative action where there is conflict between prosecution of derivative action and defense of related federal securities class action).

Additionally, a stay will cause no prejudice to Plaintiffs. Not only are these proceedings at a nascent stage, but, Plaintiffs have little vested in this case, primarily because they are not the real party in interest. See, e.g., White v. Panic, 783 A.2d 543, 546 (Del. 2001).

To the extent the Derivative Action is not dismissed or stayed, Defendants respectfully assert that the Class Action should proceed ahead of the Derivative Action. Therefore, Defendants' respectfully propose the schedule below for the Derivative Action in the event the Court does not dismiss, or alternatively, stay the Derivative Action. The schedule below reduces activity in the Derivative Action during the time the parties to the Class Action would be scheduled to be in trial. In addition, due to a conflict, the schedule below reflects a hearing date on Defendants' motion to dismiss of September 22, 2014, as opposed to September 8, 2014, as the Court had previously ordered.[1] Subject to the Court's approval and availability,

---

[1] Derivative Plaintiffs and Defendants will also submit a separate stipulation requesting that the hearing be continued to September 22, 2014. Derivative Plaintiffs have indicated that they do not oppose this suggested change in hearing date.

8
**JOINT REPORT**

Derivative Plaintiffs and Defendants respectfully request a September 22, 2014 hearing date for the motion to dismiss.

The proposed schedule for the Derivative Action is below. However, should the anticipated amended complaint in the Class Action be dismissed with prejudice, the parties agree that the Derivative Action can assume the Class Action schedule set out above.

**Proposed Schedule for Derivative Action**

| Hearings/ Deadlines | Dates Agreed To By Derivative Plaintiffs And Defendants | Court Order |
|---|---|---|
| Jury Trial (Duration 2 weeks (est.)) | June 14, 2016 | |
| Final Pretrial and Exhibit Conference (Monday at 3:00 p.m.) [2 weeks before the trial] | May 23, 2016 | |
| Last Date to Hear Motions (not file) [8 Weeks Before Trial] | April 18, 2016 | |
| Expert Discovery Cutoff [8 Weeks Before Trial] | April 19, 2016 | |
| Expert Disclosure (Rebuttal) [10 Weeks Before Trial] | April 5, 2016 | |
| Defs.' Expert Disclosure (Initial) | March 7, 2016 | |
| Pls.' Expert Disclosure (Initial) | February 5, 2016 | |
| Hearing on Motion for Summary Judgment | May 2, 2016 | |
| Last Day to File Reply in Further Support of Motion for Summary Judgment | April 15, 2016 | |
| Last Day to File Opposition to Motion for Summary Judgment | March 23, 2016 | |
| Last Day to File Motion for Summary Judgment | February 22, 2016 | |

9
**JOINT REPORT**

| | |
|---|---|
| **Fact Discovery Cutoff** | January 22, 2016 |
| **Hearing on Motion to Dismiss** | September 22, 2014 |
| **Last Day to File Reply to MTD** | August 11, 2014 |
| **Last Day to File Opposition to Motion to Dismiss** | July 11, 2014[2] |
| **Last Day to File Motion to Dismiss** | N/A |
| **Last Day to File Amended Complaint** | N/A |
| **Settlement Procedure Selection** | |
| *(ADR-12 Form will be completed by Court)* **1. Magistrate Judge 2. Attorney Settlement Officer Panel 3. Outside ADR/Non-Judicial (Private)** | Outside ADR/Non-Judicial (Private) |
| **Last day to conduct settlement conference** | April 8, 2016 |
| **Notice of Settlement / Joint Report re Settlement [10 days before PMSC]** | April 15, 2016 |
| **Post Mediation Status Conference: (Monday at 1:30 pm) [14 days after last day to conduct settlement conf.]** | April 25, 2016 |

iv. <u>**Derivative Plaintiffs' Position On Scheduling And Proceeding With The Derivative Claims.**</u> Derivative Plaintiffs request that, if the Class Action does not proceed either due to settlement or dismissal of the pleadings, that the schedule proposed for the Class Action be adopted for the Derivative Action.

---

[2] Derivative Plaintiffs have confirmed that they will be opposing the motion to dismiss rather than amending their complaint.

