Peter B. Morrison (Bar # 230148)
peter.morrison@skadden.com
Allison B. Holcombe (Bar # 268198)
allison.holcombe@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600

Jonathan Lerner *admitted *pro hac vice*
jonathan.lerner@skadden.com
Maura Barry Grinalds *admitted *pro hac vice*
maurabarry.grinalds@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Telephone:   (212)735-3000
Facsimile:   (212)735-2000

Attorneys for Defendants
Stephen G. Berman, Joel M. Bennett, Michael G. Miller, Murray L. Skala, Robert E. Glick, Marvin Ellin, Dan Almagor, Leigh Anne Brodsky, Rex H. Poulsen, Peter F. Reilly and Nominal Defendant JAKKS Pacific, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED ADVISORS, G.P., *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN BERMAN, an individual;<br>JOEL BENNETT, an individual;<br>MICHAEL G. MILLER, an individual;<br>MURRAY L. SKALA, an individual;<br>ROBERT E. GLICK, an individual;<br>MARVIN ELLIN, an individual; DAN ALMAGOR, an individual;<br>LEIGH ANNE BRODSKY, an individual;<br>REX H. POULSEN, an individual; and<br>PETER F. REILLY, an individual,<br><br>Defendants.<br><br>JAKKS PACIFIC, INC.,<br>Nominal Defendant. | CASE NO.: 2:14-cv-01420-JAK-(SSx)<br><br>REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND RESPONSE TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE<br><br>Date: Sept. 8, 2014<br>Time: 8:30 a.m.<br>Courtroom:  750<br>Hon. John A. Kronstadt<br>Complaint Filed: Feb. 25, 2014<br>Trial Date:  TBD |

REPLY RJN IN SUPPORT OF MOTION TO DISMISS DAC

1  Defendants Stephen Berman, Joel Bennett, Michael G. Miller, Murray L. Skala, Robert E. Glick, Marvin Ellin, Dan Almagor, Leigh Anne Brodsky, Rex H. Poulsen and Peter F. Reilly and nominal defendant JAKKS Pacific, Inc. ("JAKKS," collectively with the individual defendants, the "Defendants") respectfully submit this (a) Reply in support of their Request for Judicial Notice ("Request"), ECF No. 32, filed in support of Defendants' Motion to Dismiss Verified Shareholders' Derivative Amended Complaint ("DAC"), or, In the Alternative, to Stay the Action ("Motion"), ECF No. 30, and (b) Response to Plaintiffs' Request for Judicial Notice, ECF No. 43.

## PRELIMINARY STATEMENT

Defendants requested that the Court take judicial notice of fourteen documents (Exhibits 1-14) in support of their Motion. See Request at 1-2. Plaintiffs do not object to the notice of Exhibits 1 and 4-14. Plaintiffs' Opposition to Defendants' Request For Judicial Notice ("RJN Opp'n") at 2, ECF No. 44. Plaintiffs challenge only the notice of Exhibits 2 and 3. Id. at 2-3. However, Exhibits 2 and 3 are public filings made by JAKKS with the Securities and Exchange Commission ("SEC") and referenced in the DAC. These Exhibits are cited by Defendants to present a complete and accurate picture of the facts alleged by Plaintiffs making these documents the proper subject of judicial notice.

## I. EXHIBITS 2 AND 3 ARE THE PROPER SUBJECT OF JUDICIAL NOTICE

The Court may judicially notice public filings with the SEC. Request at 3 (citing Ronconi v. Larkin, No. C-97-1319-CAL, 1998 WL 230987, at *1 (N.D. Cal. May 1, 1998) ("[T]he court can also take judicial notice of the relevant public disclosure documents filed with the Securities and Exchange Commission . . . ."), aff'd, 253 F.3d 423 (9th Cir. 2001); In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999) (holding it proper to consider SEC filings "'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'") (superceded by statute on other grounds).

In addition, Courts may consider documents "'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'"  Request at 4 (citing Silicon Graphics, 183 F.3d at 986 (9th Cir. 1999) (citation omitted) (alterations in original)).  The Court may consider the entirety of such documents even where only portions of the document are mentioned in the complaint.  In re Stac Electronics Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996) ("The district court considered the full text of the Prospectus, including portions which were not mentioned in the complaints.  We note that such consideration is appropriate in the context of a motion to dismiss, and does not convert the motion into one for summary judgment.").

