SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
matthew@spertuslaw.com
Luke Kuo (SBN 269213)
luke@spertuslaw.com
Diane Bang (SBN 271939)
diane@spertuslaw.com
1990 South Bundy Dr., Suite 705
Los Angeles, California 90025
Telephone:  (310) 826-4700
Facsimile:  (310) 826-4711

NOTE CHANGES MADE BY THE COURT

Attorneys for Nominal Defendant JAKKS Pacific, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED ADVISORS, G.P. et al., | CASE NO.  CV 14-01420 JAK (SSx) |
| Plaintiffs, | |
| v. | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| STEPHEN BERMAN et al., | |
| Defendants, | |
| and | NOTE CHANGES MADE BY THE COURT |
| JAKKS PACIFIC, INC., | |
| Nominal Defendant. | |

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

[PROPOSED] STIPULATED PROTECTIVE ORDER

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Pursuant to agreement among Plaintiffs Advanced Advisors, G.P. and Louisiana Municipal Police Employees' Retirement System, Defendants Stephen Berman, Michael G. Miller, Murray L. Skala, Robert E. Glick, Marvin Ellin, and Dan Almagor, and Nominal Defendant JAKKS Pacific, Inc., and approval of the Court, this Stipulated Protective Order ("Order") shall govern the production of confidential documents, deposition testimony, and information in this action.

## 1.   PURPOSE AND LIMITS OF THIS ORDER

Disclosure and discovery activity in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 below, that this Order does not entitle them to file confidential information under seal; Local Civil Rule and or the procedures of the Pilot Program Re E-Filing Under seal. 79-5.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.   GOOD CAUSE STATEMENT

This action will likely involve confidential or sensitive information including, but not limited to, research, design, development, financial, technical, marketing, planning, proprietary, personal, or commercial information, information otherwise generally unavailable to the public, or information that may be privileged or otherwise protected from disclosure under state or federal law, which warrant special protection from public disclosure and from use for any purpose other than litigating this action. Accordingly, to expedite the flow of information, to facilitate

Spertus, Landes & Umhofer, LLP
1990 S.B   Dr., S
L  Angeles, CA
Tel: 310-826-4700; Fax:

1  the prompt resolution of discovery disputes, to adequately protect confidential

2  information, to ensure that the parties are permitted reasonable necessary uses of

3  non-confidential material in preparation for and in the conduct of trial, to address

4  their handling at the end of the litigation, and to serve the ends of justice, the Court's

5  entry of this Order is necessary.  The parties will not designate information as

6  confidential for tactical reasons and will only make such designation with a good

7  faith belief that the information has been maintained in a confidential, non-public

8  manner, and there is good cause why it should not be part of the public record in

9  this case.

**3.    DEFINITIONS**

    3.1    <u>Challenging Party</u>: a Party or Non-Party who challenges the designation of information or items under this Order.

    3.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    3.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    3.4    <u>Designating Party</u>: a Party or Non-Party who designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    3.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    3.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party to serve as an expert witness or as a consultant in this action.

Spertus, Landes & Umhofer, LLP
1990 S. B  DR. S
L  ANGELES, CA
TEL: 310-826-4700; FAX:

1    3.7    House Counsel: attorneys who are employees of a Party to this action.
2    House Counsel does not include Outside Counsel of Record or any other outside
3    counsel.

4    3.8    Non-Party: any natural person, partnership, corporation, association,
5    or other legal entity not named as a Party to this action.

6    3.9    Outside Counsel of Record: attorneys who are not employees of a Party
7    to this action but are retained to represent or advise a Party to this action and have
8    appeared in this action on behalf of that Party or are affiliated with a law firm which
9    has appeared on behalf of that Party.

10   3.10   Party: any Party to this action, including, if the Party is a legal entity,
11   all of its officers, directors, employees, consultants, retained experts, and Outside
12   Counsel of Record (and their support staff).

13   3.11   Producing Party: a Party or Non-Party who produces Disclosure or
14   Discovery Material in this action.

15   3.12   Professional Vendors: persons or entities who provide litigation
16   support services (e.g., photocopying, videotaping, translating, preparing exhibits or
17   demonstrations, and organizing, storing, or retrieving data in any form or medium)
18   and their employees and subcontractors.

19   3.13   Protected Material: any Disclosure or Discovery Material that is
20   designated as "CONFIDENTIAL."

