David N. Lake, Esq., State Bar No. 180775
**LAW OFFICES OF DAVID N. LAKE**
 **A Professional Corporation**
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 788-5199
david@lakelawpc.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED ADVISORS, G.P., *et al.*, | Case No. 2:14-01420-JAK (SSx) |
| Plaintiffs, | [CONSOLIDATED] |
| v. | **PLAINTIFFS' SUPPLEMENTAL BRIEF SUBMITTED IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES** |
| STEPHEN BERMAN, an individual; MICHAEL G. MILLER, an individual; MURRAY L. SKALA, an individual; ROBERT E. GLICK, an individual; MARVIN ELLIN, an individual; and DAN ALMAGOR, an individual; | |
| | **[Declaration of Laurence D. Paskowitz submitted herewith]** |
| Defendants. | |
| JAKKS PACIFIC, INC., | Complaint Filed:  February 25, 2014 |
| Nominal Defendant. | Trial Date:   March 16, 2016 |

# I.   PRELIMINARY STATEMENT

At the May 11, 2015 hearing concerning the Plaintiffs' motion for preliminary approval of the settlement of this shareholder's derivative case brought for the benefit of JAKKS Pacific, Inc. ("JAKKS" or "the Company"), the Court requested information regarding the attorneys' fee and expense application.  As this submission shows, Plaintiffs' counsel expended lodestar time of approximately $927,211, and have incurred estimated expenses in excess of $85,000.  The resultant multiplier, 2.6, is (as demonstrated below) well within the range of multiples that have been approved by Courts in similar cases with similar results.

Accordingly, the $2.5 million fee – negotiated at arms' length with JAKKS insurance carrier and which was the end-product of a mediator's recommendation by the Hon. Layn R. Phillips (Ret.) is within the range of reasonable fee and expense awards and notice of such should be sent to JAKKS shareholders.[1]

# II.   ARGUMENT

Courts have repeatedly recognized that benefits such as achieved here merit a substantial award of fees.  As the Court observed in *In re Rambus Inc. Derivative Litig.*, 2009 U.S. Dist. LEXIS 131845, at *11-12 (N.D. Cal. Jan. 20, 2009), in which a $2 million award was approved:

> [C]ourts consistently have approved attorneys' fees and
> expenses in shareholder actions where the plaintiffs'
> efforts resulted in significant corporate governance

---

[1] There were no negotiations regarding the fee until a settlement on the merits was reached.

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT AND APPLICATION FOR FEES AND
EXPENSES

reforms but no monetary relief.  *See e.g., Unite Nat'l Ret. Fund v. Watts*, No. Civ. A. 04CV3603DMC, 2005 U.S. Dist. LEXIS 26246, 2005 WL 2877899, at *5 (D.N.J. Oct. 28, 2005) (awarding $9.2 million based on "the great benefit conferred upon [the company] as a result of the new corporate governance principles provided for in the settlement agreement"); *In re Schering-Plough Corp. S'holders Derivative Litig.*, No. C-03-1826, 2008 U.S. Dist. LEXIS 2569, 2008 WL 185809, at *5 (D.N.J. Jan. 14, 2008) (granting attorneys' fees of $9.5 million for the substantial benefits the corporate governance procedures provided to the company). In the instance case, the Court is satisfied that the corporate governance reforms are of significant value to Rambus.

The value of similar corporate governance improvements in derivative cases has been noted many times.  *See e.g., In re Intel Corp. Derivative Litig.*, 2010 U.S. Dist. LEXIS 74661 (D. Del. July 22, 2010) (approving $2.65 million in fees and expenses based on governance settlement); *Bristol-Myers-Squibb Derivative Litig.*, No. 02-CV-8571 (LAP), slip op. (S.D.N.Y. July 22, 2005) ($3.5 million awarded for governance changes, with no direct financial benefit to the corporation) (Paskowitz Dec., Exhibit A); *Cohn v. Nelson*, 375 F. Supp. 2d 844, 854, 860 (E.D. Mo. 2005) (applying Delaware law and awarding $2.25 million in fees even though there was no direct monetary benefit to the company); *Rowe v. Fishman*, No. 04-4576 (JRT/FLN), slip op. (D. Minn. Sep. 6, 2007) ($5.25 million fee for corporate governance changes) (Paskowitz Dec., Exhibit B); *In re*

2

*FirstEnergy Corp. Derivative Litig.*, No. 5:03-cv-1826, slip op. (N.D. Ohio Dec. 30, 2004) ($5 million fee for corporate governance changes) (Paskowitz Dec., Exhibit C); *In re Schering-Plough Corp. S'holders Derivative Litig.*, 2008 U.S. Dist. LEXIS 2569, at *11-12 (D.N.J. Jan. 14, 2008) (granting attorneys' fees of $9.5 million for the substantial benefit the corporate governance procedures would provide to the company).

In accordance with this Court's Standing Order, Plaintiffs are submitting a summary of their time records as Appendix A hereto, and will email an Excel spreadsheet of counsel's individual time entries to chambers. These records demonstrate the work performed by Plaintiffs' counsel which, to date, has resulted in the joint lodestar of $927,211. As the Court will see, all matters were thoroughly and aggressively litigated, with tasks undertaken in an efficient manner.

The hourly rates are in line with those charged by attorneys in the Los Angeles market by attorneys of similar stature and experience.[2] According to the annual survey published in the *National Law Journal*, Jan. 5, 2015, the following rates are charged by Los Angeles-based firms which specialize in complex litigation:

| Firm | Partner Rates | Average Associate Rate |
|------|---------------|------------------------|
| Irell & Manella | $800-975 | $535 |
| Manatt Phelps & Phillips | $640-795 | $ N/A |

[2] Mr. Block, Mr. Paskowitz, and Mr. Jacobs are all attorneys with over 25 years' experience. Firm resumes are attached hereto as Appendices B, C and D.

3

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT AND APPLICATION FOR FEES AND
EXPENSES

| O'Melveny & Myers | $615-950 | $ N/A |
|---|---|---|

*See also, Perfect 10, Inc. v. Giganews, Inc.*, 2015 U.S. Dist. LEXIS 54063 (C.D. Cal. Mar. 24, 2015) (approving senior attorney Los Angeles market rate of $895-$930, and rates of $350-$505 for associates with 3-4 years of experience); Dowd v. City of L. A., 28 F. Supp. 3d 1019, 1060 (C.D. Cal. 2014) (senior level attorney rate approved of $775, mid-level associate rate approved of $375).

The negotiated fee reflects a multiple of approximately 2.6, which is fair based on similar derivative cases with beneficial results.[3]   Recently, in another derivative action, Plaintiffs' counsel likewise presented a governance-only settlement.   As here, there was a negotiated fee, in the sum of $9.9 million. Settlement approval papers stated that this fee would represent a multiple of 3.5, and that fee was approved in full. *See In re Abbott-Depakote Deriv. Lit.*, No.1:11-cv-08114 (N. D. Ill. May 22, 2014) (Final Order) (Paskowitz Dec., Exh. D); Settlement and Fee Memorandum, April 24, 2014) (Paskowitz Dec., Exh. E at  38); *City of Plantation Police Officers' Emples. Ret. Sys. v. Jeffries*, 2014 U.S. Dist. LEXIS 178280 (S.D. Ohio Dec. 29, 2014)(Report and Recommendation; adopted by District Court on Jan. 5, 2015) (awarding a multiplier of 3 and a fee of roughly $1.6 million in derivative litigation); *In re UnitedHealth Group Inc. S'holder Derivative Litig.*, 631 F. Supp. 2d 1151, 1160

---

[3]  In the present case, the fee requested is not opposed by a sophisticated party who has agreed to pay it.   In such circumstances, courts have held that a negotiated fee is entitled to deference. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (holding that an agreed-to fee is an ideal situation because "[a] request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee"); *Feuer v. Thompson*, 2013 U.S. Dist. LEXIS 84325, at *16 (N.D. Cal. June 14, 2013)(a negotiated fee is "generally is not subjected to the same level of judicial scrutiny as a disputed fee request…").

