David N. Lake, Esq., State Bar No. 180775
**LAW OFFICES OF DAVID N. LAKE**
  **A Professional Corporation**
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 788-5199
david@lakelawpc.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED ADVISORS, G.P., *et al.*, | CASE NO.: 2:14-cv-01420-JAK-(SSx) |
| Plaintiffs, | **DECLARATION OF LAURENCE D. PASKOWITZ IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES** |
| v. | |
| STEPHEN BERMAN, an individual; MICHAEL G. MILLER, an individual; MURRAY L. SKALA, an individual; ROBERT E. GLICK, an individual; MARVIN ELLIN, an individual; and DAN ALMAGOR, an individual, | |
| Defendants. | |
| JAKKS PACIFIC, INC., | |
| Nominal Defendant. | |

1

1

## DECLARATION OF LAURENCE D. PASKOWITZ

2      I, Laurence D. Paskowitz, declare and state as follows:

3      1.      I am the principal of the Paskowitz Law Firm, P.C., one of Plaintiffs'

4   interim Co-Lead Counsel in this matter.  I am an attorney in good standing in the

5   State of New York and have been admitted *pro hac vice* in this matter.  I am over

6   the age of 18, and make this Declaration on personal knowledge and in support of

7   Plaintiffs' supplemental brief submitted in support of motion for preliminary

8   approval of settlement and application for an award of attorneys' fees and

9   expenses.

10      2.      Attached hereto are true and correct copies of the following:

11         -   Exhibit A:  *Bristol-Myers-Squibb Derivative Litig.,* No. 02-CV-

12             8571 (LAP), slip op. (S.D.N.Y. July 22, 2005).

13         -   Exhibit B: *Rowe v. Fishman*, No. 04-4576 (JRT/FLN), slip op. (D.

14             Minn. Sep. 6, 2007).

15         -   Exhibit C: *In re FirstEnergy Corp. Derivative Litig.*, No. 5:03-cv-

16             1826, slip op. (N.D. Ohio Dec. 30, 2004).

17         -   Exhibit D:  *In re Abbott-Depakote Deriv. Lit.*, No.1:11-cv-08114

18             (N. D. Ill. May 22, 2014) (Final Order).

19         -   Exhibit E:  *In re Abbott-Depakote Deriv. Lit.*, No.1:11-cv-08114,

20             Settlement and Fee Memorandum, docketed April 24, 2014.

21             (Caption page and p. 38).

22
      I declare under penalty of perjury under the laws of the Untied States of
23
    America that the foregoing is true and correct.  Executed on May 19, 2015 at New
24
    York, New York.
25

26                                          _____/s/_____
                                            Laurence D. Paskowitz
27

28

# EXHIBIT A



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE BRISTOL-MYERS SQUIBB
DERIVATIVE LITIGATION

THIS MATTER PERTAINS TO ALL CASES

Master File No. 02-CV-8571 (LAP)

---

### ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

THIS CAUSE having come before the Court on ___May 13___, 2005, upon Motion
for an Order and Final Judgment pursuant to Fed. R. Civ. P. 23.1, and with respect to certain
matters relating to the partial settlement of the Action (the "Settlement") in accordance with the
Stipulation of Settlement dated as of April 26, 2005 and the exhibits thereto (the "Stipulation");
and

The Court having read and considered the Stipulation, heard arguments of counsel,
granting preliminary approval of the Settlement by Order dated April 26, 2005 and the Court
having considered all objections raised, if any, and

All parties having consented to the entry of this Order; it is

ORDERED, ADJUDGED AND DECREED THAT:

### DEFINITIONS

1.      For purposes of this Order and Final Judgment and Order of Dismissal (the "Final
Judgment"), the Court adopts and incorporates the definitions contained in the Stipulation.

## JURISDICTION

2.      This Court has jurisdiction over the subject matter of the above-captioned actions, and all actions within this Action and/or related to this Action, and over all parties to the Action.

## ATTORNEYS' FEES AND EXPENSES

3.      Plaintiffs' Lead Counsel are hereby awarded attorneys' fees and reimbursement of expenses in the sum of $ 3,500,000  (the "Fees and Expenses"). The Fees and Expenses have been determined by the Court to be fair, reasonable, and entirely appropriate.  No other fees, costs or expenses may be awarded to Plaintiffs' Lead Counsel in connection with the Settlement.  The Fees and Expenses shall be paid to Plaintiffs' Lead Counsel in accordance with the terms of the Stipulation.

