UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| --- | --- |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

| Proceedings: | **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF DERIVATIVE SETTLEMENT (DKT. 87); PLANTIFFS' MOTION TO CONSOLIDATE (DKT. 89); PLAINTIFFS' MOTION FOR LEAVE TO AMEND (DKT. 80)** |
| --- | --- |

I.    **Introduction**

Advanced Advisors, G.P. and Louisiana Municipal Police Employees Retirement System ("LMPERS"), collectively "Plaintiffs,"[1] brought this derivative action against certain directors and officers of JAKKS Pacific, Inc. ("JAKKS"). First Amended Complaint ("FAC"), Dkt. 20.[2] The FAC names the following defendants: Stephen Berman, Joel Bennett, Michael G. Miller, Robert E. Glick, Marvin Ellin, Dan Almagor, Leigh Anne Brodsky, Rex H. Poulsen and Peter F. Reilly (collectively, "Defendants"). *Id.* JAKKS is named as a nominal defendant. *Id.*

The FAC alleges that Defendants breached their fiduciary duties to shareholders of JAKKS by rejecting an offer to acquire JAKKS, orchestrating a defensive stock repurchase and entering into certain related ventures with respect to its toy business. FAC, Dkt. 20. It advances four causes of action, each as to certain of the Defendants: (1) contribution arising out of a related securities class action[3] (against Bennett and Berman); (2) violation of Section 14 of the Exchange Act, 15 U.S.C. § 78n(a) and Rule 14a-9

---

[1] Plaintiffs are current shareholders of JAKKS. Advanced Advisors acquired JAKKS shares in July 2011. FAC ¶ 16. LMPERS acquired JAKKS shares in July 2012.
[2] All docket entries refer to the lead case -- *Advanced Advisors G.P. v. Berman*, No. 2:14-cv-01420-JAK-SS (C.D. Cal. 2014). Docket entries in *Vladimir Gusinsky Living Trust v. Berman*, No. 2:15-cv-02027-JAK-SS (C.D. Cal. 2015) are referred to as "Gusinsky Dkt."
[3] *See Melot v. JAKKS Pac., Inc.*, No. 2:13-cv-5388-JAK-SS (C.D. Cal. 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
|---|---|---|---|
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx)): Louisiana Municipal Police Employees Retirement System v. Stephen, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

(against Berman, Brodsky, Ellin, Glick, Miller, Reilly, Poulsen and Skala); and (3-4) breach of fiduciary duty (against all Defendants). *Id.*

The parties entered a settlement agreement after extensive discussions with a neutral. *See* Dkt. 86. On March 19, 2015, Gusinsky filed a separate action against Defendants. Complaint, Gusinsky Dkt. 1. On March 23, 2015, Plaintiffs moved for preliminary approval of the settlement agreement. Dkt. 87. There is no opposition to the motion.

Plaintiffs and Gusinsky filed three separate motions to consolidate this action and the one brought by Gusinsky. *See* Dkt. 89; Gusinsky Dkt. 15; Gusinsky Dkt. 18. These motions are also unopposed.

A hearing on all of the motions was held on May 11, 2015, at the conclusion of which all of the motions were taken under submission. Dkt. 94. During the hearing, Plaintiffs were ordered to provide certain additional information in connection with their motion to approve the settlement: "(i) file a notice lodging the proposed class notice; and (ii) file a tentative fee request pursuant to the Court's Standing Order." *Id.* On May 18, 2015, Plaintiffs filed supplemental briefing regarding the amount of attorney's fees proposed in the settlement agreement. Dkt. 95. On May 19, 2015, Plaintiffs were reminded of the order requiring them to submit a modified, proposed shareholder notice. Dkt. 96. Thereafter, they did so. Dkt. 100.

For the reasons stated in this Order, the motions are **GRANTED IN PART**.

## II.   Procedural History

Plaintiffs originally brought separate actions against Defendants. *See* Compl., Dkt. 1; *La. Police Ret. Sys. v. Berman*, No. 2:14-cv-1670-JAK-SS (C.D. Cal. Mar. 6, 2014) (Compl., Dkt. 1). The two cases were consolidated on April 17, 2014. Dkt. 17. Thereafter, the Plaintiffs filed a consolidated complaint. *See* FAC, Dkt. 20.

On May 28, 2014, Defendants moved to dismiss the FAC. Dkt. 30. On September 16, 2014, the motion to dismiss was granted in part and denied in part. Dkt. 57.[4] The motion was granted with prejudice as to the claims for contribution and breach of fiduciary duty arising out of the related securities class action. *Id.* at 24. The motion was granted without prejudice as to the Section 14 claim and the remaining breach of fiduciary duty claims. *Id.* The motion was denied as to the state-law *Unocal* claims.[5] *Id.* Plaintiffs were

---

[4]  The September 16, 2014 Order is incorporated by this reference.

[5]  The FAC included claims for breach of fiduciary duty arising out of a Shareholder Rights Agreement and defensive repurchase. *See* Dkt. 37 at 2, 11. These claims are governed by *Unocal Corp. v. Mesa Petroleum Co.*, 493 A.2d 946 (Del. 1985).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
|---|---|---|---|
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

ordered to file an amended complaint on or before October 2, 2014. *Id.* On September 30, 2014, the parties stipulated that no amended complaint would be filed, meaning that the FAC remained operative. Dkt. 58. They also stated that they were involved in efforts to settle the case. *Id.*

On December 23, 2014, Defendants filed a motion for judgment on the pleadings. Dkt. 75. There, they argued that, because all of the federal claims were dismissed pursuant to the September 16, 2014 Order (Dkt. 57), the only remaining bases for subject matter jurisdiction were diversity and supplemental jurisdiction. *Id.* at 8. Defendants argued that LMPERS lacked standing because it did not acquire JAKKS shares until July 2012, which was after the occurrence of the allegedly improper transactions that form the basis for the remaining claims. *Id.* Defendants also argued that there is no subject matter jurisdiction with respect to the claims of Advanced Advisors because, in an interrogatory response, Advanced Advisors admitted that there was not complete diversity of citizenship. *Id.* at 9. Defendants next argued that the claims should be dismissed based on Plaintiffs' decision to file a parallel action in the Los Angeles Superior Court on December 18, 2014. *Id.* Defendants argued that for all of these reasons, supplemental jurisdiction should not be exercised as to the remaining claims. *Id.*

On January 26, 2015, Plaintiffs moved for leave to amend the FAC. Dkt. 80. Plaintiffs proposed substituting Gusinsky for the current Plaintiffs to cure the jurisdictional defects outlined in Defendants' motion for judgment on the pleadings. *Id.* at 6. Gusinsky is a citizen of Illinois and has held JAKKS shares since 2006. Complaint, Gusinsky Dkt. 1. Defendants opposed the motion. Dkt. 81.