10
**JOINT REPORT**

Derivative Plaintiffs agree that many of their claims have nothing in common with the Class Action claims, rendering joint trial of these unrelated matters inefficient and potentially confusing. Putting aside claims for contribution and indemnification, Plaintiffs assert that the JAKKS Board members took various actions to entrench themselves, in violation of the principles set forth in <u>Unocal v. Mesa Petroleum Co.</u>, 493 A.2d 946 (Del. 1985). In particular, Plaintiffs assert that the JAKKS Board borrowed funds and harmed the Company's financial condition when it authorized an $80 million buyback of JAKKS common stock to ward off a potential proxy contest to unseat the Board. An activist shareholder, Clinton Group, had threatened to take actions to "protect shareholder interests and ensure that JAKKS Pacific has a board of directors that is focused on creating value for the company's shareholders." The buyback agreement with Clinton Group required Clinton Group to vote for the incumbent Board members. After the stock buyback, the Board entered into "friendly" joint ventures with a passive investor, Dr. Patrick Soon-Shiong, who became a 24.9% owner of JAKKS common stock. Given the joint ventures with Dr. Soon-Shiong and his ownership of JAKKS common stock, the Board has been able to cement its control. These "Unocal Claims" do not rely on any allegations of fraud, but rather focus on whether the actions of the JAKKS directors were reasonable in relation to the threat posed to the Board by the threatened proxy contest. Plaintiffs also allege certain violations of the federal proxy disclosure laws as to compensation issues and dealings with Dr. Soon-Shiong.

As to these claims (the "Unrelated Claims"), Derivative Plaintiffs do not seek a joint trial with the Class Action, but also see no cause for a stay of proceedings, either to await the resolution of the Class Action or for any other reason. If the Unrelated Claims are upheld against the pending motion to dismiss, Derivative Plaintiffs should be permitted immediate discovery so that they may prepare for trial. Cf. <u>In re Molycorp, Inc.</u>, 2014 Del. Ch. LEXIS 77 (Del. Ch. May 12, 2014)

11
**JOINT REPORT**

(derivative claims on behalf of Molycorp brought against Molycorp directors and others permitted to proceed simultaneously with federal securities class action brought against Molycorp and some of these same defendants where factual overlap was minimal).

Thus, Derivative Plaintiffs disagree with Defendants' suggestion that the Unrelated Claims be stayed pending resolution of the Class Action. Derivative Plaintiffs agree that the schedules Defendants propose for the Class Action and the Derivative Action are reasonable and that, if the Class Action is dismissed or otherwise resolved before trial, the suggested schedule for the Class Action would become the schedule for the Derivative Action.

Derivative Plaintiffs agree that trial of their contribution and indemnification claims should be deferred until the securities fraud Class Action is resolved by means of verdict or settlement. In their Complaint, Derivative Plaintiffs were mindful of their role as protectors of JAKKS' best interests, and therefore careful not to allege that JAKKS or any of its officers of directors committed a securities fraud. Instead, Derivative Plaintiffs seek to ensure that, if an adverse judgment is entered against JAKKS or a settlement paid by JAKKS, JAKKS will pay only its equitable share of that settlement or judgment, and that the two individual defendants (Messrs. Berman and Bennett) likewise contribute their fair share. While Derivative Plaintiffs believe that the assertion of contribution and indemnification claims during the pendency of the Class Action serve a number of salutary purposes (including putting certain defendants on notice of their potential liability and facilitating preparation for trial and the global resolution of claims), the best course is for such allocation claims to be tried separately from the primary liability claims.

A deferral of trial proceedings as to the contribution and indemnification claims does not mean that Derivative Plaintiffs will play no role during the litigation of the Class Action. As Defendants indicate, the parties agree that "certain

depositions or discovery requests will apply to both cases, and derivative counsel may monitor the Class Action to the degree necessary to prepare their contribution and indemnification case.  Defendants will share written discovery with the derivative Plaintiffs, and alert them as to any scheduled depositions so that the monitoring role may be discussed in advance." See supra, p. 5.

Dated: June 20, 2014　　　SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:    /s/ Peter B. Morrison
       Peter B. Morrison
      Attorneys for Defendants

300 South Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: 213-687-5000
Facsimile: 310-687-5600

All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 20, 2014　　　LAW OFFICES OF DAVID N. LAKE

By:    /s/ David N. Lake
       David N. Lake
      Attorney for Plaintiffs

16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 788-5199

Plaintiffs' Interim Liaison Counsel

BLOCK & LEVITON LLP
Jeffrey C. Block
Joel A. Fleming (Bar # 281264)

13
**JOINT REPORT**

|    |                                              |
|----|----------------------------------------------|
| 1  |                                              |
| 2  | 155 Federal Street                           |
|    | Boston, MA 02110                             |
| 3  | 617-398-5600                                 |
|    | 617-507-6020 (Fax)                           |
| 4  | jeff@blockesq.com                            |
| 5  | joel@blockesq.com                            |
| 6  |                                              |
| 7  | THE PASKOWITZ LAW FIRM P.C.                  |
|    | Laurence D. Paskowitz                        |
| 8  | 208 East 51st Street Suite 380               |
|    | New York, NY 10022                           |
| 9  | 212-685-0969                                 |
| 10 | 212-685-2306 (Fax)                           |
|    | classattorney@aol.com                        |
| 11 |                                              |
| 12 | Plaintiffs' Interim Co-Lead Counsel          |