Plaintiffs concede this point in their RJN Opposition, yet still challenge the notice of Exhibits 2 and 3.  See RJN Opp'n at 4.  Plaintiffs' opposition ignores the fact the Court is " not . . . required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (emphasis added).

Exhibit 2 is a copy of JAKKS' Oct 5, 2011 Form 8-K filed with the SEC and attaching a press release which included the text of JAKKS' response letter to Oaktree Capital.  Plaintiffs cite to this letter in their DAC, paragraph 33, but only quote selective portions of the letter.  As Plaintiffs' Opposition states, the "court [is permitted] to look to SEC filings and other documents that are quoted in, or form the basis of, the allegations in the Complaint, for purposes of determining whether those allegations are pled sufficiently."  RJN Opp. at 4.  This is in accord with Ninth Circuit case law stating that the full text of documents referenced in the complaint may be considered on a motion to dismiss.  In re Stac Electronics Sec. Litig., 89 F.3d at 1405.  Defendants do just this, citing Exhibit 2 to include aspects of the October 5 press release that were excluded from Plaintiffs' pleading.  See Mot. at 2-3.  It is proper for the Court to consider the portions of Exhibit 2 excluded from the DAC on a motion to dismiss.

1  Exhibit 3 is a copy of JAKKS' Form 8-K dated March 5, 2012 filed with the SEC
2  and attaching a Shareholder Rights Agreement ("SRA") also dated March 5, 2012.  The
3  SRA is referenced in Plaintiffs' complaint, and Plaintiffs rely on the contents of the SRA
4  as part of its claim.  See DAC ¶¶ 5 n.3, 38.  Again, the Court may consider portions of
5  the document not explicitly referenced by Plaintiffs in the DAC.  In re Stac Electronics
6  Sec. Litig., 89 F.3d at 1405.

7  Exhibit 3 is also important in that it is needed to correct the erroneous chronology
8  advanced by Plaintiffs in their DAC and again in their Opposition.  See Defs.' Reply at
9  7, n.14, filed August 11, 2014.  Plaintiffs purport that the SRA was a reaction to a threat
10 made by the Clinton Group ("Clinton").  Id.  However, as demonstrated by Exhibit 3—
11 and which Plaintiffs do not dispute— the SRA was dated March 5, 2012 and does not
12 mention Clinton.  Nor would one expect Clinton to be mentioned since Clinton did not
13 actually issue the statement on which Plaintiffs base their allegation until March 14,
14 2012—nine days after the SRA was announced as demonstrated by Exhibit 4, to which
15 Plaintiffs do not object.  Ex. 4 at 1.

16 Plaintiffs accuse Defendants of improperly "set[ting] forth their version of the
17 facts . . . ."  RJN Opp'n at 6.  However, as described above, Defendants' cite the Exhibits
18 for completeness and to correct the erroneous facts presented by Plaintiffs.  The Court is
19 not required to adopt a complaint's factual inaccuracies as true in light of contradictory
20 documents properly before the Court.  Daniels-Hall, 629 F.3d at 998.  Since Exhibits 2
21 and 3 are properly before the Court, both as SEC filings and documents incorporated in
22 the DAC, the Court may properly notice the documents for the reasons above and in
23 Defendants initial memorandum in support of their Request.

## II. DEFENDANTS DO NOT OBJECT TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

26 Plaintiffs request that the Court take judicial notice of Exhibits A and B to the
27 Declaration of David N. Lake.  Plaintiffs' Request for Judicial Notice at 1.  Exhibit A is
28 the same document for which Defendants seek judicial notice as Exhibit 5, and Exhibit

B is the same document for which Defendants seek judicial notice at Exhibit 3.  See Request at 1.  Defendants do not object to the Court taking judicial notice of the contents of these documents, consistent with Plaintiffs' position.  RJN Opp'n at 2.

## III. CONCLUSION

For the reasons stated herein, the Court should grant the Request.

DATED:  August 11, 2014        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By      /s/ Peter B. Morrison
        Peter B. Morrison
        Attorney for Defendants