21   3.14   Receiving Party: a Party who receives Disclosure or Discovery
22   Material from a Producing Party.

23   **4.    SCOPE**

24   The protections conferred by this Order cover not only Protected Material,
25   but also (a) any information copied or extracted from Protected Material; (b) all
26   copies, excerpts, summaries, or compilations of Protected Material; and (c) any
27   testimony, conversations, or presentations by Parties that might reveal Protected
28   Material. However, the protections conferred by this Order do not cover the

[PROPOSED] STIPULATED PROTECTIVE ORDER

Spertus, Landes & Umhofer, LLP
1990 S. B DR. S
L  ANGELES, CA
TEL: 310-826-4700; FAX:

following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who had obtained the information lawfully and who had no obligation of confidentiality to the Designating Party at the time the source obtained the information. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**5. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Nothing contained in this Order, however, is intended to limit or prevent a Party from introducing evidence at trial to prove its case. Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6. DESIGNATING PROTECTED MATERIAL**

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party who designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards as: (a) information protected from disclosure by statute; (b) information that reveals trade secrets; (c) medical information concerning any individual; (d) personal identity information; (e) personnel or employment records of a person who is not a Party to the case; or (f) other sensitive or proprietary information that constitutes a "trade secret or other

Spertus, Landes & Umhofer, LLP
1990 S. B Dr., S
L Angeles, CA
Tel: 310-826-4700; Fax:

1  confidential research, development, or commercial information," contemplated by

2  Federal Rule of Civil Procedure 26(c)(1)(G).  Information or documents that are

3  available to the public may not be designated as "CONFIDENTIAL."  The

4  Designating Party must designate for protection only those parts of material,

5  documents, items, or oral or written communications that qualify – so that other

6  portions of the material, documents, items, or communications for which protection

7  is not warranted are not swept unjustifiably within the ambit of this Order.

8      Mass, indiscriminate, or routinized designations are prohibited.  Designations

9  that are shown to be clearly unjustified or that have been made for an improper

10  purpose (e.g., to unnecessarily encumber or delay the case development process or

11  to impose unnecessary expenses and burdens on the Receiving Party) may expose

12  the Designating Party to sanctions.

13      If it comes to a Designating Party's attention that information or items that it

14  designated for protection do not qualify for protection, that Designating Party must

15  promptly notify all other Parties that it is withdrawing the mistaken designation.

16      6.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

17  this Order (*see, e.g.*, second paragraph of Section 6.2(a) below), or as otherwise

18  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

19  under this Order must be clearly so designated before the material is disclosed or

20  produced.

21      Designation in conformity with this Order requires:

22      (a) for information in documentary form (e.g., paper or electronic documents,

23  but excluding transcripts of depositions or other pretrial or trial proceedings), that

24  the Producing Party affix the legend "CONFIDENTIAL" to each page that contains

25  Protected Material.  If only a portion or portions of the material on a page qualifies

26  or qualify for protection, the Producing Party also must clearly identify the

27  protected portion(s) (e.g., by making appropriate markings in the margins).

28      A Party or Non-Party who makes original documents or materials available

5.

1   for inspection need not designate them for protection until after the inspecting Party

2   has indicated which material it would like copied and produced.   During the

3   inspection and before the designation, all of the material made available for

4   inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has

5   identified the documents it wants copied and produced, the Producing Party must

6   determine which documents, or portions thereof, qualify for protection under this

7   Order.  Then, before producing the specified documents, the Producing Party must

8   affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

9   If only a portion or portions of the material on a page qualifies or qualify for

10  protection, the Producing Party also must clearly identify the protected portion(s)

11  (e.g., by making appropriate markings in the margins).

12         (b) for testimony given in deposition or in other pretrial or trial proceedings,

13  that the Designating Party identify on the record all protected testimony.  It may

14  make that designation during the deposition or proceeding, or may invoke, on the

15  record or by written notice to all parties on or before the next business day, a right

16  to have up to 21 days from the deposition or proceeding to make its designation.

17         (c) for information produced in some form other than documentary and for

18  any other tangible items, that the Producing Party affix in a prominent place on the

19  exterior of the container or containers in which the information or item is stored the

20  legend "CONFIDENTIAL."  If only a portion or portions of the information or item

21  warrant(s) protection, the Producing Party, to the extent practicable, shall identify

22  the protected portion(s).