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPLICATION FOR FEES AND EXPENSES

(D. Minn. 2009) (applying 2.75 multiplier to lodestar figure in shareholder derivative suit in which plaintiffs' counsel worked on contingency in the face of considerable risk and uncertainty); *In re Northwestern Corp. Derivative Litig.*, 414 F. Supp. 2d 914, 2005 U.S. Dist. LEXIS 40077 (D.S.D. 2005)(awarding 2.2 multiple).[4]

In sum, the fee requested here, and the multiple it would provide, are in line with other difficult cases that resolved with good results. This arm's-length result, recommended by one of the most skilled mediators in the country, and unopposed by the paying party, is well within the range of reasonableness.

## III.   CONCLUSION

For all of the foregoing reasons, the fee and expense request falls well within the range of approval.   Plaintiffs respectfully request that, at the final hearing, with the aid of Plaintiffs' further submissions, this application be approved.

DATED: May 19, 2015                  LAW OFFICES OF DAVID N.
                                                             LAKE


                                            By:   /s/
                                                   DAVID N. LAKE
                                                   Liaison Counsel for Plaintiffs

---

[4] Awarding a multiplier in contingent fee cases is well accepted as it compensates counsel for the risk undertaken in pursuing litigation for which there is no guarantee of a recovery and in which counsel advance all the necessary expenses of litigation.  It also compensates counsel for the period of time during which they litigated the action and received no compensation.

**CO-LEAD COUNSEL:**
Laurence D. Paskowitz, Esq.
**THE PASKOWITZ LAW FIRM P.C.**
208 East 51st Street, Suite 380
New York, New York 10022
212- 685-0969
212-685-2306 (fax)
classattorney@aol.com

--and—

Jeffrey C. Block, Esq.
Joel Fleming, Esq.
**BLOCK & LEVITON, LLP**
155 Federal Street
Boston, MA 02110
(617) 398-5600
jeff@blockesq.com
joel@blockesq.com


**OF COUNSEL**:

Roy L. Jacobs, Esq.
**ROY JACOBS & ASSOCIATES**
317 Madison Avenue 21st Floor
New York, NY 10017
212- 867-1156
212-504-8343 (Fax)
rjacobs@jacobsclasslaw.com

Richard A. Maniskas, Esq.
**RYAN & MANISKAS, LLP**
995 Old Eagle School Road, Suite 311
Wayne, PA  19087
484-588-5516
484-450-2582 (Fax)
rmaniskas@rmclasslaw.com

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Appendix A</u>**

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT AND APPLICATION FOR FEES AND
EXPENSES

## SUMMARY CHART

| TIMEKEEPER | RATE | HOURS BY TASK | | TOTALS |
|---|---|---|---|---|
| **Block & Leviton LLP** | | | | |
| | | **Task** | **Total Hours Spent On Task** | |
| **Block, Jeff** (partner) | $795/hr | Complaint | 37.6 | **Hours:** 352.3 **Amount:** $280,078 |
| | | Opposition to Motion to Dismiss | 78.9 | |
| | | Discovery / Rule 16/26 Conference Activities | 65.6 | |
| | | Discovery Motions | 7.0 | |
| | | Experts / Damages Analysis | 12.3 | |
| | | Opposition to Motion for Judgment on Pleadings | 25.7 | |
| | | Mediation / Settlement Related Activities | 117.2 | |
| | | Travel | 8.0 | |
| **Leviton, Jason** (partner) | $650/hr | Mediation / Settlement Related Activities | 79.5 | **Hours:** 86.0 **Amount:** $55,900 |
| | | Travel | 6.5 | |
| **Fleming, Joel** (associate) | $425/hr | Complaint | 2.9 | **Hours:** 194.0 **Amount:** $82,450 |
| | | Opposition to Motion to Dismiss | 35.3 | |
| | | Discovery / Rule 16/26 Conference Activities | 30.2 | |
| | | Discovery Motions | 6.5 | |
| | | Experts / Damages Analysis | 1.4 | |
| | | Opposition to Motion for Judgment on Pleadings | 23.6 | |
| | | Mediation / Settlement Related Activities | 76.9 | |
| | | Travel | 17.2 | |
| **Ledwig, Julie** (paralegal) | $225/hr | Opposition to Motion to Dismiss | 1.0 | **Hours:** 18.1 **Amount:** $4,072.50 |
| | | Discovery | 1.3 | |
| | | Opposition to Motion for Judgment on the Pleadings | 1.1 | |
| | | Mediation / Settlement-Related Activities | 14.7 | |
| **Walker, Stephanie** (paralegal) | $175/hr | Complaint | 1.8 | **Hours:** 5.0 **Amount:** $875 |
| | | Opposition to Motion to Dismiss | 3.2 | |

| Paskowitz Law Firm | | | | |
|---|---|---|---|---|
| **Paskowitz, Laurence** (partner) | $725/hr | Complaint | 108.05 | **Hours:** 503.2 **Amount:** $364,820 |
| | | Review/Analysis of Class Case | 1.5 | |
| | | Opposition to Motion to Dismiss | 128.45 | |
| | | Discovery / Rule 16/26 Conference Activities | 133.9 | |
| | | Experts / Damages Analysis | 36.4 | |
| | | Opposition to Motion for Judgment on the Pleadings | 22.9 | |
| | | Factual Updates | 2.5 | |
| | | Mediation / Settlement Related Activities | 69.5 | |
| **Roy Jacobs & Associates** | | | | |
| **Jacobs, Roy** (partner) | $675/hr | Complaint | 79.2 | **Hours:** 170.3 **Amount:** $114,952 |
| | | Review/Analysis of Class Case | 1.5 | |
| | | Opposition to Motion to Dismiss | 33.8 | |
| | | Discovery / Rule 16/26 Conference Activities | 26.8 | |
| | | Experts / Damages Analysis | 1.2 | |
| | | Mediation / Settlement Related Activities | 27.8 | |
| **Law Offices of David N. Lake** | | | | |
| **Lake, David** (partner) | $625/hr | Complaint | 17.2 | **Hours:** 38.5 **Amount:** $24,062 |
| | | Opposition to Motion to Dismiss | 2.7 | |
| | | Discovery / Rule 16/26 Conference Activities | 1.9 | |
| | | Opposition to Motion for Judgment on the Pleadings | 2.2 | |
| | | Factual Updates | | |
| | | Mediation / Settlement Related Activities | 14.5 | |
| **Total** | | | | **Hours:** 1367.4 **Amount:** $927,211 |

## NOTES

### Block & Leviton

1. The "Travel" entries for Block & Leviton attorneys reflect time spent on travel necessary for this case that was not spent performing work for this or any other matter.

2. Block & Leviton's total expenses through approximately May 1, 2015 are approximately $55,506, broken down as follows:

   a. Mediation fee: $10,750.00
   b. Expert witness fees: $12,500.00
   c. Travel (including meals while traveling): $5,914.19
   d. Online research fees (LexisNexis): $24,849.00
   e. Court fees, subpoena fees, and PACER charges: $1,114.11
   f. Copying, telephone, delivery/messenger services: $379.18

### Paskowitz Law Firm

3. The Paskowitz Firm does not ordinarily record or bill for travel time, unless such time is also devoted to working on the matter at hand. The Firm estimates that it has expended to date 42 hours in travel time not billed to this or any other case. Including such travel time in the total lodestar would increase the lodestar by $30,450 (42 hours at a rate of $725/hr.).