4.      Plaintiffs' Lead Counsel are authorized and directed to allocate and distribute the Fees and Expenses among Plaintiffs' Counsel in a manner which, in Plaintiffs' Lead Counsel's good faith determination, reflects each counsel's contribution to the institution, prosecution, and Settlement of the Action.

Dated: July 18, 2005

Loretta A. Preska, U.S.D.J.

2

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| VINCE ROWE, *et al.*, | Civil No. 04-4576 (JRT/FLN) |
| Plaintiffs, | |
| v. | |
| JAY S. FISHMAN, *et al.*, | **ORDER AND** |
| Defendants, | **FINAL JUDGMENT** |
| and | |
| THE ST. PAUL TRAVELERS COMPANIES, INC., f/n/a The St. Paul Companies, Inc. | |
| Nominal defendant. | |

Ellen G. Stewart, **LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP**, 655 West Broadway, Suite 1900, San Diego, CA 92101; Garrett D. Blanchfield, Jr., **REINHARDT WENDORF & BLANCHFIELD**, E1250 First National Bank Building, 332 Minnesota Street, St. Paul, MN 55101; Jeffrey P. Fink, **ROBBINS UMEDA & FINK, LLP**, 610 West Ash Street, Suite 1800, San Diego, CA 92101, for plaintiffs.

Marisa A. Hesse, **DORSEY & WHITNEY, LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498, for defendants.

This matter came before the Court for hearing pursuant to an Order dated March 17, 2007 (the "Preliminary Approval Order"), on the application of the parties for approval of the settlement in this putative stockholder derivative action (the "Action") on the terms provided for in the Stipulation and Agreement of Compromise, Settlement, and Release dated November 1, 2006 (the "Stipulation"); and

The Court having received and considered evidence of due and adequate notice having been given to holders of the common stock of The St. Paul Travelers Companies, Inc., ("SPT" or the "Company") as of March 17, 2007 (the "Record Date"), as required in the Preliminary Approval Order, and following such notice, a hearing having been held before this Court on May 22, 2007 (the "Settlement Hearing") to determine the matters contemplated in the Order and Final Judgment; and

The Court having considered all papers and filings in connection with the Settlement, including the objection of Stephen A. Hochman dated May 21, 2007, and otherwise being fully informed of the premises and good cause appearing for the Settlement, and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation:

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.    The Settlement is, in all respects, fair, reasonable, and adequate, is in accordance with Rule 23.1 of the Federal Rules of Civil Procedure and is in the best interests of SPT and should be approved.  Accordingly, the Settlement is approved and shall be consummated in accordance with the terms and conditions provided in the Stipulation.

2.    The Court finds that the notice to SPT stockholders that was required under the Preliminary Approval Order has been provided.  The notice that was provided included the mailing to record holders of SPT common stock as of the Record Date of a copy of the Notice of Settlement of Stockholder Derivative Action and Settlement

- 2 -

Hearing ("Notice"); the mailing to all brokerage firms, banks, institutions, and other nominees (the "Nominees") who, according to SPT's stock transfer records, owned SPT common stock as of the Record Date or held such stock for the benefit of others; the provision of additional copies of the Notice to nominees that requested them for the purpose of forwarding the Notice to beneficial owners, or the forwarding of the Notice to beneficial owners at the request of nominees; and the publication of the Summary Notice in the national edition of *The Wall Street Journal*, and the local edition of *The St. Paul Pioneer Press* on April 6, 2007.

     3.    The notice given to SPT stockholders as described in the preceding paragraph constitutes the best notice practicable under the circumstances and satisfies the requirements of Federal Rule of Civil Procedure 23.1 and due process.

     4.    Plaintiffs are stockholders of SPT and are recognized to be adequate representative plaintiffs for the purpose of bringing and prosecuting a stockholder derivative claim under Minnesota law and under Federal Rule of Civil Procedure 23.1.

     5.    The objections filed by Stephen A. Hochman in a letter dated May 21, 2007, are overruled. The Court finds that the enhanced corporate governance provisions are a direct result of this litigation and settlement and will create substantial non-monetary benefits to SPT. The Court further finds that the settlement release is not overbroad, as it relates to the claims that arise or that could arise from the allegations in the plaintiff's complaint. Moreover, the attorneys' fees are a product of arms-length negotiations between the parties, and are reasonable when compared to the benefits conferred upon SPT shareholders by the terms of the settlement. For these reasons, the

Court finds that the settlement is fair, reasonable, and adequate and overrules the objections of Stephen A. Hochman.