On March 19, 2015, Gusinsky filed a separate complaint against Defendants. Complaint, Gusinsky Dkt. 1. On March 26, 2015, Plaintiffs filed a motion to consolidate the two actions within their case. Dkt. 89. On March 31, 2015, Gusinsky filed a competing motion to consolidate the two actions within his case. Gusinsky Dkt. 15. On April 3, 2015, Gusinsky filed another motion to consolidate the two cases. Gusinsky Dkt. 18.

**III.    Factual Background**

A.    Terms of the Settlement Agreement

The parties entered the Settlement Agreement following an extensive settlement process that was overseen and facilitated by the Mediator, Hon. Layn R. Phillips (Ret.). The face-to-face negotiations in which Judge Phillips participated, occurred on February 12, 2015. *See* Settlement Agreement, Dkt. 86 at 8.

1.    Corporate Governance Changes

The Settlement Agreement (Dkt. 86) provides for several changes to the corporate governance of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

JAKKS. The parties agree that "the litigation efforts of Plaintiffs and Plaintiffs' Counsel were a material and substantial cause in the Company's decision to adopt and implement the Corporate Governance Changes described in ¶ 2.1(a)-(g) below." Settlement Agreement ¶ 2.1, Dkt. 86 at 16. These changes are to be implemented within 30 days after the issuance of a final order. *Id.* They must be maintained for at least four years. *Id.*

a)      Buyback Committee

The Settlement Agreement provides that a "separate committee consisting solely of independent Board members[6] shall be created to conduct an independent review of any stock buyback plan, including the terms of such plan, and shall approve or reject any proposed stock buyback plan prior to consideration by the full Board and shall exercise continued oversight throughout the execution of any buyback." Settlement Agreement ¶ 2.1(a), Dkt. 86 at 16.

b)      Future Rights Plan

The Settlement Agreement provides that any "shareholder rights plan shall be approved by all of the independent directors of the Board." Settlement Agreement ¶ 2.1(b), Dkt. 86 at 16.

c)      Cash Allocation

The Settlement Agreement provides that the "Board shall conduct an annual review of the Company's methods of allocating and applying cash between domestic and international operations, taking into account tax issues, and operating needs and uncertainties." Settlement Agreement ¶ 2.1(c), Dkt. 86 at 17.

d)      Budgeting and Planning Practices

The Settlement Agreement provides that the "Audit Committee shall review internal budgeting and planning methods and require the CFO to adopt, at a minimum, the following practices: (1) [u]se non-financial factors as part of the planning and budgeting process[;] (2) [l]ink budgets to performance measurement[; and] (3) [i]dentify and list specific objectives, targets, drivers or assumptions in the strategic planning and budgeting process, [t]hese drivers will then be used throughout the budgeting cycle to determine required quantities, intended resource utilization and direct and indirect cost requirements." Settlement Agreement ¶ 2.1(d)(i), Dkt. 86 at 17. It also provides that the "Company will

---

[6]  The Settlement Agreement does not define the term "independent Board members." For purposes of this Order, it is interpreted to mean directors who are neither officers nor employees of JAKKS.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
|---|---|---|---|
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

undertake historical review of acquisitions to identify key characteristics of successful acquisitions (e.g., types of acquisitions; size of acquisitions; best product mix; integration into JAKKS' structure; how lessons from these will help future acquisitions)." *Id.* ¶ 2.1(d)(ii).

    e)    CEO Compensation

The Settlement Agreement provides that "JAKKS will continue to tie CEO compensation to the share price." Settlement Agreement ¶ 2.1(e)(i), Dkt. 86 at 17. It also provides that "JAKKS' compensation plan will be peer tested by an independent outside compensation consultant for reasonableness and competitiveness." *Id.* ¶ 2.1(e)(ii).

    f)    Related Party Transactions

The Settlement Agreement provides that "Related Party transactions unrelated to any existing contract or transaction shall be approved by an independent committee of the Board, which shall have the right to obtain counsel or a financial advisor at its own discretion. A 'Related Party' is a shareholder who owns 5% or more of the Company's outstanding shares." Settlement Agreement ¶ 2.1(f), Dkt. 86 at 18.

    g)    Takeover or Merger Proposals

The Settlement Agreement provides that, "[s]hould a fully funded, unconditional, premium offer emerge, the Board will establish an independent negotiating committee authorized to determine whether to negotiate and whether to ultimately accept or reject the offer, and shall retain a financial advisor to advise it in connection with the evaluation of the offer." Settlement Agreement ¶ 2.1(g), Dkt. 86 at 18.

    2.    Releases and Dismissals

    a)    Dismissals

After a judgment is entered in this action, Plaintiffs agree to dismiss with prejudice the action that is currently pending in the Los Angeles Superior Court. Settlement Agreement ¶ 3.1, Dkt. 86 at 19. Plaintiffs also agree to "seek to adjourn all deadlines and proceedings in the Derivative Actions[7] and not to initiate any and all other proceedings other than those incident to the Settlement itself." *Id.* ¶ 3.2.

---

[7] The term "Derivative Action" is defined as "the consolidated action captioned *Advanced Advisors, G.P. et al. v. Stephen Berman et al.*, 14-cv-01420-SS (SSx) (C.D. Cal.) and, unless otherwise specified, includes the Gusinsky Trust action." Settlement Agreement ¶ 1.7, Dkt. 86 at 12. The term "adjourn," is interpreted for purposes of this Order to mean "vacate."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
|---|---|---|---|
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

b)      Releases

(1)      Definitions

The term "Released Claims" includes any and all claims and "Unknown Claims":

> (1) that have been asserted in any of the Derivative Actions by any of the Plaintiffs, or any of their attorneys, against any of the Released Persons; or (2) that could have been, or in the future could be, asserted in any of the Derivative Actions against any of the Released Persons arising out of, based upon or related to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth or referred to in any of the complaints filed in the Derivative Actions.

Settlement Agreement ¶ 1.17, Dkt. 86 at 14. "Released Claims" also includes any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Derivative Actions against the Released Parties (including Unknown Claims)." *Id.* The term "Released Claims" does not include: "(1) claims alleged in the Class Action[8]; or (2) claims, rights or causes of action or liabilities related to the enforcement of this Stipulation and Settlement, including without limitation any of the terms of this Stipulation or orders or judgments issued by the courts in connection with the Settlement." *Id.*

The term "Released Persons" means "each and all of the Plaintiffs and Defendants (including JAKKS and the Individual Defendants[9], as defined herein) and their Related Persons."[10] *Id.* ¶ 1.18, Dkt. 86 at 14.