23         6.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

24  failure to designate qualified information or items does not, standing alone, waive

25  the Designating Party's right to secure protection under this Order for such material.

26  Upon timely correction of a designation, the Receiving Party must make reasonable

27  efforts to assure that the material is treated in accordance with the provisions of this

28  Order.

Spertus, Landes & Umhofer, LLP
1990 S. B  Dr., S
L  Angeles, CA
Tel: 310-826-4700; Fax:

## 7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2    <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.   A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3    <u>Judicial Intervention</u>.   All challenges to confidentiality designations shall proceed under Local Rule 37-1 through Local Rule 37-4.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   Frivolous challenges, and those made for an improper purpose

[PROPOSED] STIPULATED PROTECTIVE ORDER

Spertus, Landes & Umhofer, LLP
1990 S. B   DR., S
L   ANGELES, CA
TEL: 310-826-4700; FAX:

1 (e.g., to harass or impose unnecessary expenses and burdens on the Designating

2 Party) may expose the Challenging Party to sanctions. All parties shall continue to

3 afford the material in question the level of protection to which it is entitled under

4 the Designating Party's designation until the Court rules on the challenge.

**8.    ACCESS TO AND USE OF PROTECTED MATERIAL**

6      8.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that

7 is disclosed or produced by another Party or by a Non-Party in connection with this

8 case only for prosecuting, defending, or attempting to settle this litigation. A

9 Receiving Party may not under any circumstance use Protected Material for the

10 prosecution, defense, or attempted settlement of any other litigation. Such Protected

11 Material may be disclosed only to the categories of persons and under the conditions

12 described in this Order. When the litigation has been terminated, a Receiving Party

13 must comply with the provisions of Section 14 below (FINAL DISPOSITION).

14      Protected Material must be stored and maintained by a Receiving Party at a

15 location and in a secure manner that ensures that access is limited to the persons

16 authorized under this Order.

17      8.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

18 otherwise ordered by the Court or permitted in writing by the Designating Party, a

19 Receiving Party may disclose any information or item designated

20 "CONFIDENTIAL" only to:

21      (a) the Receiving Party's Outside Counsel of Record in this action, as well as

22 employees of said Outside Counsel of Record to whom it is reasonably necessary

23 to disclose the information for this litigation;

24      (b) Feder Kaszovitz, LLP, as well as employees of Feder Kaszovitz, LLP to

25 whom it is reasonably necessary to disclose the information for this litigation;

26      (c) the officers, directors, and employees (including House Counsel) of the

27 Receiving Party to whom disclosure is reasonably necessary for this litigation and

28 who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

Spertus, Landes & Umhofer, LLP
1990 S. B DR. S
L ANGELES, CA
TEL: 310-826-4700; FAX:

1    (d) Experts (as defined in this Order) of the Receiving Party to whom

2    disclosure is reasonably necessary for this litigation and who have signed the

3    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4        (e) the Court and its personnel;

5        (f) court reporters and their staff, professional jury or trial consultants, mock

6    jurors, and Professional Vendors to whom disclosure is reasonably necessary for

7    this litigation and who have signed the "Acknowledgment and Agreement to Be

8    Bound" (Exhibit A);

9        (g) during their depositions, witnesses in the action to whom disclosure is

10   reasonably necessary and who have signed the "Acknowledgment and Agreement

11   to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or

12   ordered by the Court.  Pages of transcribed deposition testimony or exhibits to

13   depositions that reveal Protected Material must be separately bound by the court

14   reporter and may not be disclosed to anyone except as permitted under this Order;

15   and

16       (h) the author or recipient of a document containing the information or a

17   custodian or other person who otherwise possessed or knew the information.

18   **9.    PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED
     PRODUCED IN OTHER LITIGATION**

19

20       If a Party is served with a subpoena or a court order issued in other litigation

21   that compels disclosure of any information or items designated in this action as

22   "CONFIDENTIAL," that Party must:

23       (a) promptly notify in writing the Designating Party.  Such notification shall

24   include a copy of the subpoena or court order;

25       (b) promptly notify in writing the party who caused the subpoena or order to

26   issue in the other litigation that some or all of the material covered by the subpoena

27   or order is subject to this Order.  Such notification shall include a copy of this

28   Stipulated Protective Order; and

Spertus, Landes & Umhofer, LLP
1990 S. B  Dr., S
L Angeles, CA
Tel: 310-826-4700; Fax:

9.
[PROPOSED] STIPULATED PROTECTIVE ORDER

1    (c) cooperate with respect to all reasonable procedures sought to be pursued

2    by the Designating Party whose Protected Material may be affected.