4. The Firm has not yet finally calculated its expenses in this matter, which primarily consist of airfare, hotel stays, mediations fees, and expert fees. We estimate expenses presently approximate $30,000 (including approximately $6,000 contributed by one of our co-counsel).

### Roy Jacobs & Associates

5. Roy Jacobs & Associates has not billed for any travel time.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Appendix B</u>**

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT AND APPLICATION FOR FEES AND
EXPENSES

# BLOCK & LEVITON LLP

***Fight for a level playing field.***  Block & Leviton LLP believes investors, pensioners and consumers deserve an advocate who will take a stand in order to protect their rights. We value our role not only in recovering our clients' immediate losses, but also in protecting their long term interests by helping to shape corporate policy.  We genuinely enjoy our work, which each day offers an opportunity to tackle novel problems and unique challenges in a continuously evolving economy.  Although Aristotle said it first, we concur: *Pleasure in the job puts perfection in the work.*  We believe this is reflected in our track record, which includes our ability to take a case to trial and win, as well as our appointment as lead or co-lead counsel in many dozens of high profile matters, including: *In re BP Securities Litig.,* case no. 4:10-MD-02185, (S.D. Tex.), *In re Google Class C Shareholder Litig.,* case no. 7469-CS (Del. Ch.) and *In re: Drywall Antitrust Litigation,* case no. 13-cv-00382 (E.D.Pa.).  In addition, our attorneys have successfully recovered billions for our clients and class members and have done so even under adverse conditions, including successfully litigating against bankrupt companies and foreign-based corporations.

***Defy convention.***  Instrumental to our philosophy is the willingness to embrace new ways of seeing, and solving, our clients' problems.  For example, in one recent case, we challenged Google Inc.'s plan to issue a new class of non-voting stock that would cause minority investors to lose money upon the issuance of the non-voting shares.  With trial set to begin in less than two days, Block & Leviton brokered a settlement with Google Inc. and its directors that provided for a forward-looking payment ladder to protect minority investors against future diminution in their stock value.  The payment ladder, valued at up to $7.5 billion, was in addition to sweeping corporate governance reforms designed to protect shareholder rights.  *See In re Google, Inc. Class C Shareholder Litigation*, case no. 7469-CS (Del. Ch.).

***Surround yourself with the best.***  The Firm credits its success to its entire team of extremely talented, dedicated attorneys, the majority of whom have significant litigation experience.  With offices in Boston and the San Francisco Bay area, our bi-coastal team has extensive expertise in securities, antitrust and consumer law.  An in-depth *curriculum vitae* highlighting each attorney's areas of expertise, unique experience, recognition in the field and education credentials follows.

www.blockesq.com

155 Federal Street, Suite 400 | Boston, MA 02110

492 9th Street, Suite 260 |  Oakland CA 94607

**OUR ATTORNEYS**

## EDUCATION

❖ Brooklyn Law School, J.D., *cum laude* 1986

❖ State University of New York, B.A., Political Science, *cum laude* 1983

## BAR ADMISSIONS

❖ New York
❖ Massachusetts

## COURT ADMISSIONS

❖ Southern District of New York

❖ Eastern District of New York

❖ District of Massachusetts

❖ United States Court of Appeals for the First, Second, Third, Ninth and Eleventh Circuits

❖ United States Supreme Court

## PUBLICATIONS | SPEAKING EVENTS

❖ ALI-ABA Conference for Insurance and Financial Services Industry Litigation, July 2009, Lecturer and Panelist

❖ *Damages in Securities Litigation*, sponsored by Law Seminars International at the Harvard Club, Panelist

❖ *Litigation to Remedy Meltdown Damages: What Can Be Gained?*, Harvard Law School's Capital Matters Conference, Speaker

❖ Guest commentator on NBC

## JEFFREY C. BLOCK

Partner
Tel. 617-398-5600
Fax. 617-507-6020
Email. jeff@blockesq.com



Mr. Block is a co-founding partner of Block & Leviton. With a career spanning almost thirty years, Mr. Block is recognized as one of the nation's preeminent class action attorneys. Mr. Block currently represents the Ohio Public Employees Retirement System in *In re: BP Sec. Litig.*, No. 4:10-MD-02185, (S.D. Tex.) charging that BP misled investors as to the amount of oil leaking from the Macondo well after the explosion aboard the *Deepwater Horizon* oil rig in the Gulf of Mexico in 2010. Mr. Block, on behalf of the plaintiffs, successfully argued against defendants' motions to dismiss the litigation and for the certification of the class. Mr. Block also represented the Brockton Retirement System in an action challenging Google's attempt to split its stock into voting and non-voting shares. *See In re Google, Inc. Class C Shareholder Litigation*, case no. 7469-CS (Del. Ch. Ct.). Two days before the start of trial, the action settled for significant corporate governance changes to protect Google's minority shareholders and a monetary component that may result in a payout to Google shareholders in an amount between $300 million and $7.5 billion.

Mr. Block has represented some of the country's largest institutional investors, including the Massachusetts Pension Reserves Investment Management Board (PRIM), the State of Michigan Retirement Systems, the Ohio Public Employees Retirement System, the Oklahoma Police Pension and Retirement System and the State Universities Retirement System of Illinois.

Some of the major class actions that Mr. Block has either led, or played a significant role in, include: *In re First Executive Corp. Securities Litig.*, 89-cv-7135 (C.D. Cal.) (settled for $100 million); *In re Xerox Corp. Sec. Litig.*, 3:00-cv-01621 (D. Conn.) (settled for $750 million); *In re Bristol Myers Squibb Sec. Litig.*, 02-cv-2251 (S.D.N.Y.) (settled for $300 million); *In re Lernout & Hauspie Sec. Litig.*, 1:00-cv-11589 (D. Mass.) (settled for $180 million); *In re Symbol Technologies Sec. Litig.*, 2:02-cv-1383 (E.D.N.Y.) (settled for $127 million); *In re Prison Realty Corp. Sec. Litig.*, 3:99-cv-0452 (M.D. Tenn.) (settled for over $100 million); *In re Philip Services Corp. Sec. Litig.*, 98-cv-835 (S.D.N.Y.) (settled for $79.75 million); *In re American Home Mortgage Sec. Litig.*, 07-MD-1898 (E.D.N.Y.)

(settled for $50.5 million); *In re Force Protection Sec. Litig.,* 2:08-cv-845 (D.S.C.) ($24 million settlement); *In re Swisher Hygiene, Inc., Securities and Derivative Litig.,* 3:12-md-2384 GCM (W.D.N.C.) ($5.5 million settlement).

Mr. Block has a proven record of overcoming significant challenges in order to obtain substantial recoveries on behalf of his clients. For example, in the *Philip Services* securities litigation, Mr. Block persuaded the United States Court of Appeals for the Second Circuit to reverse the District Court's dismissal of the action on the grounds of *forum non conveniens. See Dirienzo v. Philip Services Corp.,* 294 F.3d 21 (2d. Cir. 2002). Upon reversal, Mr. Block led the team of attorneys in taking more than 40 depositions and, upon the eve of trial, the action settled for $79.50 million, among the largest recoveries ever in a securities action from a Canadian accounting firm. Mr. Block's skills were discussed in great lengths by the court, specifically noting that counsel:

> **"I was careful to choose attorneys who have great ability [and] great reputation... And I think you've undertaken the representation of these people, you've done an excellent job, you've reached a settlement that I think is fair and in their benefit ...".**
>
> Honorable C Weston Houck, *In re Force Protection Sec. Litig., 2:08-cv-845 CWH* (D.S.C.) ($24 million settlement)

> "pursued this fact-intensive and legally complex litigation vigorously over a nine-year period, rejected offers of settlement for amounts inferior to the amounts upon which the parties ultimately agreed, and assumed significant risks of non-recovery. Co-Lead Counsel had to overcome the disclaimers and uncertainties of insurance coverage, and vigorous advocacy of extremely able and deeply-staffed defense counsel. ... And THEY DID THEIR WORK EFFICIENTLY, WITH MINIMAL DUPLICATION, AND MAXIMUM EFFECTIVENESS."