6.     The Action is dismissed with prejudice and without costs (except as provided in the Stipulation), provided that this Order and Final Judgment shall be without prejudice to, and shall in no way affect the following claims:

(a)     any claim, counterclaim, cross-claim, or affirmative defense asserted by the parties in *In re St. Paul Travelers Securities Litigation II*, No. 04-CV-4697 (JRT/FLN) (D. Minn.);

(b)     any claim, counterclaim, cross-claim, or affirmative defense asserted by the parties in *Spiziri v. The St. Paul Travelers Companies, Inc.*, No. 04-CV-5096 (JRT/FLN) (D. Minn.); and

(c)     any claim, counterclaim, cross-claim, or affirmative defense asserted by the parties in *In re Insurance Brokerage Antitrust Litigation*, MDL No. 1663, No. 04-5184 (FSH) (D.N.J.).

7.     For good and sufficient consideration, plaintiffs, their heirs, executors, administrators, successors, and assigns, all SPT stockholders, and SPT in its own right and on behalf of any predecessor companies, including The St. Paul Companies, Inc. ("SPC") and Travelers Property Casualty Corp. ("TPC") (collectively, the "Releasing Parties") shall be deemed to have fully, finally, and forever released, relinquished, and discharged, be forever enjoined from prosecuting and covenant not to prosecute in any forum or in any manner every derivative or direct claim, right, cause of action, and right to seek recovery for liabilities, damages, losses, attorneys' fees, costs, or expenses,

whether suspected or unsuspected, matured or not matured, including both known and Unknown Claims, and whether based upon federal, state, or local statutory or common law, or any other rule or regulation that: (i) has been, or could have been, asserted in the Action against the Released Parties by plaintiffs, derivatively, or could have been alleged by SPT directly, including, without limitation, claims relating to the granting of stock options or disclosures concerning stock options; and (ii) arises out of, or is in any way based upon, connected with, or related to any fact, matter, practice, conduct, transaction, prospectus, registration statement, proxy statement, annual report (initial or restated), quarterly earnings report (initial or restated), press release, or other report, or other publicly disseminated documents or public statements of SPT alleged in the complaint or that could have been alleged in the complaint relating to any period prior to the date upon which the Settlement shall become effective (the "Effective Date").

8.     The Individual Defendants and each of their respective families, heirs, executors, trustees, personal representatives, estates or administrators, attorneys, insurers, reinsurers, counselors, and financial or investment advisors, and SPT, SPC, and TPC and any of their respective predecessors, parents, subsidiaries, present or former officers, directors, employees, co-venturers, agents, attorneys, insurers, reinsurers, representatives and affiliates (within the meaning of Rule 12b-2 of the Securities Exchange Act of 1934), successors, and assigns (collectively, the "Released Parties") shall be deemed to have fully, finally and forever released, relinquished, and discharged, be forever enjoined from prosecuting and covenant not to prosecute in any forum or in any manner any and all claims, rights, or causes of action or liabilities whatsoever, whether based on federal,

- 5 -

state, local, statutory, or common law or any other law, rule, or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by defendants, their heirs, executors, representatives, successors, or assigns against any of the plaintiffs or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement and any claim by SPT in its own right or on behalf of any predecessor companies, including SPC and TPC, or by any Released Party against any insurer of SPT, SPC, TPC or such Released Party). Each of the defendants, on behalf of themselves and the Released Parties, shall release and forever discharge any and all claims, rights, or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the defendants or any of them or the heirs, executors, representatives, successors, or assigns of any of them against any of the plaintiffs or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) ("Released Defendants' Claims").

9.     Each and every stockholder of SPT and SPT in its own right are forever barred and enjoined from asserting, alleging, instituting, commencing, prosecuting, or continuing, either directly, derivatively, or otherwise, any and all Released Claims against the Released Parties.    The defendants are forever barred and enjoined from asserting, alleging, instituting, commencing, prosecuting, or continuing, either directly,

- 6 -

derivatively, or otherwise, any and all Released Defendants' Claims against the Releasing Parties.

10.     Plaintiffs' Counsel are hereby awarded attorneys' fees and reimbursement of expenses in the aggregate amount of $5.25 million, to be paid in accordance with the terms of the Stipulation.