The term "Unknown Claims" means "any and all claims and potential claims against Defendants that Plaintiffs do not know or suspect to exist in his, her or its favor as of the Effective Date,[11] and any claims

---

8   The term "Class Action" is defined as "the putative federal class action entitled *Melot v. JAKKS Pacific, Inc. et al.*, Case No. 13-cv-05388 (C.D. Cal.)." Settlement Agreement ¶ 1.2, Dkt. 86 at 12.

9   The term "Individual Defendants" means "Stephen G. Berman, Michael G. Miller, Murray L. Skala, Robert E. Glick, Marvin Ellin, Dan Almagor, Leigh Anne Brodsky and Peter F. Reilly." *Id.* ¶ 1.11, Dkt. 86 at 13.

10  The term "Related Persons" means "each of an Individual Defendant's or JAKKS' past or present officers, directors, employees, agents, attorneys, accountants, advisors, insurers, co-insurers, reinsurers, heirs, executors, personal representatives, estates, administrators, predecessors, successors and assigns, and any other representatives of any of these persons or entities or their successors." *Id.* ¶ 1.16, Dkt. 86 at 13.

11  The term "Effective Date" means "the first date by which all of the conditions and events specified in ¶ 6.1 of the Stipulation have been met and have occurred." *Id.* ¶ 1.6, Dkt. 86 at 12. Paragraph 6.1 provides that the "Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events, unless one or more of the conditions is expressly waived in writing by counsel for each of the Settling Parties: (a) [e]ntry by the Court of the Notice Order in the form or substantially in the form attached hereto as Exhibit A; (b) [f]inal approval of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
|---|---|---|---|
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

against Plaintiffs that Defendants do not know or suspect to exist in their favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement." *Id.* ¶ 1.22, Dkt. 86 at 15. This includes a waiver of any rights under Cal. Civ. Code § 1542, which provides that a general release does not extend to unknown claims. *Id.* It also includes a waiver of any and all rights under any state or federal law that is similar to Cal. Civ. Code § 1542. *Id.* The release of unknown claims was "separately bargained for and was a key element of the Settlement." *Id.*

(2)     Release Provisions

The Settlement Agreement provides that upon "entry of the Final Order approving the Settlement, Plaintiffs, the Company and all shareholders on whose behalf the claims in the Derivative Actions were brought shall settle, release, compromise and dismiss fully and forever all Released Claims . . . that were brought in the Derivative Actions[.]" *Id.* ¶ 4.1, Dkt. 86 at 19. As stated, claims alleged in the Class Action are "not included in the Released Claims in the Settlement." *Id.* ¶ 4.3, Dkt. 86 at 20.

3.     Attorney's Fees

The Settlement Agreement provides that "Plaintiffs' Counsel may apply for an award of attorneys' fees and reimbursement of expenses in the Federal Derivative Action to compensate them for the benefits conferred upon the Company as a result of the Settlement, up to an amount not to exceed $2.5 million (the "Fee and Expense Award")." *Id.* ¶ 5.1, Dkt. 86 at 20-21. It also provides that:

> The Settling Parties have agreed that the Company and Individual Defendants will not oppose Plaintiffs' application for a Fee and Expense Award to Plaintiffs' Counsel up to, but not exceeding, $2.5 million to be sought in the Federal Derivative Action, and that: (1) Plaintiffs' Counsel will seek an award of attorneys' fees and expenses only in the Federal Derivative Action; (2) such application shall not exceed $2.5 million; and (3) Plaintiffs' Counsel will not separately seek an award of attorneys' fees and expenses in the State Derivative Action.

*Id.* ¶ 5.1, Dkt. 86 at 20-21. If attorney's fees are awarded, they will be paid by JAKKS' insurance carrier. *Id.* ¶ 5.2, Dkt. 86 at 21. If the request for attorney's fees is denied in its entirety, this will have "no impact on the consummation, implementation or Effective Date of the Settlement." *Id.* ¶ 5.6, Dkt. 86 at 22.

---

Settlement by the Court following notice to the Company's shareholders and the Final Approval hearing; *provided, however*, that any failure of the Court to approve a Fee and Expense Award request, in whole or in part, shall have no impact on the effectiveness or delay the Effective Date of the Settlement or Stipulation, as specified in ¶ 5.6; (c) [e]ntry by the Court of the Judgment in the form or substantially in the form attached hereto as Exhibit C; and (d) [t]he Judgment referred to in subparagraph (c) above shall have become the Final Order; and (e) [d]ismissal with prejudice of the State Derivative action." *Id.* ¶ 6.1, Dkt. 86 at 22 (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
|---|---|---|---|
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

4.    Notice to Shareholders

The Settlement Agreement provides that notice "substantially in the form of" the document called "Notice of Proposed Settlement and Final Approval Hearing" ("Proposed Notice") will be provided to shareholders of JAKKS. Settlement Agreement ¶ 2.2, Dkt. 86 at 18. The Notice will be published as a press release by JAKKS. *Id.* JAKKS will also file a Form-8K with the SEC disclosing the Notice, the press release and the Settlement Agreement. *Id.* The Notice will also be available in the website of one of Plaintiffs' counsel. *Id.* The Proposed Notice attaches a copy of the Settlement Agreement. *See* Proposed Notice, Dkt. 86, Ex. B at 41. It also describes the terms of the Settlement Agreement. *See id.* It is not clear from the Settlement Agreement when this Notice will be given. *See id.*

Shareholders who object to the Settlement Agreement are to submit their opposition with the Court no later than 14 days prior to the date of the final approval hearing. Proposed Notice, Dkt. 86, Ex. B at 47. These shareholders must also serve any opposition to the Settlement Agreement on counsel for the parties. *Id.* It states that, unless otherwise ordered by the Court, a shareholder may not appear at the hearing on final approval unless he or she has filed a timely objection. *Id.* at 48.

Plaintiffs filed a proposed notice that provides additional information to shareholders about the requested attorney's fees. *See* Dkt. 100. The Proposed Notice states:

> YOU ARE FURTHER NOTIFIED that the Court has preliminarily approved the terms of the Settlement of the Federal Derivative Action but has reached no decision, preliminarily or otherwise, on the request for an award of attorneys' fees and reimbursement of expenses (the "Fee and Expense Award"). If you are a current shareholder of JAKKS, you may review the Fee and Expense Award submission at least 28 days before the Final Approval Hearing at www.blockesq.com/JakksPacific, which will provide information concerning the fairness of the settlement and the request for attorneys' fees and reimbursement of expenses.