3        If the Designating Party sends notice to the Party served with the subpoena

4    or court order that it intends to seek a protective order, the Party served with the

5    subpoena or court order shall not produce any information designated in this action

6    as "CONFIDENTIAL" before a determination by the court from which the

7    subpoena or order issued, unless the Party has obtained the Designating Party's

8    permission. The Designating Party shall bear the burden and expense of seeking

9    protection in that court of its confidential material – and nothing in these provisions

10    should be construed as authorizing or encouraging a Receiving Party in this action

11    to disobey a lawful directive from another court.

12   **10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

13        **PRODUCED IN THIS LITIGATION**

14        (a) The terms of this Order are applicable to information produced by a Non-

15    Party in this action and designated as "CONFIDENTIAL." Such information

16    produced by Non-Parties in connection with this litigation is protected by the

17    remedies and relief provided by this Order. Nothing in these provisions should be

18    construed as prohibiting a Non-Party from seeking additional protections.

19        (b) In the event that a Party is required, by a valid discovery request, to

20    produce a Non-Party's confidential information in its possession, and the Party is

21    subject to an agreement with the Non-Party not to produce the Non-Party's

22    confidential information, then the Party shall:

23        (1) promptly, but no later than 30 days after receiving the discovery

24    request, notify in writing the Requesting Party and the Non-Party that some or all

25    of the information requested is subject to a confidentiality agreement with a Non-

26    Party;

27        (2) promptly, but no later than 30 days after receiving the discovery

28    request, provide the Non-Party with a copy of the Order in this litigation, the

Spertus, Landes & Umhofer, LLP
1990 S. B Dr., S
L Angeles, CA
Tel: 310-826-4700 Fax

1 relevant discovery request(s), and a reasonably specific description of the
2 information requested; and

3         (3) make the information requested available for inspection by the Non-
4 Party.

5       (c) If the Non-Party fails to object or seek a protective order from this Court
6 within 14 days of receiving the notice and accompanying information, the
7 Receiving Party may produce the Non-Party's confidential information responsive
8 to the discovery request. If the Non-Party timely seeks a protective order, the
9 Receiving Party shall not produce any information in its possession or control that
10 is subject to the confidentiality agreement with the Non-Party before a
11 determination by the Court. Absent a court order to the contrary, the Non-Party
12 shall bear the burden and expense of seeking protection in this Court of its Protected
13 Material.

14 **11.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

15       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
16 Protected Material to any person or in any circumstance not authorized under this
17 Order, the Receiving Party must immediately (a) notify in writing the Designating
18 Party of the unauthorized disclosures, (b) use its best efforts to retrieve all
19 unauthorized copies of the Protected Material, (c) inform the person or persons to
20 whom unauthorized disclosures were made of all the terms of this Order, and
21 (d) request such person or persons to execute the "Acknowledgment and Agreement
22 to Be Bound" that is attached hereto as Exhibit A.

23 **12.  INADVERTENT  PRODUCTION  OF  PRIVILEGED  OR**
24 **OTHERWISE PROTECTED MATERIAL**

25       When a Producing Party gives notice to Receiving Parties that certain
26 inadvertently produced material is subject to a claim of privilege or other protection,
27 the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
28 Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

11.

Spertus, Landes & Umhofer, LLP
1990 S. B   Dr.. S
L  Angeles, CA
Tel: 310-826-4700; Fax:

1  procedure may be established in an e-discovery order that provides for production

2  without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

3  (e), insofar as the Parties reach an agreement on the effect of disclosure of a

4  communication or information covered by the attorney-client privilege or work

5  product protection, the Parties may incorporate their agreement in the stipulated

6  protective order submitted to the Court.

7  **13.**  **MISCELLANEOUS**

8      13.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

9  person to seek its modification by the Court in the future.

10     13.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

11  Order, no Party waives any right it otherwise would have to object to disclosing or

12  producing any information or item on any ground not addressed in this Order.