*In re Philip Servs. Corp. Sec. Litig.,* 2007 U.S. Dist. LEXIS 101427, 13-14 (S.D.N.Y. Mar. 27, 2007) (Honorable Alvin K. Hellerstein). Similarly, in *Lernout & Hauspie Sec. Litig.,* Mr. Block was the lead attorney in securing over $180 million for defrauded investors. The action involved an accounting fraud of a company headquartered in both the United States and Belgium.

Most recently, Mr. Block led a team of litigators, private investigators and a forensic accountant through a complex accounting fraud case. Mr. Block settled the case on terms extremely beneficial to the class, as recognized by the court. *See In re Swisher Hygiene, Inc., Securities and Derivative Litig.,* 3:12-md-2384 GCM (W.D.N.C.).

> **"The settlement is – gosh. . . . the fact that it's occurring within the context of a securities case, which is very difficult for plaintiffs to win, is extremely impressive to me. . . . [T]his is a matter which has been fairly litigated by people who know what they're doing."**
>
> Honorable Graham C. Mullen, *In re Swisher Hygiene, Inc., Securities and Derivative Litig.,* 3:12-md-2384 GCM (W.D.N.C.) ($5.5 million settlement)

**JASON M. LEVITON**
Partner
Tel. 617-398-5600
Fax. 617-507-6020
Email. jason@blockesq.com



Mr. Leviton is a co-founding partner of Block & Leviton and focuses his practice on investor protection and shareholder rights matters. He serves as Co-Chair of the Firm's New Case Investigation and Monitoring Team and Chair of the Merger and Acquisition Litigation Team. In 2011, 2012, 2013, and 2014, Mr. Leviton was named a "Rising Star" by *Massachusetts Super Lawyers*, an honor given to only 3% of all lawyers in the Commonwealth. In 2014, Mr. Leviton was named as a Top 100 Trial Lawyer by the National Trial Lawyer Association. After receiving his law degree, Mr. Leviton attended the Georgetown University Law Center and received a Master of Laws (LL.M.) in Securities and Financial Regulation (Dean's Award, 1 of 6). During that time, he was the inaugural LL.M. student selected for an externship with the S.E.C., Enforcement Division. Mr. Leviton is now a member of the Association of Securities and Exchange Commission Alumni.

Currently, Mr. Leviton represents several Ohio Pension Funds against BP following the largest oil spill in United States history. *See In re BP plc Securities Litigation*, 10-cv-2185 (S.D.Tex.). In addition, Mr. Leviton has been named lead or co-lead counsel in numerous class actions, including: *In re Plains Exploration & Production Co. Stockholder Litig.*, case no. 8090-VCN (Del. Ch.) (litigation led to an increase of approximately $400 million to the original merger amount); *In re MIPS Technologies, Inc. Stockholder Litig.*, case no. 8103-VCN (Del. Ch.) (settled for numerous material disclosures and amendments to the merger agreement); *In re Cybex Int'l Shareholders Litig.*, case no. 653794/2012 (N.Y. Sup. Ct) (settlement involved substantial dividend payment to shareholders); and *In re Sunoco, Inc.*, case no. 1204-03894 (settlement required Sunoco to publish an update to its Proxy Statement to correct for material omissions). Moreover, Mr. Leviton acts as the *de facto* lead counsel for the Delaware-action involving the $45 billion merger between Time Warner Cable and Comcast. *See Louisiana Municipal Police Employees' Ret. Sys. v. Black, et al.*, case no. 9410 (Del. Ch.).

Mr. Leviton has achieved significant recoveries on behalf of class members, including but not limited to: *In re Empire State Realty Trust, Inc. Investor Litigation*, case no. 650607/2012 (settled for $55 million); *In re KIT Digital, Inc. Securities Litigation*, case no. 12-04199 (S.D.N.Y.) (settled for more than

**BAR ADMISSIONS**

**COURT ADMISSIONS**

**PUBLICATIONS | SPEAKING EVENTS**

$6 million following the company's voluntary petition for bankruptcy); *In re Swisher Hygiene, Inc. Sec. and Deriv. Litig.*, MDL No. 3:12-MD-2384-GCM (W.D.N.C) (settled for nearly 40% of all cognizable damages); and *Brockton Retirement Board and City of Quincy Contributory Retirement Systems v. Oppenheimer Global Resource Private Equity Fund I, L.P., et al.*, case no. 1:12-cv-10552 (D. Mass.) (settled for numerous improvements to Oppenheimer's corporate governance structure regarding the valuation of assets). In addition to his class action experiences, Mr. Leviton has litigated other forms of complex litigation. For instance, he worked with a former State of New York Attorney General in the defense of an attorney accused of insider trading, which included a criminal referral to the United States Department of Justice. He was also heavily involved in the representation of four detainees being held at the Guantánamo Bay Naval Station in Cuba.

Moreover, Mr. Leviton has represented former employee whistleblowers before the S.E.C. where, in one instance, he successfully argued that his clients should receive the maximum whistleblower award of 30% pursuant to the Dodd-Frank Act, which equated to nearly $1 million. He also represented the same whistleblower in a retaliation claim against several Oppenheimer-related entities. *See John Doe v. Oppenheimer Asset Management, Inc., et al.*, Case No. 1:14-cv-00779-LAP (S.D.N.Y.).

Mr. Leviton also has considerable experience litigating consumer class action cases involving deceptive business practices. For example, Mr. Leviton, as co-lead counsel, successfully recovered 100% of the class's alleged damages stemming from the overcharging of scooped coffee beans at Starbucks stores throughout the country. *See In re Starbucks Consumer Litig.*, case no. 2:11-cv-01985-MJP (W.D. Wa.).

Prior to forming Block & Leviton, Mr. Leviton was an attorney at three of the preeminent class action firms. There, he was instrumental in recovering $10.5 million in the *Welmon v. Chicago Bridge & Iron*, case no. 06-cv-01283, securities class action litigation. In that case, Mr. Leviton represented Fortis Investments, a major European asset management company and, in addition to the monetary settlement, was able to institute several corporate governance changes at the company. In granting *the Chicago Bridge & Iron* settlement, the Honorable John Sprizzo stated that "PLAINTIFFS' COUNSEL HAVE CONDUCTED THE LITIGATION AND ACHIEVED THE SETTLEMENT WITH SKILL, PERSEVERANCE AND DILIGENT ADVOCACY." *Chicago Bridge & Iron* (June 3, 2008). Moreover, in the *Ong v. Sears Roebuck & Co.*, case no. 03 C 4142 (N.D. Ill.), securities class action, Mr. Leviton represented the State Universities Retirement System of Illinois (SURS) and helped settle the action for $15.5 million. He also represented the Iowa Public Employees' Retirement System, the Policemen's Annuity & Benefit Fund of Chicago, the Central States, Southeast and Southwest Areas Pension Fund in the securities class action against MF Global that settled for $90.0 million. *See Rubin v. MF Global, LTD., et al.*, 08-cv-02233 (S.D.N.Y.). Likewise, he was a member of the *In re VeriSign Securities Litigation*, C-02-2270 (N.D. Cal.) team that recovered more than $78.0 million for investors.

## EDUCATION

- University of Virginia School of Law, J.D.
- University of Virginia, B.A., Economics and Literature

## BAR ADMISSIONS

- California
- New York
- Massachusetts
- Texas

## COURT ADMISSIONS

- Northern District of California
- Southern District of New York
- Eastern District of New York
- District of Massachusetts

## PROFESSIONAL ACTIVITIES

- Co-Chair of the American Association for Justice Antitrust Litigation Group
- Law360 Competition Law Editorial Advisory Board
- Massachusetts Academy of Trial Attorneys
- National Association of Public Pension Attorneys

## PUBLICATIONS | SPEAKING EVENTS

- American Association for Justice 2013 Class Certification CLE, Panelist
- Georgetown University Law Advanced eDiscovery Institute, November 2014 Conference. Faculty
- Co-author, *Decision Re-Affirms Critical Role of Shareholders* Benefits and Pensions Monitor (October 2014)

**WHITNEY E. STREET**
Partner
Tel. 617-398-5600
Fax. 617-507-6020
Email. whitney@blockesq.com



Block & Leviton Partner Whitney Street has over twelve years of complex litigation experience and significant expertise in antitrust and securities class action litigation.  Ms. Street, who serves as Chair of the Firm's Competition Law Group, was recently appointed Co-Lead Counsel on behalf of a class of indirect purchasers in *In re Drywall Antitrust Litigation,* case no. 13-cv-00382 (E.D.Pa.), which involves allegations of price fixing and other forms of concerted conduct in violation of the antitrust laws.  Ms. Street was also an integral part of the litigation teams in the following antitrust class actions:  *Air Cargo Shipping Services Antitrust Litigation*, 06-md-1775 (E.D.N.Y.) (settlements totaling more than $270.0 million); *In re: Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation,* 3:03-md-1542 (D. Conn.) (partial settlements totaling $87.0); *In re: Methyl Methacrylate (MMA) Antitrust Litigation*, 06-md-01768 (E.D. Pa.) (settled for $15.0 million); and *In re: Hydrogen Peroxide Antitrust Litigation*, 05-civ-666 (E.D. Pa.) (partial settlements totaling more than $4.0 million).

Ms. Street is also a member of the Firm's New Case Investigation and Portfolio Monitoring Team.  She has litigated a number of major class actions on behalf of institutional and individual investors, including:  *In re BP plc Securities Litig.*, 4:10-md-02185 (S.D.Tex.) (pending); *Ohio Public Employees Retirement System v. BP plc, et al.*, case no. 1:12-01291 (S.D.Tex.) (pending); *In re Google Class C Shareholder Litig.*, case no. 7469CS (Del. Ch.) (obtained a payment ladder valued at up to $7.5 billion); *In Re Swisher Hygiene, Inc. Sec. and Deriv. Litig.*, MDL No. 3:12-MD-2384 (W.D.N.C.) (settled for $5.5 million); and *In re Bear Stearns Companies, Inc. Securities Litig.*, 08-md-1963 (S.D.N.Y.) (settled for $295 million).

Ms. Street received her training at prominent litigation firms in New York and Boston where she represented clients in antitrust and securities class actions.  She began her career at Pillsbury Winthrop Shaw Pittman, one of the largest law firms in California.

## EDUCATION

- University of Virginia, J.D.
- Harvard College, A.B., Social Studies, *magna cum laude*
- University of Bonn, Bonn Germany
- Haderslev Katedraleskole, Haderslev, Denmark

## BAR ADMISSIONS

- California
- Delaware

## COURT ADMISSIONS

- Northern District of California
- Eastern District of California
- Central District of California
- Southern District of California
- United States Court of Appeals for the Second and Ninth Circuits
- United States Supreme Court

## PUBLICATIONS | SPEAKING EVENTS

- *"Summary Adjudication: A View from Both Sides of the Bar,"* presented by the Bar Association of San Francisco, 2013
- *"Recent Events in Securities Cases,"* presented by the Bar Association of San Francisco, 2014
- Panelist for Women In Securities Conference, 2013

## LANGUAGES

- German and Danish

## LESLEY E. WEAVER

Partner
Tel. 617-398-5600
Fax. 617-507-6020
Email. lesley@blockesq.com



Ms. Weaver joined Block & Leviton as a Partner in 2015. In her nearly twenty-year career, Ms. Weaver has worked with and opposed the nation's finest counsel, representing some of the largest U.S. pension funds in complex litigation in the U.S. and abroad. She secures outstanding results for her clients. Ms. Weaver was appointed co-lead counsel in *In re Drywall Antitrust Litigation* and is also counsel for the Cities of Palo Alto and Richmond, California on the Steering Committee of *In re Lithium Ion Batteries Antitrust Litigation*.

Ms. Weaver also represents certain states and municipalities in international antitrust litigation against foreign defendant manufacturers of auto parts *In re Auto Parts Antitrust Litigation*. This is reported to be the largest international cartel ever investigated, and has yielded over $2 billion in criminal fines to date.

In October 2014, Ms. Weaver tried an internet privacy case against a Chinese-owned, California-based internet site, recovering 100% of economic damages and a $15 million punitive damages jury verdict, as well as significant injunctive relief and additional damages from the bench. The case was pending in Santa Clara County.

Ms. Weaver represented some of the country's largest international investors, including the Ohio Public Employees Retirement System and the California Public Employees Retirement System. She has also worked effectively with various state Attorneys General to negotiate settlements affecting the rights of municipal and individual consumers. In addition, Ms. Weaver counsels private clients seeking to opt out of class action litigation, assisting them in negotiating confidential, private settlements with outstanding results.

Major class actions in which Ms. Weaver played a significant role include: *In re Marsh & McLennan Secs. Litig.* ($400 settlement*), In re Cardinal Health Secs. Litig.* ($600 million settlement*), In re Cisco Secs. Litig.* ($99 million settlement*), and *In re Boeing Secs. Litig.* ($92.5 million settlement). She has been involved in landmark decisions such as *In re Cavanaugh Secs. Litig.*, holding that judges may not auction off the role of lead counsel in securities cases.

**EDUCATION**

- ❖ Cleveland State University – Cleveland-Marshall College of Law, J.D.
- ❖ John Carroll University, B.A., Political Science

**BAR ADMISSIONS**
- ❖ Ohio

**PROFESSIONAL AFFILIATIONS**

- ❖ Cox Consulting Group, LLC, President
- ❖ Board of United Cerebral Palsy of Greater Cleveland, Chairman of the Board
- ❖ Project: LEARN (Let Every Adult Read Now), Board Member
- ❖ Board of Regents of John Carroll University, Board Member
- ❖ Ohio Lottery Commission, Board Member

## MATTHEW COX

Partner
Tel. 617-398-5600
Fax. 617-507-6020
Email.  matthew@blockesq.com



Block & Leviton Partner Matthew Cox has the unique experience of having worked directly with state institutions and some of the nation's largest pension funds in the evaluation, filing and execution of securities class action claims.  As Senior Deputy Attorney General under former Ohio Attorney General Jim Petro, Mr. Cox directly represented Ohio's five pension fund systems, the Ohio Bureau of Workers' Compensation Fund and the Ohio Treasurer of State.

In this role, Mr. Cox had a fiduciary responsibility to Ohio's pension boards, retirees and citizens in the evaluation of securities law claims during a time when Ohio first took an active leadership role in bringing claims against companies who committed securities fraud.  The efforts of the Ohio Attorney General's Office, working closely with Ohio's pension funds, during this time were instrumental in Ohio obtaining lead counsel status in a number of high profile securities litigation cases.

During his tenure at the Ohio Attorney General's Office, Mr. Cox was the lead coordinator for some of the largest and most complicated securities litigations in history, including, but not limited to actions against:   Federal National Mortgage Association (Fannie Mae), Federal Home Loan Mortgage Corporation (Freddie Mac), Global Crossing Ltd., Enron Corp., AOL Time Warner Inc. and Worldcom, Inc.  These cases led to significant recoveries for the Ohio pension funds and other investors.  Mr. Cox's experience working directly with pension funds, their counsel and elected officials in the pursuit of securities claims adds to Block & Leviton's commitment to sound judgment and client centered service.

Mr. Cox's career includes work for the Ohio Auditor of State as a regional attorney and in private practice at a large Cleveland, Ohio based law firm.

**EDUCATION**

- ❖ Boston University School of Law, J.D., *Magna Cum Laude*
- ❖ Tulane University, Political Science and Latin American Studies, *Summa Cum Laude*

**BAR ADMISSIONS**

- ❖ Massachusetts

**COURT ADMISSIONS**

- ❖ District of Massachusetts

**PUBLICATIONS | SPEAKING EVENTS**

- ❖ *Recent Trends in Reverse Payments in Patent Litigation*, Wilmer Hale Antitrust Conference, 2005
- ❖ *The Pitfalls of Arbitration Agreements in Employee Undertakings*, Hale and Dorr Litigation Update, 2004

### MARK A. DELANEY

Senior Associate
Tel. 617-398-5600
Fax. 617-507-6020
Email. Mark@blockesq.com



Mr. Delaney has over twelve years of complex litigation experience and significant experience in securities, antitrust, and government enforcement actions.  He worked for five years as an attorney at Wilmer Hale LLP, where he was a core member of the securities litigation and enforcement group.  He was also the lead antitrust associate in the matters: *CollaGenex Pharmaceuticals, Inc. v. West-Ward Pharmaceutical Corp.,* 1:02-cv-06094 (E.D.N.Y. 2003) and *CollaGenex Pharmaceuticals, Inc. v. Tommy G. Thompson, Secretary of Health and Human Services et. al.,* 03-1405 (D.D.C. 2004).

Mr. Delaney has also been involved in a variety of high-profile antitrust class actions, including: *In re TFT-LCD (Flat Panel) Antitrust Litigation,* 07-1827 (N.D. Cal) ($500 million recovered due price fixing of TFT-LCD displays); *Air Cargo Shipping Services Antitrust Litigation,* 06-md-1775 (E.D.N.Y) (more than $270 million recovered due to price fixing of fuel surcharges for freight transportation); and *Online DVD Rental Antitrust Litigation,* 09-2029 (N.D. Cal.) (partial settlement of $27 million recovered for consumers affected by conspiracy to eliminate competition in the market for online movie rentals).

In addition, Ms. Delaney has litigated a number of major securities class actions on behalf of institutional and individual investors and is currently a lead associate representing several Ohio Pension Funds in the securities class action *In re BP plc Securities Litigation,* case no. 4:10-md-02185 (S.D. Tex.).

Mr. Delaney is also a member of the firm's whistleblower practice and recently represented two whistleblowers who recovered approximately $1 million under the "bounty" provision of the Dodd-Frank Act.  He is also experienced in alternative dispute resolutions and has represented clients in arbitration proceedings involving both the earn-out rights and the indemnification rights of corporate officials.

**EDUCATION**

- University of Pennsylvania School of Law, J.D.

- The Wharton School, University of Pennsylvania, Cert. of Study

- Cornell University, B.S., Industrial & Labor Relations

**BAR ADMISSIONS**

- New York
- Massachusetts

**COURT ADMISSIONS**

- Southern District of New York
- Eastern District of New York

**STEVEN P. HARTE**

Senior Associate

Tel. 617-398-5600

Fax. 617-507-6020

Email. steven@blockesq.com



Steven Harte has over a dozen years of complex litigation experience and significant expertise in several types of class action litigation, including securities and products' liability. Mr. Harte currently serves as co-lead counsel in *In re Onyx Pharmaceuticals Inc. Shareholder Litigation*, case no. CIV523789 (Cal. Sup. Ct.)., where he represents the Louisiana Municipal Police Employees' Retirement System in a matter arising out of Onyx's $11 billion dollar merger with Amgen and *Arendt v. Kinder Morgan Energy Partners L.P. et al*, case no. 10093-VCL, a highly complex class action involving unique issues of Delaware corporate and limited partnership law. He also currently represents the Ohio Public Employees Retirement System in *In re BP plc Securities Litig.*, 4:10-md-02185.

Most recently, Mr. Harte successfully asserted the rights of shareholders in *In re Plains Exploration & Production Co. Stockholder Litigation*, challenging Plains' $7 billion merger with Freeport-McMoRan Copper & Gold Inc. Plains shareholders ultimately received approximately $400 million above the initially agreed upon merger consideration. He also recently achieved monetary recoveries for shareholders in *In re: Mod-Pac Corp.* Index No. 800621/2013 (N.Y. Sup. Ct.) and *In re: Cybex Int'l, Inc.,* Case No. 653794/2012 (N.Y. Sup. Ct).

Prior to joining Block & Leviton, Mr. Harte was an attorney at Choate Hall & Stewart, LLP, where he was a core member of the litigation and government enforcement practice groups. He began his career in the New York office of Jones Day, one of the three largest law firms in the world. Prior to joining Block & Leviton, Mr. Harte served as a lead associate in a number of class actions, major government investigations and antitrust matters, including the Enron securities litigation and class action lawsuits involving R.J. Reynolds Tobacco (*Schwab v. Phillip Morris et al.*, case no. 04-CV-1945). He was also responsible for exhaustive investigations into, and defenses against, stock option back-dating allegations. His government enforcement experience includes representation of a Fortune 100 pharmaceutical company in complex, multi-year federal grand jury investigation into sales and marketing practices.

**EDUCATION**

❖ Harvard Law School, J.D., *cum laude*

❖ Wilfrid Laurier University, B.A., Political Science *with high distinction*

**BAR ADMISSIONS**

❖ California
❖ Massachusetts

**COURT ADMISSIONS**

❖ Ninth Circuit
❖ First Circuit
❖ Northern District of California
❖ Central District of California
❖ District of Massachusetts

**PUBLICATIONS**

❖ Co-author, *Decision Re-Affirms Critical Role of Shareholders,* Benefits and Pensions Monitor (October 2014)

❖ Co-author, *Meltdowns crank up muni-bond litigation*, Daily Journal (September 18, 2013)

❖ Co-author, *SEC takes hard line on 'cyber incidents',* Daily Journal (April 5, 2013)

❖ Co-author, *Lower Courts Interpret The Supreme Court's Decision In Janus Capital Group, Inc. v. First Derivative Traders*, Financial Fraud Law Report 4:5 (May 2012)

**PROFESSIONAL ACTIVITIES**

❖ Visiting Lecturer, Tufts University: Experimental College (2013-Present)

**JOEL A. FLEMING**
Associate
Tel. 617-398-5600
Fax. 617-507-6020
Email.  joel@blockesq.com



Block & Leviton Associate Joel Fleming has significant experience in complex and class action litigation.  Mr. Fleming serves as the lead associate challenging Reynolds' conflicted attempt to purchase Lorillard Inc. for $27.4 billion, *see Corwin v. British American Tobacco, et al.,* 14 CVS 8130 (N.C. Sup.), and has successfully litigated a whistleblower retaliation claim under the Dodd-Frank Act on behalf of a former employee of Oppenheimer & Co.  *See Doe v. Oppenheimer Asset Management, et al.*, 1:14-cv-00779 (S.D.N.Y.).

Mr. Fleming also represents former shareholders of Onyx Pharmaceuticals in litigation challenging the inadequate price negotiated in the sale of the company in derivative litigation against current and former board members *See In re Onyx Pharmaceuticals, Inc. Shareholder Litigation*, No. CIV523789 (Cal. Sup. Ct.).

Prior to joining the firm, Mr. Fleming worked at Wilmer Cutler Pickering Hale and Dorr—a large defense firm headquartered in Boston and Washington, D.C..  While at WilmerHale, Mr. Fleming served as a member of the trial team in *AATI v. Skyworks*, the first-ever arbitration to go to trial before the Delaware Chancery Court, in a case involving a merger-related dispute between two companies in the high technology industry.  Mr. Fleming represented both companies in a subsequent shareholder class action that ended with the dismissal with prejudice of all counts.  Mr. Fleming also served as a trial team member representing the Public Service Department of the State of Vermont in a contested proceeding involving the proposed relicensing of the Vermont Yankee nuclear plant.

Mr. Fleming's other representations included: a multinational financial institution in a complex internal investigation; State Street Corporation in multidistrict litigation brought by current and former customers; and the audit committee of one of the world's leading Internet companies in an internal investigation.

## EDUCATION

- ❖ Northeastern University School of Law, J.D.
- ❖ McGill University, B.A., Political Science & International Development Studies

## BAR ADMISSIONS

- ❖ Massachusetts
- ❖ Rhode Island

## COURT ADMISSIONS

- ❖ District of Massachusetts

## PROFESSIONAL ACTIVITIES

- ❖ Women's Bar Association

## LEIGH E. O'NEIL

Associate

Tel. 617-398-5600

Fax. 617-507-6020

Email.  leigh@blockesq.com



Ms. O'Neil is an Associate at Block & Leviton where she focuses on antitrust, securities and consumer protection litigation.  As a member of the Antitrust Litigation Group, Ms. O'Neil is involved in cases such as *In re Gypsum Antitrust Litigation*, Case No. 13-cv-00382 (E.D. Pa.) (allegations that drywall manufacturers fixed prices and engaged in other forms of concerted conduct in violation of the antitrust laws) and *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 13-MD-02420 (N.D. Cal.) (allegations that the world's largest manufacturers of Lithium Ion Rechargeable Batteries conspired to fix and maintain the prices of such batteries at supra-competitive prices).

Ms. O'Neil has also litigated numerous securities class action cases, most recently serving as a key member of the trial preparation teams in the cases of *In re Google Inc. Class C Shareholder Litigation*, Case No. 7469CS (Del. Ch.) and *In re BP plc Securities Litigation*, Case No. 4:10-md-02185 (S.D. Tex.).

Prior to joining the firm, Ms. O'Neil was a Commercial Litigation Associate at Cooley Manion Jones LLP (now Manion Gaynor & Manning LLP) in Boston, MA.  In that role, Ms. O'Neil was chosen as a member of the trial team in *Invista B.V. et al. v. E.I. DuPont de Nemours and Co.*, Case No. 08-3063 (S.D.N.Y.), where she assisted in litigating hundreds of millions of dollars in environmental remediation costs in the United States District Court for the Southern District of New York, ultimately resulting in a favorable settlement after three weeks of trial.

While in law school, Ms. O'Neil was a law clerk at Cooley Manion Jones where she worked on a variety of complex commercial litigation cases.   Ms. O'Neil also completed internships with the Honorable Judith G. Dein of the United States District Court for the District of Massachusetts, and in the Civil Division of the United States Attorney's Office in Boston. Her caseload at the U.S. Attorney's Office included both affirmative and defensive civil litigation with a focus on multi-district pharmaceutical litigation.

**EDUCATION**

- ❖ Northeastern University School of Law, J.D.
- ❖ Vanderbilt University, B.A., Economics & Corporate Strategy

**BAR ADMISSIONS**
- ❖ Massachusetts

**COURT ADMISSIONS**
- ❖ District of Massachusetts
- ❖ Eleventh Circuit Court of Appeals

**PROFESSIONAL ACTIVITIES**
- ❖ Women's Bar Association
- ❖ National Association of Public Pension Attorneys

**ERICA G. LANGSEN**
Associate
Tel. 617-398-5600
Fax. 617-507-6020
Email.  erica@blockesq.com



Ms. Langsen is an associate at Block & Leviton where her practice focuses on antitrust, securities and employment class action litigation. Ms. Langsen is an integral member of a team of attorneys litigating the antitrust class actions *In re Drywall Antitrust Litigation*, case no. 13-cv-00382 (E.D. Pa.), which involves allegations that drywall manufacturers fixed prices and engaged in other forms of concerted conduct in violation of the antitrust laws.

As part of the Firm's Securities Litigation Team, Ms. Langsen has also represented numerous classes of investors asserting various securities claims. Ms. Langsen was part of a team of attorneys who recovered favorable settlements for investors in the securities class actions *In re Cybex Int'l*, case no. 653794/2012 (merger premium increased by over 10%), and *In re Swisher Hygiene, Inc.*, case no. 3:12-MD-2384-GCM (settlement of $5.5 million).

Ms. Langsen is also a member of the Firm's Employment Litigation Team, where she has represented tradesmen seeking unpaid employment benefits and other damages from nation and multi-national retailers. She recently recovered a significant settlement ($6.5 million) in favor of a class of California installers in *Shephard v. Lowe's HIW, Inc.*, case no. 12-cv-03893 (N.D. Cal.).

Before joining Block & Leviton, Ms. Langsen was one of three Northeastern University School of Law students selected for an internship with the S.E.C., Enforcement Division.  In addition to interning at the S.E.C., Ms. Langsen served as a judicial intern with the United States Department of Labor's Boston District Office of Administrative Law Judges where she drafted administrative orders on various labor law matters.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Appendix C**

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT AND APPLICATION FOR FEES AND
EXPENSES

## PASKOWITZ LAW FIRM P.C.
## FIRM  RESUME

The Paskowitz Law Firm PC specializes in class actions brought on behalf of shareholders and consumers, and shareholder's derivative litigation.

Mr. Laurence Paskowitz, the firm's senior attorney, graduated from Hofstra Law School in 1983 with highest honors, after serving as an editor of the Hofstra Law Review.  He began his career at what was then Pomerantz Levy Haudek & Block (now Pomerantz Grossman Hufford Dahlstrom & Gross LLP), a firm founded by the late Abraham Pomerantz, who was often referred to as "the father of the shareholder class action."  During his tenure there as an associate from 1983-89, Mr. Paskowitz played a principal role in a variety of cases involving tender offers, mergers, securities fraud, and antitrust law.

Mr. Paskowitz joined Wolf Popper Ross Wolf & Jones in 1989 (now Wolf Popper, LLP), became a partner in 1991, and then Chairman of the Corporate and Commercial Litigation Department in 1995.  Wolf Popper is one of the most prominent national firms specializing in shareholder and consumer rights, and complex corporate litigation. While there, Mr. Paskowitz served as lead counsel or co-lead counsel on more than two dozen shareholder actions, including class and derivative actions involving excessive compensation.  Mr. Paskowitz won settlements of $12 million derivatively on behalf of Brooke Group, Inc., a similar amount for Citizens Utilities Corp., and $9 million for Lin Broadcasting Corp.  Mr. Paskowitz also played a leading role in obtaining class action settlements in securities fraud actions against Tenneco Corp. ($50 million settlement); McDonell Douglas Equipment Leasing Securities Litigation ($35 million recovery); Valley National Corp. ($10 million settlement);

and Security Pacific Corp. ($9 million settlement).  From 1997-2000, Mr. Paskowitz was a sole practitioner, who continued to specialize in shareholder litigation.  During this period, he was among a team of lawyers who initiated the shareholder litigation over the collapse of USN Communications, an action which was resolved for $45 million.

In 2000, Mr. Paskowitz formed the firm of Abraham & Paskowitz.  During his tenure at that firm from 2000 through March, 2002, Mr. Paskowitz served as lead or co-lead counsel for cases that achieved substantial recoveries, including *In re Netcreations Shareholder Litigation* (improvement in buyout price of $12 million for class of investors) and *In re CSFBdirect Shareholders Litigation* (shareholders who objected to unfair tender offer price paid $36 million more for their shares pursuant to settlement).  The firm also recovered $20 million in cash in a "short swing" insider profit case--what was then the largest cash recovery ever achieved in a case of that nature  *Steiner v. Williams*, 2001 U.S. Dist. LEXIS 7097 (S.D.N.Y. May 31, 2001)("Here the shareholders...received a $20,000,000 benefit as a sole result of the diligence and sagacity of Plaintiff's counsel.").

Mr. Paskowitz has published articles that have appeared in the *Hofstra Law Review* and *The New York Law Journal,* and has been a member of the New York State Bar Association Committee on Class Actions.  Mr. Paskowitz has been admitted to the U.S. District Courts for the Southern and Eastern Districts of New York, the District of Arizona, and the Federal Courts of Appeals for the Second, Third, Fifth and Eighth Circuits.  He has practiced before federal and state courts throughout the country, and before the Judicial Panel on Multidistrict Litigation.

The Paskowitz Law Firm served as lead counsel or co-lead counsel in *Steven Madden Corp. Derivative Litigation* (achieving $8.6 million derivative settlement in action alleging

2

unfair employment contract for CEO who was convicted of money laundering and securities fraud); *Capital One Consumer Practices Litigation* (predatory lending practices); and played a key role in achieving a $41 million settlement in *In re New Power Secs. Litig*, 02 CV 0550 (SDNY), where the firm represented Co-Lead Plaintiff Michael Bertan.

In addition, Paskowitz Law Firm was appointed Co-Lead Counsel by the Delaware Court of Chancery in *In re Cablevision/Rainbow Media Tracking Stock Litigation, Cons*. C.A. No. 19819, which resulted in an $8.25 million class settlement, which was approved in 2008. We also served as lead counsel in *Berger v. Scharf,* a class action pending in New York Supreme Court on behalf of shareholders who were harmed when the directors breached their fiduciary duties by voluntary de-listing the company's public shares.  In that case, prior to a successful settlement, we prevailed on a motion to dismiss in a decision which made new law regarding shareholder rights. *Berger v. Scharf*, 2006 N.Y. Misc. LEXIS 674 (N.Y. Sup. Mar. 29, 2006).  In *Young v. Klaasen, et al.*, C.A. No. 2770 (Del. Ch. April 25, 2008), we were among the co-lead counsel to win a groundbreaking victory establishing the discovery rights of plaintiff in a shareholder's derivative suit.

We additionally have been appointed as co-lead counsel in *In re MBNA Corp. Derivative and Class Litigation*, a case filed in the United States District Court for the District of Delaware which was settled in October 2009 for $ 7 million in benefits.  Additionally, we were appointed in January 2010 by the United States District Court for the District of Delaware to serve as co-lead counsel in a shareholder's derivative suit brought on behalf of Intel Corp. concerning approximately $2.7 billion paid by Intel in fines and settlements stemming from alleged antitrust law violations, which action has been settled and approved by the court.

The Paskowitz Firm served as Co-Lead Counsel in a class action brought against

Google, Inc. and its directors concerning a reclassification Of Google stock that allegedly harms the public Class A shareholders.  That action settled two days before trial was to begin in June, 2013 for significant financial and therapeutic relief, and the settlement was approved on October 28, 2013.  The Paskowitz Firm is also pursuing a shareholders' derivative suit filed in 2013 against DuPont's officers and directors concerning a $1 billion verdict against DuPont for intentional patent infringement.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Appendix D**

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT AND APPLICATION FOR FEES AND
EXPENSES

## BIOGRAPHY OF ROY JACOBS & ASSOCIATES

Roy Jacobs & Associates was founded in December 1996. The principal of the firm, Roy L. Jacobs, is a 1975 *cum laude* graduate of Brooklyn Law School.  Commencing in 1976, he was an attorney in Texaco Inc.'s legal department at its corporate headquarters, wherein he handled complex commercial and antitrust litigation from inception through trial, including an eight week antitrust jury trial which resulted in a complete victory for Texaco.  In addition, Mr. Jacobs was responsible for a wide range of commercial, environmental and health matters, including major roles in the sale of assets arising from the acquisition of Getty Oil Corporation, and a central role in Texaco's compliance with the Clean Water Act and the Solid Waste Disposal Act.  Further, Mr. Jacobs provided lead guidance to Texaco Chemical Company concerning product liability matters involving the duty to warn.

Thereafter, while Wolf Popper LLP, a firm which concentrated in securities and shareholder litigation, he worked on numerous complex class and derivative actions, and handled much of the Firm's non-class litigation, representing both plaintiffs and defendants from inception through trial.  While at Wolf Popper, Mr. Jacobs was one of the lead counsel in  *Maywalt v. Parker & Parsley Petroleum Company*, 864 F. Supp. 1422 (S.D.N.Y. 1994) aff'd 67 F.3d 1072 (2d Cir. 1995), which resulted in a recovery to the shareholder class in excess of $8 million.

In December 1996, he opened his own firm in New York City emphasizing business and commercial litigation, securities arbitrations, securities and consumer class actions and general litigation. Since opening his own practice, Mr. Jacobs has recovered millions of dollars for his clients. For example, Mr. Jacobs secured a recovery in

settlement of almost $4 million in a case in the United States District Court for the Central District of California from an insurance company which had failed to pay on a life insurance policy. The recovery was approximately 2.5 times the face amount of the policy.  In a securities arbitration filed against a broker-dealer for churning and for the violation of various securities laws, Mr. Jacobs was instrumental in securing a six figure settlement which exceeded the out-of-pocket loss.  Mr. Jacobs has obtained other favorable settlements in securities arbitrations and mediations before NASD Regulation, Inc. and the New York Stock Exchange, (now FINRA).  In court cases, Mr. Jacobs has obtained recoveries in a wide range of matters, including will contests, real property quiet title actions, EEOC actions, actions for false arrest and other intentional torts. Additionally, Mr. Jacobs has successfully defended clients sued in both state and federal courts in New York, securing dismissal of the claims against them, including actions asserting claims under the securities laws, alleging fraudulent conveyances and piercing the corporate veil claims.  Mr. Jacobs has handled a number of appeals in the state and federal courts.  Mr. Jacobs has had significant roles in the litigation and the settlement of a number of class actions, yielding millions of dollars to shareholders.  In addition, he was recently involved in an objection to a class action settlement which led to material improvements to the settlement terms, which were approved by the court.  Further, he has been involved in numerous shareholder derivative actions which led to material improvements to companies' corporate governance policies and procedures.

Other reported cases in which Mr. Jacobs was involved include: *Vassallo v. Texaco, Inc.*, 73 A.D.2d 642, 422 N.Y.S.2d 747 (2d Dept. 1979); *Small Refiner Lead Phase-Down Task Force v. United States Environmental Protection Agency*, 705 F.2d

506 (D.C. Cir. 1983); *Harbus v. Gilmore* 193 A.D.2d 553, 597 N.Y.S.2d 704 (1st Dept. 1993), subsequent appeal 214 A.D.2d 440, 625 N.Y.S.2d 214 (1st Dept. 1995); *Berger v. Scharf*, 2006 WL 825171 (Supreme Court N.Y. County Mar. 29, 2006); In *re MetLife Demutualization Litig.*, 2010 WL 730367 (E.D.N.Y. Mar. 2, 2010).

Currently, in addition to his involvement in both class and derivative litigation, Mr. Jacobs has been actively litigating business cases involving both claims and counterclaims and several estate matters.

Mr. Jacobs has over 25 years experience in handling complex litigation, including extensive class action litigation experience, and corporate matters. He is admitted to the courts of New York, the United States District Courts for the Southern and Eastern Districts of New York, and the United States Courts of Appeal for the Second, Seventh, Ninth, and D.C. Circuits.