11.     Lerach Coughlin Stoia Geller Rudman & Robbins LLP is hereby designated as Plaintiffs' Lead Counsel to enable the efficient effectuation of the settlement.

12.     Plaintiffs' Lead Counsel is hereby given the authority to distribute the fee and expense award among Plaintiffs' Counsel in a manner which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action.

13.     This Order and Final Judgment, the Stipulation and Settlement, and any and all negotiations, papers, writings, statements, and/or proceedings related to the Settlement are not, and shall not in any way be used or construed as:

        (a)     an admission or concession by any of the defendants of any liability or wrongdoing of any kind, or the amount of any liability or wrongdoing of any kind; or

        (b)     an admission or concession on the part of the plaintiffs that any of the claims asserted in the Action are without merit.

14.     In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all

- 7 -

orders entered in connection therewith shall be rendered null and void, and the parties shall be returned to their respective positions immediately prior to the execution of the Stipulation.

15.     Jurisdiction is reserved over all matters relating to the consummation of the Settlement.  This reservation of jurisdiction does not affect in any way the finality of this Order and Final Judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 6, 2007
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge

**EXHIBIT C**

'04 DEC 30 AM 11: 11

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. DERIVATIVE | ) | Master File No. 5:03-CV-1826 |
| LITIGATION | ) | |
| | ) | Judge James S. Gwin |
| | ) | |

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court, dated

~~December 30~~ 2004 ("Order"), on the application of the parties for approval of the settlement

("Settlement") set forth in the Stipulation and Agreement of Settlement dated as of July 27, 2004 (the

"Stipulation"). Due and adequate notice having been given to the Current FirstEnergy Shareholders

as required in said Order, and the Court having considered all papers filed and proceedings had

herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS

HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all

capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Derivative Action, including

all matters necessary to effectuate the Settlement, and over all parties to the Derivative Action,

including the Lead Derivative Plaintiffs, the Current FirstEnergy Shareholders and the Derivative

Defendants. *Lead Derivative Plaintiffs' Counsel/ are awarded fees,
costs and expenses totaling $5,000,000.*

3.      The Derivative Action and all claims contained therein, as well as all of the Released

Derivative Claims, are dismissed with prejudice. As between Lead Derivative Plaintiffs and

Defendants, the parties are to bear their own costs, except as otherwise provided in the Stipulation

regarding Derivative Counsel's application for attorneys' fees and expenses.

4.      The Court finds that the Stipulation and Settlement are fair, just, reasonable and

adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and

Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the

Settling Parties have not already done so.

5.      Upon the Effective Date, the Lead Derivative Plaintiffs, FirstEnergy (as a nominal

defendant in the Derivative Action), and the Current FirstEnergy Shareholders, on behalf of

themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians,

- 1 -

agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, having any legal or beneficial interest in the common stock or options of FirstEnergy, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Derivative Claims (including all Unknown Claims), and any and all claims relating to or arising out of or connected with the Settlement, institution, prosecution, assertion, defense or resolution of the Derivative Action, against all of the Released Derivative Persons.

6.    The Lead Derivative Plaintiffs, FirstEnergy (as a nominal defendant in the Derivative Action), and the Current FirstEnergy Shareholders, and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, having any legal or beneficial interest in the common stock or options of FirstEnergy, are hereby forever barred and enjoined from commencing, instituting or prosecuting any of the Released Derivative Claims (including all Unknown Claims), or any action or other proceeding, against any of the Released Derivative Persons, based on, arising out of, related to, or in connection with, the Released Derivative Claims (including all Unknown Claims).

7.    Upon the Effective Date, each of the Released Derivative Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged Lead Derivative Plaintiffs, each and all of the Current FirstEnergy Shareholders, FirstEnergy (as a nominal defendant in the Derivative Action), and counsel to the Lead Derivative Plaintiffs from all claims (including all Unknown Claims), relating to or arising out of, or connected with the institution, prosecution, assertion, settlement or resolution of the Derivative Action, and/or the Released Derivative Claims.

- 2 -

8.     The Court finds that the Notice of Proposed Settlement of Shareholder Derivative Action and Hearing ("Derivative Notice") and the Summary Notice of Proposed Settlement of Derivative Action and Hearing ("Summary Notice," together with the Derivative Notice, "Notice") given to Current FirstEnergy Shareholders was the best notice practicable under the circumstances, including the individual Derivative Notice to all Current FirstEnergy Shareholders who could be identified through reasonable effort. Said Notice also provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

9.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Derivative Claim, or of any wrongdoing or liability of any of the Released Derivative Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Derivative Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Derivative Persons or any of them may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in related litigation.

10.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Settling Parties for the purpose of construing, enforcing and administering the Stipulation and Settlement.

- 3 -

11.     If the Effective Date fails to occur, then this Judgment shall be rendered null and void

to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such

event, all orders entered and releases delivered in connection herewith shall be null and void to the

extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: December 20 , 2004

_____
THE HONORABLE JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

S:\Settlement\First Energy.set\ED-00012927(Final).doc

- 4 -

**EXHIBIT D**

*CMC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

```
----------------------------------------------------------------x
```
|  |  |
|---|---|
| IN RE ABBOTT-DEPAKOTE SHAREHOLDER | : |
| DERIVATIVE LITIGATION | :  **CASE NO: 1:11-cv-08114** |
| | :  **Hon. Virginia M. Kendall** |

```
----------------------------------------------------------------x
```

## [PROPOSED] FINAL ORDER AND JUDGMENT

A final settlement hearing (the "Settlement Hearing") was held before this Court on May 22, 2014, pursuant to this Court's Order of March 18, 2014 (the "Preliminary Approval Order"), to determine: (i) whether to grant final approval to the Settlement set forth in the Stipulation and Agreement of Settlement, dated March 6, 2014 (the "Stipulation"), which Stipulation is incorporated herein by reference; (ii) whether to enter the Final Order and Judgment proposed by the Parties; and (iii) whether and/or in what amount to grant Lead Plaintiff's Counsel's application for an award of fees and reimbursement of expenses. After due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, and all persons having any objection to the proposed Settlement of the Consolidated Derivative Actions (the "Settlement") embodied in the Stipulation or the request for attorneys' fees and reimbursement of expenses having been given an opportunity to present such objections to the Court; the Court having heard and considered the matter, including all papers filed in connection therewith and the oral presentations of counsel and any objections raised at said hearing, and good cause appearing therefor, the Court HEREBY FINDS AND ORDERS as follows:

1.  All capitalized terms used in this Final Order and Judgment and not otherwise defined herein shall have the same meaning as set forth and defined in the Stipulation.

2.  This Court has jurisdiction over the subject matter of the above-captioned actions (the "Consolidated Derivative Actions") and the Settling Parties.

1

3.     The Court hereby grants final approval to the Stipulation and the Settlement set forth therein, and finds that the Settlement and terms of the Stipulation are fair, reasonable and adequate, and in the best interests of Abbott Laboratories ("Abbott") and Abbott shareholders.

4.     The Court finds for purposes of the Settlement that: (i) the Consolidated Derivative Actions were brought as shareholder derivative suits pursuant to Federal Rule of Civil Procedure 23.1; and (ii) Lead Plaintiff and Lead Plaintiff's Counsel fairly and adequately represented the interest of Abbott and Abbott's shareholders.

5.     Pursuant to the Preliminary Approval Order, a form of the proposed Notice of Proposed Settlement of Consolidated Derivative Actions, Final Settlement Hearing, and Right to Appear (the "Notice") and a form of the Summary Notice of Pendency of Shareholder Derivative Action Involving Abbott Laboratories, Proposed Settlement and Settlement Hearing (the "Summary Notice") were approved by the Court. Counsel for Abbott has filed with the Court proof of compliance with the approved Settlement Notice procedures. Based on that submission, the Court finds that: (a) the Notice has been filed by Abbott with the United States Securities and Exchange Commission in a Form 8-K; (b) the Notice has been maintained on Abbott's corporate website beginning no more than five (5) days after the date of the Preliminary Approval Order; and (c) the Summary Notice was published at least one time each in the national editions of *The Wall Street Journal* and *USA Today* within ten (10) days following the date of the Preliminary Approval Order. The Court finds that the forms and methods of notice described above satisfy the requirements of the Federal Rules of Civil Procedure and due process, constitute reasonable notice under the circumstances, and constitute due and sufficient notice to Abbott shareholders of the Settlement and matters to be considered at the Settlement Hearing.

6.      The Stipulation and the terms of the proposed Settlement are, in all respects, approved. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.      The Consolidated Derivative Actions and all claims therein against all defendants named therein are hereby dismissed with prejudice in their entirety, and without costs, except as otherwise provided for in paragraph 18 below.

8.      For purposes of paragraphs 9 and 10 below (together constituting the "Released Claims"), the term Released Parties refers, as it does in the Stipulation, to:   all Settling Defendants, each and all individuals named, or who could have been named, in the Consolidated Derivative Actions and Derivative Actions including those identified in Attachment A to the Stipulation, and each and all members of their families, parent entities, affiliates, or subsidiaries, and each and all of their respective past, present, or future officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, trust beneficiaries and assigns.

9.      Upon the Effective Date (as defined in the Stipulation and below), Lead Plaintiff and each and every other Abbott shareholder, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed to have, and by operation of the Final Order and Judgment shall have each fully, finally, and forever released, waived, discharged, and dismissed each of the Released Parties from, and shall forever be barred and enjoined from prosecution of, any and all Released Claims (as defined in the Stipulation), and any and all claims, demands, rights, actions, potential actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, agreements, costs, expenses, debts,

3

interest, penalties, sanctions, fees, attorneys' fees, judgments, decrees, matters, issues, and controversies of any kind, nature or description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, disclosed or un-disclosed, apparent or un-apparent, including claims and Unknown Claims (as defined below), that were or that could have been asserted from the beginning of time to the date of the entry of this Final Order and Judgment in the Consolidated Derivative Actions or Derivative Actions, or any other forum, against any Released Party by Lead Plaintiff or any other Abbott shareholder derivatively on behalf of Abbott, that relate to, arise out of, or in any way are based upon, directly or indirectly, the drug Depakote or any of its derivatives, or the sales, marketing or any other practices or activities with respect to Depakote or any of its derivatives, including any of the allegations, facts, events, transactions, acts, occurrences, conduct, practices, omissions, failures to act, or matters set forth in the Consolidated Derivative Actions or Derivative Actions, or that arise out of or in any way relate to the resolution of the Consolidated Derivative Actions or Derivative Actions, including the Stipulation and any actions or inactions relating thereto.

     10.    Upon the Effective Date (as defined in the Stipulation and below), Defendants and each of the other Released Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed to have, and by operation of the Final Order and Judgment shall have, each fully, finally and forever released and discharged Lead Plaintiff and all other plaintiffs in the Consolidated Derivative Actions from, and shall forever be barred and enjoined from prosecution of, any and all claims, demands, rights, actions, potential actions, causes of action, liabilities, damages, losses, obligations,

4

judgments, duties, suits, agreements, costs, expenses, debts, interest, penalties, sanctions, fees, attorneys' fees, judgments, decrees, matters, issues, and controversies of any kind, nature or description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, disclosed or un-disclosed, apparent or unapparent, including claims and Unknown Claims (as defined below), which were or could have been alleged or asserted by any of the Released Parties against Lead Plaintiff or any plaintiff in any of the Consolidated Derivative Actions, directly or indirectly relating to or arising out of the institution, prosecution, or settlement of the Consolidated Derivative Actions. Released Claims do not include any claims relating to the enforcement of this Settlement.

11.     For purposes of this Final Order and Judgment, "Unknown Claims" is defined, as it is in the Stipulation, as: any Released Claims that any Releasing Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties that, if known by him, her, or it might have affected his, her, or its settlement with, and release of, the Released Parties, or might have affected his, her, or its decision not to object to this Settlement, including claims based on the discovery of facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall expressly waive, and each other Abbott shareholder and each of the Released Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him

or her must have materially affected his or her settlement with the debtor." Lead Plaintiff, Abbott, and each of the Individual Defendants acknowledge, and each other Abbott shareholder and each other Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.

12. The "Effective Date" means, as it does in the Stipulation, the date upon which the Judgment approving the Settlement in accordance with this Stipulation becomes Final as a matter of law and is no longer subject to appellate review.

13. Without in any way affecting the finality of this Final Order and Judgment, this Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation.

14. This Settlement shall be a final and complete resolution of all disputes among the Settling Parties with respect to the Consolidated Derivative Actions. No Settling Party may assert in any forum that the Consolidated Derivative Actions were brought, commenced, or prosecuted by Lead Plaintiff or their counsel, or defended by the Settling Defendants or their counsel, in bad faith or that the Consolidated Derivative Actions were not filed or raised in good faith or were not settled voluntarily after negotiating at arm's-length and in good faith after consultation with competent legal counsel. No claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Consolidated Derivative Actions may be brought by any Settling Party.

15. Pending the occurrence of the Effective Date, no person may institute, commence or prosecute any action which asserts Released Claims against any of the Released Parties.

16.     Regardless whether or not the Effective Date occurs, the fact of and provisions contained in the Stipulation (including any exhibits thereto), the Settlement, and all negotiations, drafts, discussions, actions and proceedings in connection with the Stipulation or the Settlement shall not be deemed or constitute a presumption, concession or an admission by any Party in the Consolidated Derivative Actions, any signatory to the Stipulation, or any Released Party of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Consolidated Derivative Actions, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, invoked, offered or received in evidence or otherwise used by any person in the Consolidated Derivative Actions, or in any other action or proceeding, whether civil, criminal or administrative; provided, however, that nothing herein shall prevent the introduction into evidence of the Stipulation or this Order in connection with any proceeding to enforce the terms of the Stipulation or this Order, including but not limited to the filing of the Stipulation and/or this Order by any Settling Party in order to prevent or terminate institution, commencement or prosecution of any action which asserts Released Claims against any of the Released Parties.

17.     In the event that a termination and cancellation of the Settlement occurs pursuant to the Stipulation, (i) the terms and provisions of the Stipulation shall be rendered void and shall have no further force and effect, except as otherwise provided in the Stipulation; and (ii) the Parties shall be deemed to have reverted to their positions as of immediately prior to the execution of the Stipulation.

18.     Lead Plaintiff's Counsel is hereby awarded $ *9.9 million* attorneys' fees, which includes reimbursement of expenses and costs, in connection with the Consolidated Derivative Actions, to be paid by or on behalf of Abbott in accordance with the terms of the Stipulation.

7

Dated: _____5-22_____, 2014

The Honorable Virginia M. Kendall

8

**EXHIBIT E**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

-----------------------------------------------------------------------x

|   |   |
|---|---|
| **IN RE ABBOTT-DEPAKOTE SHAREHOLDER DERIVATIVE LITIGATION** | : |
| | : **CASE NO: 1:11-cv-08114** |
| | : **Hon. Virginia M. Kendall** |

-----------------------------------------------------------------------x

**LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT
AND AWARD OF ATTORNEYS' FEES AND EXPENSES**

Courts elsewhere have ruled in step. "In shareholder litigation, courts typically apply a multiplier of 3 to 5 to compensate counsel for the risk of contingent representation." *Cohn v. Nelson*, 375 F. Supp. 2d 844, 862 (E.D. Mo. 2005); *see Yuzary v. HSBC Bank USA, N.A.*, No. 12-cv-3693, 2013 WL 5492998, at *10 (S.D.N.Y. Oct. 2, 2013) (collecting lodestar multipliers in class action cases ranging from 2 to 8.74); *Buccellato v. AT&T Operations, Inc.*, No. C10-00463, 2011 WL 3348055, at *2 (N.D. Cal. June 30, 2011) (approving multiplier of 4.3 in wage and hour class action settlement); *New England Carpenters Health Benefits Fund v. First Databank, Inc.,* No. 05 Civ. 11148, 2009 WL 2408560, at *2 (D. Mass. Aug, 3, 2009) (awarding multiplier of 8.3 in class action settlement involving fraudulent pricing schemes for prescription drugs).

Here, Lead Counsel and the other plaintiffs' counsel expended a total of 4,655.80 hours litigating these claims, generating a total lodestar of $2,738,003.75. *See* Exh. D (Roseman Fee Declaration), ¶2. Consequently, the $9.9 million fee negotiated by the parties translates into a multiplier of 3.5 after expenses are deducted. This is well within the range of accepted and approved multipliers in derivative litigation, and thus should be approved here.

### 4. Expenses of Plaintiffs' Counsel Would Otherwise Be Reimbursable as Reasonable

Finally, Lead Counsel and counsel for the other plaintiffs have incurred total unreimbursed litigation costs and expenses in the amount of $194,957.90. *See* Exh. D (Roseman Fee Declaration), ¶2. These costs and expenses consist primarily of travel, experts, discovery, and research, and were reasonable and necessary for the prosecution of this action. Accordingly, such expenses may be reimbursed. *See In re Citigroup S'holder Deriv. Litig.*, No. 12-cv-3114, 2013 WL 4441511, at *3 (S.D.N.Y. Aug. 19, 2013) ("[C]ourts have long recognized the 'common corporate benefit' doctrine as a basis for the reimbursement of . . . expenses in