*Id.*, Ex. A at 6. Shareholders are also informed that Plaintiffs' counsel seek an attorney's fees award of up to $2.5 million. *Id.* at 16. Should a shareholder wish to object to the proposed award, he or she must do so at least 14 days before the Final Approval Hearing. *See id.*

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | Date | June 12, 2015 |
|---|---|---|---|
| Case No. | LA CV14-01420 JAK (SSx) <br> LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. <br> *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* <br> The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

## IV.   **Analysis**

  A.   Motion for Leave to Amend (Dkt. 80) and Motions to Consolidate (Dkt. 89; Gusinsky Dkt. 15, 18)

    1.   Legal Standard

Fed. R. Civ. P. 15(a)(2), provides that a request to amend a complaint should be evaluated under a lenient standard. Thus, in the absence of "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— [leave to amend] should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice to the non-moving party carries the greatest weight among the *Foman* factors in determining whether to allow leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

    2.   Application

Plaintiffs move for leave to amend the FAC, in part, to name Gusinsky as the Plaintiff. *See* Dkt. 80. In light of the Settlement Agreement, the remaining requests for amendment need not be addressed. There is no opposition to the request to consolidate the Gusinsky action with Plaintiffs' pending action. For all of these reasons, no prejudice to Defendants will result by allowing the amendment. Accordingly, the motion to amend the FAC is **GRANTED IN PART**. Gusinsky is substituted as the named Plaintiff in Case No. 2:14-cv-01420 and Case No. 2:14-cv-1670.[12] Advanced Advisors G.P. and LMPERS are removed as named plaintiffs.

Within 14 days after the issuance of this Order, Gusinsky is **ORDERED TO SHOW CAUSE** why Case No. 2:15-CV-02027 should not be dismissed in light of this Order. A ruling on the pending motions to consolidate (Dkt. 89; Gusinsky Dkt. 15, 18) the Gusinsky action with Case No. 2:14-CV-1420 is **DEFERRED** until the response to the order to show cause is filed.

///

---

[12]  Although Gusinsky is now the only named Plaintiff in Case No. 14-cv-01420, for clarity, the Court will continue to use the term "Plaintiffs" to refer to the Plaintiff in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

B.      Motion for Preliminary Approval of Settlement (Dkt. 87)

1.      Legal Standard

Fed. R. Civ. P. 23.1(c) provides that a "derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval." "Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." *Id.* Fed. R. Civ. P. 23(e)(2) provides that a proposed settlement may be approved "only after a hearing and on finding that it is fair, reasonable, and adequate." *See also In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 377 (9th Cir. 1995) (applying Fed. R. Civ. P. 23(e) to approval of derivative action settlement agreement). There is a "strong judicial policy that favors settlements." *Pac. Enters.*, 47 F.3d at 378 (internal quotation marks omitted).

Fed. R. Civ. P. 23(e) requires that a court engage in a two-step process when considering approval of a proposed settlement. First, it must make a preliminary determination whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *See Acosta v. Trans Union*, 243 F.R.D. 377, 386 (C.D. Cal. 2007). At this stage, "the settlement need only be potentially fair." *Id.* In determining whether preliminary approval is warranted, a court is to decide whether the proposed settlement has the potential to be deemed fair, reasonable and adequate in the final approval process. In the second step of the analysis, which occurs after preliminary approval, notice to interested parties, and the review of any resulting objections, a court determines whether final approval of the settlement should be granted.

A court is to consider and evaluate numerous factors as part of its assessment of a proposed settlement. The Ninth Circuit has identified the following non-exclusive factors that may be considered during both the preliminary and final approval processes:

1) the strength of the plaintiff's case;
2) the risk, expense, complexity and likely duration of further litigation;
3) the risk of maintaining class action status throughout the trial;
4) the amount offered in settlement;
5) the extent of discovery completed and the stage of the proceedings;
6) the experience and view of counsel;
7) the presence of a governmental participant; and
8) the reaction of the class members to the proposed settlement.

*See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).

Each of these factors does not necessarily apply to every settlement. Further, other factors may apply in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

certain cases. For example, courts often consider whether the settlement is the product of arm's length negotiations. *See Rodriguez v. West Publ'g Corp.,* 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution.").

2.    Application

The following factors are relevant to this case: (1) strength of the case; (2) risk, expense and complexity of the case; (3) extent of discovery and the stage of the proceedings; (4) experience and views of counsel; and (5) arm's length negotiations. Each is discussed.

a)    Strength of the Case

Plaintiffs argue that monetary damages "would have posed significant issues and would have been subject to further litigation." Dkt. 87 at 17. Thus, they argue that counsel for both sides are "aware of no case in which a *Unocal* claim has led to a damages award." *Id.* If the case proceeds to trial, Plaintiffs would not be able to seek the corporate governance changes obtained through settlement and would be limited to "monetary damages or equitable relief." *Id.* Thus, Plaintiffs argue that settlement should be favored because the possible relief afforded to shareholders through continued litigation is not as valuable as that achieved through settlement. *See id.* Given the corporate governance changes settlement achieves and the limited relief available through continued litigation, this factor favors settlement.

b)    Risk, Expense & Complexity

Plaintiffs' counsel argue that the Settlement Agreement achieves "significant gains." Dkt. 87 at 16. Thus, "special committees of independent directors are one of the most powerful procedural mechanisms available to protect the interests of public shareholders." *Id.* They argue that this relief will "create a corporate environment where the events complained of are significantly less likely to occur." *Id.* Proceeding with litigation would jeopardize these gains. *See* Dkt. 87 at 16. As to this point, Plaintiffs argue that "derivative lawsuits are notoriously difficult and unpredictable . . . and are rarely successful." *Id.* Defendants have continued to argue that "at all times, they exercised sound business judgment and acted in good faith, in reliance on the advice of well-qualified financial advisors in a manner they believed to be in the best interest of JAKKS and its shareholders." *Id.* at 17.

These arguments are persuasive. In light of the benefits provided by the Settlement Agreement and the risks and expenses imposed by continued the litigation, this factor favors settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-01420 JAK (SSx) <br> LA CV15-02027 JAK (SSx) | Date | June 12, 2015 |
|---|---|---|---|
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. <br> *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* <br> The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

c)      Extent of Discovery and the Stage of the Proceedings

The initial complaint in this action was on February 25, 2014. Since then, the parties have engaged in some discovery and have litigated a motion to dismiss. *See* Dkt. 57. Plaintiffs' counsel argue that the discovery obtained "provided . . . sufficient information to understand the contours of the case and the challenges posed by continuing the litigation." *See* Dkt. 87 at 15. During the mediation, the parties exchanged "two rounds of mediation briefs, clarified the parameters of the Parties' dispute and cast the strengths and weaknesses of Plaintiffs' case into sharp relief." *Id.* at 15-16. In light of the foregoing, this factor favors settlement.

d)      Experience and View of Counsel

Both parties were represented by experienced counsel. Plaintiffs' counsel believe that settlement is "in the best interest of JAKKS and its shareholders." Settlement Agreement, Dkt. 86 at 10. This factor favors settlement.

e)      Arm's Length Negotiations

The Settlement Agreement was the product of good faith, arm's length negotiations. They were facilitated by Judge Phillips, who is a very experienced neutral. *See* Settlement Agreement, Dkt. 86 at 8. This factor offers strong support for the requested approval.

f)      Notice

The Proposed Notice adequately informs shareholders of the terms of the Settlement Agreement, but does not provide sufficient time for objections to be made. The Settlement Agreement provides that any objections must be made within 14 days of receipt of the information regarding attorney's fees. Thus, Plaintiffs propose providing shareholders information about the attorney's fees "at least 28 days before the Final Approval Hearing." Dkt. 100 at 6. Accordingly, shareholders would have only 14 days to decide whether they wish to object. Given the complexity of the issues as well as the potential need for shareholders to confer with advisors or others, more time is needed. Further, the Proposed Notice must be amended to include the details as to the proposed award of attorney's fees, including the amount, the basis and the payer. Finally, the Proposed Notice must be amended so that it is clear class members have 30 days from the service of the notice to submit any objections. Therefore, preliminary approval is subject to a modification of the Settlement Agreement that includes these changes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
|---|---|---|---|
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

C.    Attorney's Fees

1.    Legal Standard

Attorney's fees may be awarded in successful shareholder derivative suits that confer a substantial benefit on the corporation. *See Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 396-97 (1970); *Cziraki v. Thunder Cats, Inc.*, 111 Cal. App. 4th 552, 557 (2002). The substantial benefit theory shares the cost of litigation among a distinct class of beneficiaries to prevent their unjust enrichment at the expense of a successful litigant. *See Mills*, 396 U.S. at 396. As explained in *Cziraki*:

> In a derivative action, the corporation represents the class of beneficiary shareholders. When the corporation pays attorney fees to the successful plaintiff, all shareholders indirectly share the cost of the beneficial litigation with the shareholder who brought the action. In contrast, when a shareholder brings a derivative suit for the true purpose of advancing his or her "personal adverse interests," neither equitable doctrine allows an award of attorney fees.

111 Cal. App. 4th at 558.

Both "federal and California law permit a fee recovery when a substantial benefit arises from a settlement rather than a judgment." *Lewis v. Anderson*, 692 F.2d 1267, 1270 (9th Cir. 1982). The benefit provided to absent shareholders need not be "pecuniary in nature in order to be deemed substantial." *Reiser v. Del Monte Props. Co.*, 605 F.2d 1135, 1138 (9th Cir. 1979); *see also Robbins v. Alibrandi*, 127 Cal. App. 4th 438, 448 (2005). However, it must be "actual and concrete and not conceptual or doctrinal." *Robbins*, 127 Cal. App. 4th at 448. Further, it has to be "something more than technical in its consequence and one that accomplishes a result which corrects or prevents an abuse which would be prejudicial to the rights and interests of the corporation or affects the enjoyment or protection of an essential right to the stockholder's interest." *Id.* (quoting *Mills*, 396 U.S. at 396). The "benefit of avoiding further litigation is not a benefit supporting an award of fees under the 'substantial benefit doctrine.'" *Id.* at 451.

The evaluation of a fee request "begins with a lodestar figure based on the careful compilation of the time spent and reasonable hourly compensation of each attorney involved in the presentation of the case." *Robbins*, 127 Cal. App. 4th at 448. The lodestar figure may be enhanced or reduced to account for factors "such as the novelty and complexity of the issues, the skill and expertise of counsel, the extent that the litigation precluded other employment and the contingent nature (or risk) of nonrecovery." *Id.* The question presented by a fee request is whether it is "fair and reasonable." *Id.* at 449.

If the fee is negotiated, it must not be the "product of fraud" or "collusion" between the parties who agreed to it. *Robbins*, 127 Cal. App. 4th at 449. Further, a court "must be cognizant that derivative suit counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
|---|---|---|---|
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

might urge an undesirable settlement as a means of avoiding the risk of recovering no fees, or fees substantially less than those counsel might recover as part of, or because of, the settlement." *Id.*

The "most important factor" is "whether the fees bear a reasonable relationship to the value of the attorney's work." *Id.* at 451. Attorneys are "not entitled to compensation for work they have not done, or for fees lost because an early settlement reduced the number of billable hours." *Id.* Although a negotiated fee "need not be perfectly consistent with the fees the court would award under the 'substantial benefit doctrine,' it must be in the same range." *Id.* "A negotiated fee that clearly is out of that range is not a fair and reasonable settlement of the attorneys' claim for fees." *Id.* Thus, a negotiated fee must "closely approximate[] the value of the attorneys' work." *Id.* at 452.

>   2.   Application

The following analysis is based on the limited information that has been presented in connection with the motion for preliminary approval of the Settlement Agreement. Its conclusions are subject to modification both in connection with the present motion, should supplemental information be provided, and in connection with a later motion for final approval that is based on additional evidence.

>   a)   Whether the Settlement Confers a Substantial Benefit on the Class

Plaintiffs' counsel argue that the special committees of independent directors are "one of the most powerful procedural mechanisms available to protect the interests of public shareholders." Motion, Dkt. 87 at 16. They contend that the changes to the governance processes of JAKKS that will result from the settlement agreement will "create a corporate environment where the events complained of are significantly less likely to occur." *Id.* They also argue that these governance changes are more valuable than any equitable relief or damages that could have been awarded had they succeeded on the *Unocal* claims. *Id.* at 17.

Plaintiffs sought relief on behalf of all JAKKS shareholders. The requested relief, as well as that attained through the settlement process, was not for a benefit that would be directed to any individual shareholders. Instead, all will benefit. The changes concern decision-making processes that were otherwise more susceptible to abuse by management to maintain its control. This would include its use of a range of defensive measures in response to non-party actions seeking control of JAKKS or some of its decision-making. Accordingly, under *Mills*, reasonable attorney's fees may be sought and awarded.

>   b)   The Amount of Attorney's Fees

The Settlement Agreement provides that Plaintiffs' counsel may seek an award of $2.5 million in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-01420 JAK (SSx)<br>LA CV15-02027 JAK (SSx) | Date | June 12, 2015 |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al.<br>*(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)*<br>The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

attorney's fees, and that Defendants will not oppose the request. *See* Settlement Agreement ¶ 5.1, Dkt. 86 at 20-21. At this stage of the proceedings, Plaintiffs' counsel acknowledge that applying their proposed hourly rates to the time spent on the litigation generates a total fee amount of $927,211. *Id.* Plaintiffs' counsel have presented no detailed information to support this fee request. No declaration by any attorney has been presented in which evidence has been offered about the nature of the work performed, the appropriateness of the hours worked, the unique nature of issues presented or the need for multiple attorneys to work on the same projects. Plaintiffs' counsel also request the preliminary approval of the application of a multiplier of 2.5 as to time worked and fees incurred in light of the unique and substantial benefits conferred on JAKKS. These issues are discussed below in more detail.

        c)    The Experience of the Attorneys

A summary of the professional experience and proposed hourly rate for each of the attorneys and legal assistants who have billed time on these matters is summarized in the following table:

| Name and Firm | Experience | Rate/Hr |
|---|---|---|
| Jeffrey Block (Block & Leviton) | Co-founding partner of Block & Leviton. Dkt. 98, App'x B at 14. Graduated *cum laude* from Brooklyn Law School in 1986. *Id.* Worked on many class actions. *Id.* | $795 |
| Jason Leviton (Block & Leviton) | Co-founding partner of Block & Leviton. Dkt. 98, App'x B at 16. Does not state year of law school graduation. *See id.* Has worked on many class actions. | $650 |
| Joel Fleming (Block & Leviton) | Associate at Block & Leviton. Graduated *cum laude* from Harvard Law School. Dkt. 98, App'x B at 23. Does not state the year of graduation. | $425 |
| Julie Ledwig (Block & Leviton) | Paralegal at Block & Leviton. No information provided about background or qualifications. *See* Dkt. 98. | $225 |
| Stephanie Walker (Block & Leviton) | Paralegal at Block & Leviton. No information provided about background or qualifications. *See* Dkt. 98. | $175 |
| Laurence Paskowitz (Paskowitz Law Firm P.C.) | "Senior Attorney." Graduated from Hofstra Law School (1983). Dkt. 98, App'x C at 27. Has worked on several many derivative actions. *Id.* | $725 |
| Roy Jacobs (Roy Jacobs & Associates) | Principal of Roy Jacobs & Associates. Dkt. 98, App'x D at 32. Graduated from Brooklyn Law School (1975) (*cum laude*). *Id.* Has prior experience with shareholder derivative actions. *Id.* | $675 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | LA CV14-01420 JAK (SSx) | | Date | June 12, 2015 |
| | LA CV15-02027 JAK (SSx) | | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | | |

| Name and Firm | Experience | Rate/Hr |
|---|---|---|
| **David Lake (Law Offices of David N. Lake)** | No information provided about background or qualifications. *See* Dkt. 98. | $625 |

    d)      Review Factors

With respect to each task for which fees are requested, the following factors were considered on a preliminary basis by considering the limited information that has been provided: (i) the description of the work performed by each attorney; (ii) the quality and nature of the work performed during the course of the litigation in the form of filings with the Court by Plaintiffs' counsel; (iii) the Court's assessment of the proposed hourly rates based on its broad experience with hourly rates charged in this District; (iv) the novelty and complexity of the issues presented; (v) the expertise and prior experience of counsel; (vi) the extent to which the litigation precluded other employment; (vii) that the work was performed on a contingency basis; and (viii) any unique benefits conferred on JAKKS and its shareholders that justify the application the 2.5 multiplier to the product of hourly rates and hours worked.

    e)      Hourly Rates

Using the aforementioned standards, based on a preliminary review of the information provided to date by counsel as well as the Court's familiarity with some of the work performed and hourly rates that are charged by a range of counsel who practice in this District, the following hourly rates are deemed reasonable:

| *Reasonable Hourly Rates Based on Preliminary Review* | |
|---|---|
| **Attorney/Paralegal** | **Rate ($/hour)** |
| Block (Partner) | $700 |
| Fleming (Associate) | $400 |
| Jacobs (Partner) | $600 |
| Lake (Partner) | $575 |
| Ledwig (Paralegal) | $175 |
| Leviton (Partner) | $575 |
| Paskowitz (Partner) | $675 |
| Walker (Paralegal) | $175 |

Plaintiffs' counsel may submit additional evidence to support the higher rates that are sought.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

f)      Hours and Fees Associated with Filing the Complaint

Five complaints were filed in this action. Compl., Dkt. 1; *La. Police Ret. Sys. v. Berman*, No. 2:14-cv-1670-JAK-SS (C.D. Cal. Mar. 6, 2014) (Compl., Dkt. 1); FAC, Dkt. 20; Proposed Second Amended Complaint, Dkt. 80-1, Ex. A; Gusinsky, Dkt. 1. Plaintiffs' counsel state that the lodestar amount associated with drafting, reviewing and finalizing the five complaints is $174,230.75. *See* Dkt. 98, App'x A. This request is summarized in the following table:

| *Drafting, Reviewing and Filing the Complaints* | | | |
|---|---|---|---|
| **Attorney/Paralegal** | **Rate ($/hour)** | **Hours** | **Requested Fee** |
| Block (Partner) | $795 | 37.6 | $29,892.00 |
| Fleming (Associate) | $425 | 2.9 | $1,232.50 |
| Jacobs (Partner) | $675 | 79.2 | $53,460.00 |
| Lake (Partner) | $625 | 17.2 | $10,750.00 |
| Paskowitz (Partner) | $725 | 108.05 | $78,336.25 |
| Walker (Paralegal) | $175 | 3.2 | $ 560.00 |
| **Total Hours:** | | **248.15** | |
| **Lodestar Amount:** | | | **$174,230.75** |

If the hourly rates presently adopted by the Court are applied, this amount is reduced from $174,230.75 to $158,383.80. Further, an appropriate preliminary analysis of the hours worked requires additional information. First, no information is presented as to the decision that four partners from three different law firms would devote time to the drafting of the various complaints, and why this was efficient and cost effective. Second, only one of the four claims asserted in the operative complaint in this action (the FAC) survived Defendants' motion to dismiss. No explanation has been offered as to why it is appropriate to include time devoted to the drafting of the complaints as to claims that did not succeed. Finally, little explanation is presented as to the reasonableness of expending 248.15 hours on drafting these complaints. Assuming a 40-hour work week, this would be the equivalent of about six weeks of time by one person. If a 50-hour work week were assumed, it would be the equivalent of about five weeks. If substantial fact-gathering and legal analyses were undertaken, further information must be provided. In any supplemental submission, counsel shall also balance the need for the time spent with the claims of expertise in this area of practice, including the ability to use, as models, complaints drafted in prior cases.

g)      Fees Associated with Discovery and Related Conferences

Plaintiffs' counsel claim that the lodestar amount associated with discovery and Fed. R. Civ. P. 16 and Fed. R. Civ. P. 26 conferences is $189,962.00. *See* Dkt. 98, App'x A. This amount includes 13.5 hours associated with "discovery motions." *See id.* Based on a review of the docket, it is unclear to what

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-01420 JAK (SSx) <br> LA CV15-02027 JAK (SSx) | Date | June 12, 2015 |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. <br> *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* <br> The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

motions this refers.[13] This request is detailed in the following table:

| Discovery and "Rule 16/26 Conference Activities" | | | |
|---|---|---|---|
| **Attorney** | **Rate ($/hour)** | **Hours** | **Requested Fee** |
| Block (Partner) | $795 | 72.6 | $57,717.00 |
| Fleming (Associate) | $425 | 36.7 | $15,597.50 |
| Jacobs (Partner) | $675 | 26.8 | $18,090.00 |
| Lake (Partner) | $625 | 1.9 | $1,187.50 |
| Ledwig (Paralegal) | $225 | 1.3 | $ 292.50 |
| Paskowitz (Partner) | $725 | 133.9 | $97,077.50 |
| **Total Hours:** | | **273.2** | |
| **Lodestar Amount:** | | | **$189,962.00** |

If the hourly rates presently adopted by the Court are applied, this amount is reduced from $189,962.00 to $173,282.50. Further, an appropriate preliminary analysis of the hours worked requires additional information. First, the parties entered the Settlement Agreement after approximately one year of litigation. At the time of settlement, the sufficiency of the complaints remained at issue. The non-expert discovery deadline was September 18, 2015, which was approximately six months later. *See* Dkt. 49. Therefore, further details are needed to show that the time spent on discovery was reasonable and necessary. Second, further information is required to show that it was appropriate and reasonable for approximately 86% of the time to have been spent by Partners whose hourly rates are substantially higher than that of the single associate assigned to the matter.

> h)      Fees Associated with Experts and Damages Analysis

Plaintiffs' counsel claim that the lodestar amount in fees related to experts and damages analysis is $37,573.50. *See* Dkt. 98, App'x A. The request is summarized in the following table:

| Experts and Damages Analysis | | | |
|---|---|---|---|
| **Attorney** | **Rate ($/hour)** | **Hours** | **Requested Fee** |
| Block (Partner) | $795 | 12.3 | $9,778.50 |
| Fleming (Associate) | $425 | 1.4 | $ 595.00 |

---

[13] The docket does not reflect a discovery motion filed by Plaintiff. On December 24, 2014, Defendants filed a motion to stay discovery pending a decision on the then pending motion for judgment on the pleadings. Dkt. 77. Plaintiffs did not respond to that motion and a notice of settlement was filed on March 23, 2015. *See* Dkt. 86, 87. If time was spent in informal communications as to discovery or other pre-trial matters, additional information should be submitted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

| *Experts and Damages Analysis* | | | |
|---|---|---|---|
| **Attorney** | **Rate ($/hour)** | **Hours** | **Requested Fee** |
| Jacobs (Partner) | $675 | 1.2 | $ 810.00 |
| Paskowitz (Partner) | $725 | 36.4 | $26,390.00 |
| | **Total Hours:** | **51.3** | |
| | **Lodestar Amount:** | | **$37,573.50** |

If the hourly rates presently adopted by the Court are applied, this amount is reduced from $37,573.50 to $34,460. Further, an appropriate preliminary analysis of the hours worked requires additional information. First, Plaintiffs' counsel concede that "[m]onetary recoveries in *Unocal* cases are rare" and that they "are aware of no case in which a *Unocal* claim has led to a damages award." Dkt. 87 at 17. Therefore, additional information is required to explain the reasonableness of the time spent on this issue. Second, an explanation of the decision to have 97% of the work performed by partners should be provided.

> i)     Fees Associated with Mediation and Settlement-Related Activities

Plaintiffs' counsel request $259,054 lodestar fees for mediation and settlement-related activities. *See* Dkt. 98, App'x A. The request is summarized in the following table:

| *Mediation and Settlement-Related Activities* | | | |
|---|---|---|---|
| **Attorney** | **Rate ($/hour)** | **Hours** | **Requested Fee** |
| Block (Partner) | $795 | 117.2 | $93,174.00 |
| Fleming (Associate) | $425 | 76.9 | $32,682.50 |
| Jacobs (Partner) | $675 | 27.8 | $18,765.00 |
| Lake (Partner) | $625 | 14.5 | $9,062.50 |
| Ledwig (Paralegal) | $225 | 14.7 | $3,307.50 |
| Leviton (Partner) | $650 | 79.5 | $51,675.00 |
| Paskowitz (Partner) | $725 | 69.5 | $50,387.50 |
| | **Total Hours:** | **400.1** | |
| | **Lodestar Amount:** | | **$259,054.00** |

If the hourly rates presently adopted by the Court are applied, this amount is reduced from $259,054.00 to $233,015.00. Further, an appropriate preliminary analysis of the hours worked requires additional information. Additional evidence is needed as to the reasonableness of the expenditure of approximately 400 hours by six attorneys.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
|---|---|---|---|
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

        j)       Fees Associated with Opposing the Motion for Judgment on the Pleadings

Plaintiffs' counsel request $48,686.50 in lodestar fees for the opposition to Defendants' motion for judgment on the pleadings. *See* Dkt. 98, App'x A. Plaintiffs' opposition to Defendants' motion for judgment on the pleadings consisted of a two-page opposition (Dkt. 79) and a 10-page motion for leave to amend (Dkt. 80). Both oppositions could have been up to 25 pages. There was no hearing associated with this motion. The requested fees are detailed in the following table:

| Opposition to Motion for Judgment on the Pleadings | | | |
|---|---|---|---|
| **Attorney** | **Rate ($/hour)** | **Hours** | **Requested Fee** |
| Block (Partner) | $795 | 25.7 | $20,431.50 |
| Fleming (Associate) | $425 | 23.6 | $10,030.00 |
| Lake (Partner) | $625 | 2.2 | $1,375.00 |
| Ledwig (Paralegal) | $225 | 1.1 | $ 247.50 |
| Paskowitz (Partner) | $725 | 22.9 | $16,602.50 |
| | **Total Hours:** | **75.5** | |
| | **Lodestar Amount:** | | **$48,686.50** |

If the hourly rates presently adopted by the Court are applied, this amount is reduced from $48,686.50 to $44,435.00. Further, an appropriate preliminary analysis of the hours worked requires additional information. Additional evidence is needed as to the reasonableness of the expenditure of approximately 75 hours by four attorneys as well as the allocation of work between partners and the sole associate.

        k)       Fees Associated with Opposing the Motion to Dismiss the FAC

Plaintiffs' counsel request $196,141.75 in lodestar fees for the opposition to Defendants' motion to dismiss the FAC. *See* Dkt. 98, App'x A; *see also* Opposition, Dkt. 42. Only Plaintiffs' *Unocal* claims survived the motion to dismiss. *See* Dkt. 57. Thus, only one of the advanced four causes of action survived the motion to dismiss. *See id.*

| Opposition to Motion to Dismiss | | | |
|---|---|---|---|
| **Attorney** | **Rate ($/hour)** | **Hours** | **Requested Fee** |
| Block (Partner) | $795 | 78.9 | $62,725.50 |
| Fleming (Associate) | $425 | 35.3 | $15,002.50 |
| Jacobs (Partner) | $675 | 33.8 | $22,815.00 |
| Lake (Partner) | $625 | 2.7 | $1,687.50 |
| Ledwig (Paralegal) | $225 | 1 | $ 225.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

| *Opposition to Motion to Dismiss* | | | |
|---|---|---|---|
| **Attorney** | **Rate ($/hour)** | **Hours** | **Requested Fee** |
| Paskowitz (Partner) | $725 | 128.45 | $93,126.25 |
| Walker (Paralegal) | $175 | 3.2 | $ 560.00 |
| | **Total Hours:** | 283.35 | |
| | **Lodestar Amount:** | | **$196,141.75** |

If the hourly rates presently adopted by the Court are applied, this amount is reduced from $196,141.75 to $178,621.30. Further, an appropriate preliminary analysis of the hours worked requires additional information. First, an explanation as to the appropriateness of applying 283.35 hours when only one of the asserted claims survived the motion is necessary. Second, the reasonableness of having time spent by five attorneys must be addressed. Third, the reasonableness of the allocation of the work between the partners and the associate whose hourly rate was substantially lower must be addressed.

l)      Fees Associated with Factual Updates, Review and Analysis

Plaintiffs' counsel request $3,913 in lodestar fees for factual updates, review and analysis. *See* Dkt. 98, App'x A. These fees were generated by Paskowitz (4 hours) and Jacobs (1.5 hours). *Id.* If the hourly rates presently adopted by the Court are applied, this amount is reduced from $3,913 to $3,700. Further, an appropriate preliminary analysis of the hours worked requires additional information. Additionally, the nature of the work performed needs to be described in greater detail so that its reasonableness can be assessed.

m)      Fees Associated with Travel

Counsel request $17,895 in lodestar fees for travel. *See* Dkt. 98, App'x A. These fees were generated by Block (8 hours), Leviton (6.5 hours) and Fleming (17.2 hours). *Id.* If the hourly rates presently adopted by the Court are applied, this amount is reduced from $17,895 to $16,217.50. Further, an appropriate preliminary analysis of the hours worked requires additional information. No evidence has been submitted as to whether it is appropriate or customary to charge for travel time in general. Nor has evidence been provided as to whether the travel time was during regular work hours. Finally, no evidence has been presented as to whether work was performed during the travel time.

n)      Enhancement

As noted earlier, Plaintiff's counsel seek preliminary approval of the application of a multiplier of approximately 2.5 as to the lodestar figure. When that amount ($927,211) is multiplied by 2.5, the total is $2.318 Million. Plaintiff's counsel argue that such an enhancement is appropriate in light of the unique

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-01420 JAK (SSx) | Date | June 12, 2015 |
|---|---|---|---|
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

and substantial benefits conferred on JAKKS. In support of the request for this multiplier, Plaintiffs' counsel argue that lodestar fees have been enhanced in similar cases and that the fees here will be paid by the insurer of JAKKS. Thus, the amount paid will not be provided directly by JAKKS or its shareholders.

No evidence has been offered to support the claim that a multiplier is appropriate. There is no information provided to support the claim that the results achieved here have been unique or that the efforts of counsel have been such that a multiplier is warranted. At this time, no statement has been provided by Judge Phillips on this issue, although this possibility was mentioned by counsel at the hearing. Given that a large award to counsel could raise issues as to whether the overall terms of settlement are fair and beneficial to shareholders, evidence as to the basis for the enhancement is required. It is necessary for a determination of preliminary approval. Otherwise, shareholders who are considering whether to object could conclude that the Court has made a substantive analysis in determining that all aspects of the Settlement Agreement, including the potential for an enhancement of the lodestar calculation of attorney's fees, warrant such approval. Accordingly, there is presently no basis to grant preliminary approval to the request for an enhancement of the lodestar fee amount, once it is calculated. Plaintiff's counsel must submit additional information on this issue.

## V.    Conclusion

For the reasons stated in this Order:

1. The motion for leave to amend is **GRANTED IN PART**. Gusinsky is substituted as the named plaintiff in LA CV14-01420-JAK-SSx and LA CV14-01670-JAK-SSx.
2. The motions to consolidate are **DEFERRED**.
3. Plaintiffs are ordered to show cause, in writing, why the Gusinsky action should not be dismissed no later than 14 days after the issuance of this Order.
4. The motion for preliminary approval is **GRANTED IN PART**. The Proposed Notice must be amended to provide that JAKKS' shareholders shall have at least 30 days from receipt of the Proposed Notice to make any objections. The final approval hearing shall be scheduled such that any objections will be received by the Court no later than 14 days before the final approval hearing. Other than the issue of attorney's fees, the motion is **GRANTED.**

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | Date | June 12, 2015 |
|---|---|---|---|
| Case No. | LA CV14-01420 JAK (SSx) | | |
| | LA CV15-02027 JAK (SSx) | | |
| Title | Advanced Advisors G. P. v. Stephen Berman, et al. | | |
| | *(Consolidated Case LA CV14-01670 JAK (SSx): Louisiana Municipal Police Employees Retirement System v. Stephen Berman, et al.)* | | |
| | The Vladimir Gusinsky Living Trust v. Stephen Berman, et al. | | |

5.   The request for preliminary approval of attorney's fees is **DENIED**, without prejudice to a renewed request for approval of attorney's fees based on a supplemental filing that includes evidence to address the issues raised in this Order. Upon receiving such a filing, the Court will determine whether a further hearing is necessary.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    ak