13  Similarly, no Party waives any right to object on any ground to use in evidence of

14  any of the material covered by this Order.  *and the procedures of the Pilot Program re E-Filing under Seal. SHS*

15     13.3  <u>Filing Protected Material</u>.  Without written permission from the

16  Designating Party or a court order, a Party may not file in the public record in this

17  action any material designated as "CONFIDENTIAL."  A Party seeking to file

18  under seal any designated material must comply with Local Rule 79-1  Filings may

19  be made under seal only pursuant to a court order authorizing the sealing of the

20  specific material at issue.  The fact that a document has been designated as

21  "CONFIDENTIAL" under this Order is insufficient to justify filing under seal.

22  Instead, Parties must explain the basis for confidentiality of each document sought

23  to be filed under seal.  Because a Party other than the Designating Party will often

24  be seeking to file material designated as "CONFIDENTIAL," cooperation between

25  the Parties in preparing, and in reducing the number and extent of, requests for under

26  seal filing is essential.  If a Receiving Party's request to file designated material

27  under seal pursuant to Local Rule 79-5.1 is denied by the Court, then the Receiving

28  Party may file the material in the public record unless (a) the Designating Party

Spertus, Landes & Umhofer, LLP
1990 S. B
DR. S
L. Angeles, CA
Tel: 310-826-4700; Fax:

1  seeks reconsideration within four days of the denial, or (b) as otherwise instructed

2  by the Court.

3  **14.   FINAL DISPOSITION**

4      Within 60 days after receiving a request in writing from the Producing Party

5  following the final disposition of this action, as defined in Section 5, each Receiving

6  Party must return all Protected Material to the Producing Party or destroy such

7  material.

8      As used in this Section, "all Protected Material" includes all copies, abstracts,

9  compilations, summaries, and any other format reproducing or capturing any of the

10  Protected Material.  Whether the Protected Material is returned or destroyed, the

11  Receiving Party must submit a written certification to the Producing Party (and, if

12  not the same person or entity, to the Designating Party) by the 60 day deadline that

13  (a) identifies (by category, where appropriate) all the Protected Material that was

14  returned or destroyed and (b) affirms that the Receiving Party has not retained any

15  copies, abstracts, compilations, summaries or any other format reproducing or

16  capturing any of the Protected Material.  Notwithstanding this provision, Counsel

17  are entitled to retain an archival copy of all pleadings, motion papers, trial,

18  deposition, and hearing transcripts, legal memoranda, correspondence, deposition

19  and trial exhibits, expert reports, attorney work product, and consultant and expert

20  work product, even if such materials contain Protected Material.  Any such archival

21  copies that contain or constitute Protected Material remain subject to this Protective

22  Order as set forth in Section 5 (DURATION).

23

24

25

26

27

28

Spertus, Landes & Umhofer, LLP
1990 S. B   Dr., S
L   Angeles, CA
Tel: 310-826-4700; Fax:

13.
[PROPOSED] STIPULATED PROTECTIVE ORDER

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    DATED:  November 21, 2014

3                            SKADDEN, ARPS, SLATE, MEAGHER &
                           FLOM LLP

4

5

6             By: _____/S with email permission_____
                          PETER B. MORRISON
                          Attorneys for Defendants

7

8    DATED:  November 21, 2014

9                      LAW OFFICES OF DAVID N. LAKE

10

11             By: _____/S with email permission_____
                          DAVID N. LAKE

12                         Liaison Counsel for Plaintiffs

13

14    DATED:  November 21, 2014

15                   SPERTUS, LANDES & UMHOFER, LLP

16

17             By: _____
                         MATTHEW D. UMHOFER
                        Attorneys for Nominal Defendant

18    _For Good Cause Shown and_

19    PURSUANT TO STIPULATION, IT IS SO ORDERED.

20    DATED:  November 28, 2014

21

22             By: _____
23                    THE HON. ~~JOHN A. KRONSTADT~~
                   ~~United States District Judge~~

24                          Suzanne H. Segal
25                          U.S. Magistrate Judge

All future discovery filings shall
include the following language
on the cover page:
26    "[Referred to Magistrate Judge
27    Suzanne H. Segal]"

28

                             14.
               [PROPOSED] STIPULATED PROTECTIVE ORDER

Spertus, Landes & Umhofer, LLP
1990 S. B DR. S
L ANGELES, CA
TEL 310-826-4700 FAX

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on November ___, 2014, in the case of *Advanced Advisors, G.P. et al., v. Stephen Berman et al.*, Case No. 2:14-01420-JAK (SSx) (Consolidated). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER